Peter Strojnik (Sr.),
7847 N. Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

**FILED #5**

**JUL 10 2019**

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

**CV-19 - 3983**

**DMR**

Peter Strojnik (Sr.),

Plaintiff,

vs.

IA Lodging Napa First LLC., dba Andaz Napa

Defendant.

**COMPLAINT**

1. **Americans with Disabilities Act**
2. **Discrimination in Public Accommodations (State Law)**
3. **Negligence**

**JURY TRIAL REQUESTED**

1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2)  California Unruh Civil Rights Act, California Civil Code § 51, 52 ("Unruh") (3) the California Disabled Persons Act ("DPA") and (4) common law of negligence per se.

**PARTIES**

2. Plaintiff Peter Strojnik is a veteran and a disabled person as defined by the ADA and DPA.

3. Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is and, at all times relevant hereto has been, legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, degenerative right knee and is therefore a member of a protected class under the ADA and Unruh.

4. Plaintiff suffers from physical impairments described above which impairments substantially limit his major life activities. Plaintiff walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation. Plaintiff's impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony.

5. Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at 1450 First Street, Napa, CA 84559which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and Unruh.

## JURISDICTION

6. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

7. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28 CFR §36.501.

8. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. The ADAAG violations in this Verified Complaint relate to barriers to Plaintiffs mobility. This impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.

11. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA or State Law compliant as such compliance relates to Plaintiff's disability.

12. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**COUNT ONE**
**Violation of Plaintiff's Civil Rights under the ADA**

13. Plaintiff realleges all allegations heretofore set forth.

14. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted.

15. Plaintiff intended to visit California Wine Country and therefore, reviewed hotel booking websites as documented in Addendum A which is by this reference incorporated herein for all purposes.

16. Plaintiff became aware that third party booking websites disclosed general availability and description of Defendant's Hotel. Third Party booking websites referenced here are more fully documented in Addendum A which is by this reference incorporated herein.

17. Third party booking websites failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented in Addendum A.

18. Third party booking websites also failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

19. Thereafter, Plaintiff became aware that Defendant's 1st party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented. *See* Addendum A.

20. Plaintiff also became aware that Defendant's 1st party booking website failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

3

21. Plaintiff thereafter reviewed Defendant's online information relating to accessibility or lack thereof, including in particular photographs of the amenities at the Hotel all as more fully documented in Addendum A.

22. Online information relating to accessibility or lack thereof disclosed architectural barriers to accessibility as more fully documented in Addendum A.

23. Defendant has violated the ADA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above and as outlined in Addendum A.

24. The ADA violations described in Addendum A relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel.

25. Plaintiff declined to book a room at Defendant's Hotel but booked a room elsewhere.

26. The removal of accessibility barriers listed above is readily achievable.

27. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E. Equitable nominal damages; and

    F. For costs, expenses and attorney's fees; and

    G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

**COUNT TWO**

**(Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)**

28. Plaintiff realleges all allegations heretofore set forth.

29. Plaintiff intended to visit California Wine Country area and spend a night there.

30. Plaintiff became aware that 3rd party booking websites disclosed general availability and description of Defendant's Hotel. 3rd Party booking website referenced here is more fully discussed in Addendum A which is by this reference incorporated herein.

31. 3rd party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully disclosed in Addendum A.

32. Third party booking websites also failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. Addendum A.

33. Thereafter, Plaintiff became aware that Defendant's 1st party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully disclosed in Addendum A.

34. Plaintiff also became aware that Defendant's 1st party booking website failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. Addendum A.

35. Plaintiff subsequently declined to book a room at the Hotel.

36. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

37. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

38. Plaintiff has been damaged by the Defendant's non-compliance with Unruh and is thereby aggrieved.

39. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $4,000.00 per encounter with each barrier to accessibility.

40. Pursuant to Unruh, Plaintiff is entitled to costs and expenses in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its accommodation into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the Hotel facilities are fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the Unruh; and

e. For damages in an amount no less than $4,000.00 per encounter with barrier; and

f. For treble damages pursuant to Cal Civ. Code. §3345.

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

## COUNT THREE
### (Violation of the California Disabled Persons Act, Cal. Civ. Code §§54-54.3)

41. Plaintiff realleges all allegations heretofore set forth.

42. Defendant has violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

43. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

44. Plaintiff has been aggrieved by the Defendant's non-compliance with the DPA.

45. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

46. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its facilities into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, disabled individuals as required by law, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d.  Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the DPA; and

e.  For damages in an amount no less than $1,000.00 per violation per encounter; and

f.  For treble damages pursuant to Cal Civ. Code. §3345.

g.  The provision of whatever other relief the Court deems just, equitable and appropriate.

**COUNT FOUR**
Negligence

47. Plaintiff realleges all allegations heretofore set forth.

48. Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

49. Defendant breached this duty.

50. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem[1].

51. Defendant knowingly and intentionally participated in this historical discrimination against Plaintiff, causing Plaintiff damage.

52. Discrimination against individuals with disabilities persists in the use and enjoyment of critical public accommodations[2].

53. Defendant's knowing and intentional persistence in discrimination against Plaintiff is alleged, causing Plaintiff damage.

54. Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria,

---

[1] 42 U.S.C. § 12101(a)(2)
[2] 42 U.S.C. §12101(a)(3)

segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[3].

55. Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.

56. Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[4].

57. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

58. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[5].

59. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.

60. Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity[6].

61. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

62. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

63. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

---

[3] 42 U.S.C. §12101(a)(5)
[4] 42 U.S.C. §12101(a)(6)
[5] 42 U.S.C. §12101(a)(7)
[6] 42 U.S.C. §12101(a)(8)

64. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and cause him damage by virtue of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial

65. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

66. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A.  For finding of negligence; and

    B.  For damages in an amount to be proven at trial; and

    C.  For punitive damages to be proven at trial; and

    D.  For such other and further relief as the Court may deem just and proper.

**REQUEST FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 8th day of July, 2019.

**PETER STROJNIK**

Plaintiff

1

## ADDENDUM A

2

| 3RD PARTY BOOKING WEBSITE – GENERAL ACCESSIBILITY INFORMATION |
|---|
| www.hotels.com |

### INSUFFICIENT ACCESSIBILITY INFORMATION

**Main amenities**

- ✓ 141 smoke-free guestrooms
- ✓ Restaurant and 2 bars/lounges
- ✓ Breakfast available
- ✓ Fitness center
- ✓ Valet parking
- ✓ 24-hour business center
- ✓ Free WiFi

**About Andaz Napa - a concept by Hyatt, Napa**

**Location.**
Located in downtown Napa, this elegant boutique hotel is within 6 blocks of tasting rooms, renowned restaurants, and the Oxbow Public Market. World-class wineries are within 10 miles.

**Hotel Features.**
An outdoor terrace is outfitted with a fire pit, porch swings, and lounge chairs. The hotel's expert concierge desk staff can assist with winery tours, local tastemaker tips, and restaurant reservations. The hotel offers 1,900 square feet of meeting space, 3 conference rooms, and a computer station. Complimentary wireless Internet access is available throughout the hotel. Self parking is available.

**Guestrooms.**
Smoke-free guestrooms feature Italian-cotton matelasse coverlets, 42-inch flat-panel TVs, MP3 docking stations, and marble bathrooms with waterfall showers. Minibars are stocked with gourmet goodies from Dean & DeLuca. Cuisinart coffeemakers brew organic coffees and come with travel mugs.

**Key facts**

**Hotel size**

- This hotel has 141 rooms
- This hotel is arranged over 5 floors

**Arriving/leaving**

💬 95% of customers were happy with check-in

- Check-in time starts at 4 PM
- Check-out time is noon
- Express check-out

**Required at check-in**

- Credit card or cash deposit required
- Government-issued photo ID required

| In the hotel | |
|---|---|
| Food and drink | Full breakfast daily (surcharge)  |  2 bars/lounges  |  Restaurant  |  Coffee shop/café  |  24-hour room service |
| Things to do | Bicycle rentals on site  |  Personal motorized watercraft on site  |  Ecotours nearby  |  Golf lessons available nearby  |  Golfing nearby  |  Hiking/biking trails nearby  |  Kayaking nearby  |  Mountain biking nearby  |  Parasailing nearby  |  Rafting nearby  |  Sailing nearby  |  Scooter/moped rentals nearby  |  Skydiving nearby |
| Working away | 24-hour business center  |  Conference space  |  Meeting rooms  |  Conference space size (feet) - 1900  |  Conference space size (meters) - 177  |  Conference center  |  Computer station |
| Services | 24-hour front desk  |  Concierge services  |  Tours/ticket assistance  |  Dry cleaning/laundry service  |  Free newspapers in lobby  |  Luggage storage  |  Wedding services  |  Multilingual staff  |  Porter/bellhop |
| Facilities | Number of buildings/towers - 1  |  Year Built 2009  |  Elevator/lift  |  Safe-deposit box at front desk  |  Terrace  |  Television in common areas |
| Accessibility | Accessible bathroom  |  In-room accessibility  |  Roll-in shower |
| Languages Spoken | English  |  Spanish |

| In the room | |
|---|---|
| Home comforts | In-room climate control (air conditioning)  |  Air conditioning  |  Coffee/tea maker  |  Bathrobes  |  Iron/ironing board |
| Sleep well | Blackout drapes/curtains  |  Premium bedding  |  Pillowtop mattress |
| Things to enjoy | In-room massage available |
| Freshen up | Private bathroom  |  Rainfall showerhead  |  Shower only  |  Designer toiletries  |  Hair dryer |
| Be entertained | 42-inch LED TV  |  Premium TV channels |
| Stay connected | Desk  |  Free newspaper  |  Free WiFi  |  Free local calls |
| Food and drink | Free bottled water |
| More | Daily housekeeping  |  In-room safe (laptop compatible)  |  Connecting/adjoining rooms available |

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about April 18, 2019.

| 1ST PARTY BOOKING WEBSITE - GENERAL ACCESSIBILITY INFORMATION |
|---|
| https://www.hyatt.com/en-US/hotel/california/andaz-napa/apcrn?&src=adm_sem_agn_360i_crp_ppc_D+Brand-Napa-NonGP_google_Brand-Napa-AZ+Napa-Exact_e_andaz%20napa_Brand&gclid=CjwKCAjw7_rlBRBaEiwAc23rhilcXL |

Wj3zKCDeYuvIkOwUjD7VOV8HEekiiHfTvEF7Wgf0qdkj5yNxoCMv0QAvD_BwE&gclsrc=aw.ds

HOTEL ACCESSIBILITY FEATURES

We are committed to providing equal access and opportunity for individuals with disabilities. The features also make our hotels more accessible for older individuals with changing abilities to ensure a seamless experience. Our overall goal is to improve usability throughout the hotel for all guests.

**Accessible Hotel Parking and Transportation**
Van-accessible self-parking
Self-parking for cars

**Accessible Hotel Areas**
Public Entrance
Registration desk
Restaurants
Public restrooms

**Accessibility for Guest Rooms and Meetings**
Closed caption or closed captioning decoders for guest room televisions
Accessible guest rooms with mobility features have doorways with 32in (0.81m) of clear width

**Hotel Areas with Accessible Routes from Accessible Public Entrance**
Restaurants
Accessible guestrooms
Business Center
Fitness Center / Exercise facilities
SPA
Registration area
Swimming pool
Meeting room / Ballroom area

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. False claim as more fully documented in personal observations below.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about April 18, 2019.

**PERSONAL ENCOUNTERS**

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Identification.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



**Identification of Specific Barrier in Plain Language:** Inaccessible check in counter.

18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Identification of Specific Barrier in Plain Language:** Inaccessible check in counter.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



21 **Identification of Specific Barrier in Plain Language:** Inaccessible bar seating.

22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Identification of Specific Barrier in Plain Language:** Inaccessible coffee bar.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Identification of Specific Barrier in Plain Language:** Inaccessible sevice counter.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



**Identification of Specific Barrier in Plain Language:** 20lbs to push open lobby bathroom.

21
22
23
24
25
26
27
28



**Identification of Specific Barrier in Plain Language:** Improperly configured hardware in lobby bathroom.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21



**Identification of Specific Barrier in Plain Language:** 4s closing time for lobby
bathroom.

22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Identification of Specific Barrier in Plain Language:** Over 5 lbs to open.

23

1
2
3
4
5
6
7
8
9
10
11
12
13
14



**Identification of Specific Barrier in Plain Language:** Inaccessible hardware.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Identification of Specific Barrier in Plain Language:** Inaccessible conciege desk.



**Identification of Specific Barrier in Plain Language:** Inaccessible seating at hotel bar.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Above described barriers denied Plaintiff full and equal access to the benefits of the facility.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about April 18, 2019.

**END**