BUCHALTER
A Professional Corporation
TRACY A. WARREN (SBN: 228013)
ERIC KENNEDY (SBN: 228393)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Tel.: 213.891.0700
Fax: 213.896.0400
Email: twarren@buchalter.com
       ekennedy@buchalter.com

Attorneys for Defendant IA Lodging Napa First LLC, dba Andaz Napa

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK (SR.),<br><br>           Plaintiff,<br><br>VS.<br><br>IA LODGING NAPA FIRST LLC DBA ANDAZ NAPA,<br><br>           Defendant. | Case No. 4:19-cv-03983-DMR<br><br>**DEFENDANT IA LODGING NAPA FIRST LLC, DBA ANDAZ NAPA'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Pursuant to Fed. R. Civ. P. 12(b)(1)**<br><br>Hearing Date:   September 12, 2019<br>Time:           1:00 p.m.<br>Judge:          Hon. Donna M. Ryu |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that, on September 12, 2019 at 1:00 p.m., or as soon thereafter as the motion may be heard by the Honorable Donna M. Ryu in Courtroom 4 of the United States District Court for the Northern District of California at 1301 Clay Street, Oakland, California 94612, Defendant IA Lodging Napa First LLC, dba Andaz Napa will move to dismiss Plaintiff Peter Strojnik Sr.'s Complaint.

This Motion is brought under Federal Rule of Civil Procedure 12(b)(1) on the grounds that the allegations in the Complaint fail to establish subject matter jurisdiction.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

1

**DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT**

Case No. 4:19-cv-03983-DMR

This Motion is based upon the following Memorandum of Points and Authorities, the pleadings on file, and the accompanying Request for Judicial Notice and its exhibits. A Proposed Order has also been lodged with the Court.

DATED: August 6, 2019

BUCHALTER
A Professional Corporation

By: */s/ Eric Kennedy*
TRACY A. WARREN
ERIC KENNEDY
Attorneys for Defendant IA Lodging Napa First LLC, dba Andaz Napa

# TABLE OF CONTENTS

| | | | Page |
|---|---|---|---|
| I. | INTRODUCTION & STATEMENT OF RELEVANT FACTS | | 1 |
| II. | ARGUMENT | | 3 |
| | A. | Defendant May Challenge Subject Matter Jurisdiction Under Federal Rule of Civil Procedure Rule 12(b)(1). | 3 |
| | B. | Plaintiff Lacks Standing to Sue for Violation of the ADA. | 4 |
| | | 1. Plaintiff Cannot Show an Injury in Fact. | 4 |
| | |    a. Plaintiff's Residence is Over 700 Miles from Defendant's Property. | 6 |
| | |    b. Plaintiff has Never Patronized Defendant's Business Before. | 6 |
| | |    c. Plaintiff has Not Alleged Any Definite Plan to Return to Defendant's Property. | 6 |
| | |    d. Plaintiff's Frequency of Travel Near Defendant's Property. | 7 |
| | | 2. Plaintiff Cannot Show He was Genuinely Deterred from Returning to Defendant's Property. | 8 |
| | C. | Plaintiff's Unruh Act and DPA Claims Must Be Dismissed as Well. | 9 |
| | D. | Plaintiff's Negligence Claim Should Also Be Dismissed. | 11 |
| III. | CONCLUSION | | 12 |

i

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT

Case No. 4:19-cv-03983-DMR

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Angelucci v. Century Supper Club*,
41 Cal.4th 160 (2007) .................................................................................................. 10

*Blue Ravine* ............................................................................................................. 5, 6, 7, 8

*Brooke v. RK Inv. Props.*,
2018 U.S. Dist. LEXIS 9120 (N.D. Cal. Jan. 19, 2018) ......................................... 3, 4, 9

*Carnegie—Mellon Univ. v. Cohill*,
484 U.S. 343 (1988) ........................................................................................................ 9

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
631 F.3d 939 (9th Cir. 2011) .................................................................................. 4, 5, 8

*Chen-Cheng Wang ex rel. United States v. FMC Corp.*,
975 F.2d 1412 (9th Cir. 1992) ........................................................................................ 3

*Civil Rights Educ. & Enforcement Ctr., v. Hosp. Properties Trust (CREEC)*,
867 F.3d 1093 (9th Cir. 2017) ........................................................................................ 6

*Crawford v. Uber Techs., Inc.*,
No. 17-cv-02664-RS, 2018 U.S. Dist. LEXIS 33778 (N.D. Cal. Mar. 1, 2018) ........... 11

*Doran v. 7-Eleven, Inc.*,
524 F.3d 1034 (9th Cir. 2008) ........................................................................................ 8

*H.P. Hospitality*, LLC,
2017 U.S. Dist. LEXIS 214372 ................................................................................... 4, 6

*Jankey v. Lee*,
55 Cal. 4th 1038 (2012) .................................................................................................. 9

*Johnson v. Torres Enters. LP*,
No. 18-cv-02929-VKD, 2019 U.S. Dist. LEXIS 11124
(N.D. Cal. Jan. 22, 2019) ................................................................................. 3, 5, 9, 11

*Keum v. Virgin Am. Inc.*,
781 F.Supp.2d 944 (N.D. Cal. 2011) ........................................................................... 10

*Kokkonen v. Guardian Life Ins.*,
511 U.S. 375 (1994) ........................................................................................................ 3

*Lema v. Comfort Inn, Merced*,
2012 U.S. Dist. LEXIS 42170 (E.D. Cal. Mar. 27, 2012) ...................................... 4, 5, 7

*Los Angeles v. Lyons*,
461 U.S. 95 (1983) .......................................................................................................... 5

*Loving v. Princess Cruise Lines, Ltd.*,
2009 U.S. Dist. LEXIS 130477 (C.D. Cal. Mar. 5, 2009) ............................................ 11

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

ii

**DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT**

Case No. 4:19-cv-03983-DMR

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ............................................................................................................ 7

*Luu v. Ramparts, Inc.*,
   926 F. Supp. 2d 1178 (D. Nev. 2013) ............................................................................. 4, 9

*Mims v. Arrow Fin. Servs.*, LLC,
   565 U.S. 368 (2012) ............................................................................................................ 3

*Molski v. Mandarin Touch Rest.*,
   385 F. Supp. 2d 1042 (C.D. Cal. 2005) .............................................................................. 7

*Moore v. Greyhound Bus Lines, Inc.*,
   2018 U.S. Dist. LEXIS 114661 (S.D. Cal. July 10, 2018) .............................................. 10

*O'Shea v. Littleton*,
   414 U.S. 488 (1974) ............................................................................................................ 5

*Pickern v. Holiday Quality Foods Inc.*,
   293 F.3d 1133 (9th Cir. 2002) ............................................................................................ 8

*Reycraft v. Lee*,
   177 Cal. App.4th 1211 (2009) .......................................................................................... 10

*RK Inv. Props.*,
   2018 U.S. Dist. LEXIS 9120 ......................................................................................... 3, 6

*Rocca v. Jalidat, Inc.*,
   2017 U.S. Dist. LEXIS 149513 (C.D. Cal. Sept. 13, 2017) .............................................. 6

*Safe Air for Everyone v. Meyer*,
   373 F.3d 1035 (9th Cir. 2004) ............................................................................................ 3

*Satey v. JPMorgan Chase & Co.*,
   521 F.3d 1087 (9th Cir. 2008) ............................................................................................ 9

*Sousanis v. Northwest Airlines, Inc. et al.*,
   2000 U.S. Dist. LEXIS 23607, 2000 WL 34015861 (N.D. Cal. Mar. 3, 2000) ............. 11

*Surrey v. TrueBeginnings, LLC*,
   168 Cal.App.4th 414 (2008) ............................................................................................. 10

*Tat Tohumculuk, A.S. v. HJ Heinz Company*,
   WL 6070483 (E.D.Cal. November 13, 2013) ................................................................. 10

*United States ex rel. Hartpence v. Kinetic Concepts, Inc.*,
   792 F.3d 1121 (9th Cir. 2015) ............................................................................................ 3

*Warner v. Tinder Inc.*,
   105 F. Supp. 3d 1083 (C.D. Cal. 2015) ........................................................................... 10

*Warth v. Seldin*,
   422 U.S. 490 (1975) ............................................................................................................ 4

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

iii

**DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT**

Case No. 4:19-cv-03983-DMR

**Statutes**

28 U.S.C. § 1367(c)(3) ............................................................................................................. 8

**Rules**

Federal Rules of Civil Procedure, Rule 12(b)(1) .......................................................... 1, 3, 4

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

iv

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 4:19-cv-03983-DMR

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION & STATEMENT OF RELEVANT FACTS

Defendant IA Lodging Napa First LLC, dba Andaz Napa ("Defendant") owns a hotel in Napa Valley, California ("Defendant's Property"). (Compl., ¶ 5.) Plaintiff claims to be a disabled veteran who lives in Maricopa County, Arizona. Plaintiff's disabilities include a bad back, bad knee, and prostate and renal cancer. (*Id*., ¶¶ 2-4.) Plaintiff indicates that while the pain associated with his disabilities comes and goes, it is difficult for him to walk at times. (*Id*., 4.)

Plaintiff alleges that at some unidentified date he intended to visit California's wine country and began looking for accommodations on various third party booking websites. (Compl., ¶¶ 15-16.) Plaintiff alleges that he found Defendant's Property on those sites, but that the sites did not provide sufficient information for Plaintiff to determine if Defendant's Property had the mobility related access features required for his disabilities. (*Id*., ¶¶ 16-17.) Plaintiff also alleges the third party booking sites failed to make reservations for accessible guest rooms in the same manner as non-accessible guest rooms. (*Id*., ¶ 18.) Plaintiff claims this lack of information made it impossible for him to assess whether Defendant's Property met his accessibility needs. (*Id*., ¶ 17.)

Plaintiff claims that thereafter he discovered that Defendant's own booking site also failed to identify and describe mobility related accessibility features and guest rooms in enough detail to permit him to assess whether Defendant's Property met his accessibility needs. (*Id*., ¶ 19.) Plaintiff then claims that as he continued browsing Defendant's site, he realized that it disclosed certain barriers to access. (*Id*.) Plaintiff further claims that Defendant's booking site failed to make reservations for accessible guest rooms in the same manner as non-accessible guest rooms. (*Id*., ¶ 20.) Having never actually visited Defendant's Property, Plaintiff alleges that Defendant violated the ADA, California's Unruh Act, and California's Disabled Persons Act. Plaintiff also alleges that Defendant is guilty of negligence liable for punitive damages. (*See* Compl. generally.)

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

1

DEFENDANT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT

Case No. 4:19-cv-03983-DMR

This is not the first time Plaintiff has brought such allegations. Plaintiff has filed over 85 ADA cases in state and federal courts throughout California (21 specifically in the Northern District) containing similar, often identical allegations, to those made here.[1] (*See e.g.*, Request for Judicial Notice ("RJN"), Exhs. 7 & 8.) In each case, Plaintiff represents himself. (*Id.*) But, Plaintiff used to be an ADA lawyer in the State of Arizona,[2] where he lives. (*See* RJN, Exhs. 3, 5, 6.) There, after filing approximately 1,700 ADA claims in seven months, complaints were brought against Plaintiff and a State Bar investigation ensued. (*See* RJN, Exh. 3 at *4.) The Arizona State Bar reported the following outcome:

> The Presiding Disciplinary Judge of the Arizona Supreme Court accepted a consent to disbarment filed by Peter Strojnik and effective May 10, 2019. Mr. Strojnik had been suspended on an interim basis since July 11, 2018, while the Bar conducted its investigation. Strojnik was assessed $1,263.92 in costs and expenses for the disciplinary proceeding.
>
> Beginning in 2016, Strojnik filed thousands of lawsuits against small businesses alleging minor violations of the Americans with Disabilities Act (ADA) and the Arizonans with Disabilities Act (AzDA) in state and federal courts. Typically, he demanded approximately $5,000 in attorney's fees regardless if the business remedied the purported violations. In all cases Strojnik alleged vague violations.
>
> Strojnik's "extortionate" and "ethically suspect" misconduct led the Arizona Attorney General's Office ("AG") to intervene in the suits. The Court granted intervention, consolidated the cases, and eventually dismissed most of them for lack of standing. The AG's office moved to intervene in one federal case to have Strojnik declared a vexatious litigant.

---

[1] *See e.g.*, dockets and complaints for cases filed by Mr. Strojnik in the Northern District of California at RJN, Exh. 13: *Joie De Vivre* (No. 3:18-cv-06587-JSC); Exh. 14: *Marriott International* (No. 3:18-cv-06586-EDL); Exh. 15: *574 Escuela* (No. 3:18-cv-06777-JD); Exh. 16: *Benchmarck Conference Resorts* (No. 5:18-cv-07704-VKD); Exh. 17: *ML San Jose* (No. 5:19-cv-00737-NC); Exh. 18: *Ensemble Hotel* (No. 5:19-cv-01844-VKD); Exh. 19: *Bernardus* (No. 5:19-cv-01875-NC); Exh. 20: *JMA Ventures* (No. 5:19-cv-01876); Exh. 21: *Mirabel Hotel* (No. 5:19-cv-02529-SVK); Exh. 22: *VY Verasa Commercial* (No. 3:19-cv-02556-WHO); Exh. 23 *Hyatt International* (No. 5:19-cv-03006-NC); Exh. 24: *Xenia Hotels* (No. 5:19-cv-03082-NC); Exh. 25: *First & Mission Properties* (No. 5:19-cv-03122-NC); Exh. 26: *Wilson* (No. 3:19-cv-03377-SK); Exh. 27: *Madrona Manor* (No. 3:19-cv-03375-LB); Exh. 28: *Fowler* (No. 3:19-cv-03376-TSH); Exh. 29: *Napa LW Hotel* (No. 3:19-cv-03583-JSC); Exh. 30: *WCH Napa* (No. 4:19-cv-03968-KAW); Exh. 31: *539 Johnson Street* (No. 3:19-cv-03980-JCS); Exh. 32: *Cypress Inn* (No. 3:19-cv-03981-RS).

[2] Mr. Strojnik was suspended from the Arizona State Bar in July 2018, and subsequently disbarred on May 10, 2019. (*See* RJN, Exhs. 3 & 6.)

> The State Bar alleged that Strojnik engaged in conduct that caused immediate and substantial harm to clients, the public, and the administration of justice, making illusory claims for attorney fees and monetary damages. One District Court said his tactics were extortionate. The State Bar alleged that Strojnik violated Rule 42, Ariz. R. Sup. Ct., ERs 1.2, 1.4, 1.5(a), 1.15(a) 3.1, 3.3(a), 3.4(c), 4.1(a), 4.4(a), 8.1, 8.4(c) and (d), Rules 43 and 54(d), Ariz. R. Sup. Ct. Strojnik did not contest the allegations and consented to his disbarment.

(*See* RJN, Exh. 6.) Following his disbarment in Arizona, Plaintiff began filing his ADA lawsuits as an in pro per plaintiff.[3]

Plaintiff filed this lawsuit on July 10, 2016. Defendant was served on July 16, 2019. Like all of Plaintiff's complaints, the complaint in this matter is fatally flawed in numerous respects and should be dismissed with prejudice.

## II.     ARGUMENT

### A.     Defendant May Challenge Subject Matter Jurisdiction Under Federal Rule of Civil Procedure Rule 12(b)(1).

Federal courts can only adjudicate cases which the Constitution and Congress authorize them to adjudicate: those involving diversity of citizenship or a federal question, or those to which the United States is a party. *Mims v. Arrow Fin. Servs.*, LLC, 565 U.S. 368, 376-77 (2012); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject-matter jurisdiction."), overruled on other grounds by *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015). The plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Rule 12(b)(1). *Johnson v. Torres Enters. LP*, No. 18-cv-02929-VKD, 2019 U.S. Dist. LEXIS 11124, at *3-4 (N.D. Cal. Jan. 22, 2019).

---

[3] Plaintiff's son, Peter Kristofer Strojnik (a lawyer in Arizona), is following in his father's footsteps. As of the beginning of 2018, he had filed over 130 ADA in the Northern District in addition to "hundreds of cases filed in the Central, Eastern, and Southern Districts of California." *Brooke v. RK Inv. Props.*, 2018 U.S. Dist. LEXIS 9120, at *4 (N.D. Cal. Jan. 19, 2018).

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

3

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 4:19-cv-03983-DMR

Jurisdictional challenges may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where facial, the court determines whether the allegations are sufficient on their face to invoke federal jurisdiction. *Id.*; *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where factual, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute, the court may review evidence beyond the complaint. *Id.* Although the defendant is the moving party in a Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of proving that the case is properly in federal court. *Luu v. Ramparts, Inc.*, 926 F. Supp. 2d 1178, 1180 (D. Nev. 2013)

### B.  Plaintiff Lacks Standing to Sue for Violation of the ADA.

To invoke federal jurisdiction, a disabled individual claiming discrimination must establish standing to sue under Article III. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). An ADA plaintiff establishes standing by demonstrating an injury-in-fact coupled with an intent to return to a noncompliant facility, or deterrence. *Chapman*, 631 F.3d at 944. Showing deterrence is an alternative to proving both injury-in-fact and intent to return. *Id.* at 949.

Here, Plaintiff has failed to adequately allege an injury in fact or his intent to return to Defendant's Property. And, Plaintiff has not sufficiently pled that he was deterred from visiting Defendant's Property. Having failed to establish standing, Plaintiff's complaint must be dismissed for lack of jurisdiction.

#### 1.  *Plaintiff Cannot Show an Injury in Fact.*

Under the court's standing formulation, Plaintiff must show that a concrete injury that is traceable to Defendant and can be redressed by a favorable decision. *Chapman*, 631 F.3d at 946. In addition, Plaintiff must demonstrate a "real and immediate threat of repeated injury." *Id.* "To have standing, an ADA plaintiff 'must personally encounter at least some barriers or have personal knowledge of the barriers." *Brooke v. H.P. Hospitality*, LLC, 2017 U.S. Dist. LEXIS 214372, at *8. Merely alleging that barriers

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

4

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 4:19-cv-03983-DMR

exist is insufficient to show standing. *Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170, at *11 (E.D. Cal. Mar. 27, 2012)

Plaintiff has not alleged that he personally encountered any barriers to his access at Defendant's Property. In fact, Plaintiff does not allege that he has ever been to Defendant's Property. Rather, Plaintiff alleges that his injury arose when he viewed the alleged barriers while online in his home in Arizona. Plaintiff does not allege that he called Defendant to discuss these barriers or otherwise communicated with defendant in any way before filing his complaint. He then claims that these unconfirmed barriers made it impossible for him to book a room at Defendant's Property. The lack of facts corroborating Plaintiff's injury claim strongly suggests that Plaintiff did not suffer a concrete injury. Rather than shopping online for a hotel room, Plaintiff appears to have been shopping for an ADA claim.

Even if Plaintiff had adequately pled an injury in fact, it is not enough for standing. He must also demonstrate "a sufficient likelihood that he will again be wronged in a similar way." *Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983). That is, Plaintiff must establish a "real and immediate threat of repeated injury." *Id.* at 102 (quoting *O'Shea v. Littleton,* 414 U.S. 488, 496 (1974)). In the Ninth Circuit, an ADA plaintiff demonstrates a sufficient likelihood of future harm when he or she alleges an intent to return to a noncompliant place of public accommodation. *Chapman*, 631 F.3d at 948–49 (9th Cir. 2011). Courts look to four factors to determine sufficient intent to return: "(1) the proximity of defendant's business to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *See Johnson v. Overlook At Blue Ravine*, LLC, 2012 U.S. Dist. LEXIS 102056, at *8 (citing *Lema*, 2012 U.S. Dist. LEXIS 42170 at *5). All of these factors weigh against Plaintiff.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

5

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 4:19-cv-03983-DMR

### a. Plaintiff's Residence is Over 700 Miles from Defendant's Property.

In *Blue Ravine*, the Court found that a distance of "approximately fifteen miles" from the plaintiff's residence to the defendant's apartment building weighed only "slightly in favor of the Plaintiff." *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *8. Here, Defendant's Property in Napa Valley, California is over 700 miles from Plaintiff's home on Maricopa County, Arizona. This factor strongly favors Defendant.

### b. Plaintiff has Never Patronized Defendant's Business Before.

A lack of plaintiff's previous patronage strongly favors the defendant. *H.P. Hospitality*, LLC, 2017 U.S. Dist. LEXIS 214372, at *8; *see also Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *8-*9. In *H.P. Hospitality*, the plaintiff did not allege that she ever visited the defendant's location before suing, but instead learned of the alleged barriers through a phone call and photos. The court found she did not have standing. *H.P. Hospitality*, LLC, 2017 U.S. Dist. LEXIS 214372, at *10. Similarly, Plaintiff does not allege that he has ever visited Defendant's Property, or even the Napa Valley area. Instead, Plaintiff pleads only that he "*intended* to visit" at some undisclosed future time. (Compl. ¶¶ 15, 29. (Emphasis added.) This factor also strongly favors Defendant.

### c. Plaintiff has Not Alleged Any Definite Plan to Return to Defendant's Property.

The lack of a concrete and genuine plan to return to the defendant's property cuts against an intent to return. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *9-11. In *Blue Ravine*, the plaintiff testified that he did not intend to go back to the defendant business until "the action is resolved and the property alterations are complete." *Id*. at *9. The trial court found this intention insufficient for standing. *Id*. at *9-10. Along similar lines, in *Civil Rights Educ. & Enforcement Ctr., v. Hosp. Properties Trust (CREEC)*, 867 F.3d 1093 (9th Cir. 2017), the court found, "evidence of concrete travel plans would be sufficient to show that a disabled plaintiff intends to visit a facility, even if she has not

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

travelled there in the past. [Citation.] Contrariwise, in the absence of travel plans, a past visit might not be sufficient evidence of imminent future harm." *Id*. at 1100.[4]

Several courts have determined that a plaintiff's status as a tester greatly affects his or her statements regarding an intent to return. *See, e.g., Molski v. Mandarin Touch Rest.*, 385 F. Supp. 2d 1042, 1046 (C.D. Cal. 2005). An extensive tester litigation history "undercuts [a plaintiff's] credibility and belies an intent to return to [defendant's property]." *Id*.

Plaintiff has not alleged a concrete plan to visit Defendant's Property. Instead, Plaintiff merely indicates that he "intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant" (Compl. ¶ 12.) Plaintiff's "some day" intention, is insufficient to show a definite plan to return. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require."). Moreover, considering Plaintiff's tester status and his extensive litigation history, the Court should view Plaintiff's allegation regarding his intent to visit Defendant's Property with skepticism. This factor strongly favors Defendant.

### d. Plaintiff's Frequency of Travel Near Defendant's Property.

Courts will consider a plaintiff's assertion of frequent travel near the defendant's business, such that the plaintiff would inherently be more likely to frequent the business. *See Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11; *see also Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170 at *12-14. In *Blue Ravine*, the plaintiff provided no allegations or evidence he had "specific ties" to the defendant's property, or any other

---

[4] Since *CREEC*, multiple district courts throughout California have required "evidence of concrete travel plans to show that a disabled plaintiff intends to visit a facility in the near future." *See, e.g., RK Inv. Props.*, 2018 U.S. Dist. LEXIS 9120 at *6-*7; *Rocca v. Jalidat, Inc.*, 2017 U.S. Dist. LEXIS 149513, at *7-*8 (C.D. Cal. Sept. 13, 2017). The *RK Inv. Props.* Court interpreted *CREEC* as still requiring the classic approach to standing in ADA cases regardless of any plaintiff's tester status. *RK Inv. Props.*, 2018 U.S. Dist. LEXIS 9120 at *6-7.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

7

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 4:19-cv-03983-DMR

particular reason to frequent the area. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11. The court therefore found this factor to "strongly favor[]" the defendant. *Id*. Similarly, here, Plaintiff offers no allegations suggesting that he has or will frequently travel near Defendant's Property. Indeed, Plaintiff does not allege that he has ever visited the area. This factor, therefore, favors Defendant.

Plaintiff has not adequately pled an intent to return to Defendant's Property and thus cannot show and injury in fact and standing to sue under the ADA.

### 2. *Plaintiff Cannot Show He was Genuinely Deterred from Returning to Defendant's Property.*

Showing deterrence is an alternative to proving both injury-in-fact and intent to return. *Chapman*, 631 F.3d. at 949. To adequately plead deterrence, a plaintiff must provide more than the empty allegation that he or she "was deterred;" rather, corroborating facts are necessary. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11-*12 (quoting Chapman, 631 F.3d at 949). For example, the plaintiff must show some reason why he or she visits the business. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002)

In *Doran*, the plaintiff sued a 7-Eleven for ADA violations. Concerning deterrence, the plaintiff alleged that he had visited that store on 10-20 previous occasions, that he personally encountered barriers there, and those barriers deterred him from future visits. *Doran*, 524 F.3d at 1040. The court found that such allegations were sufficient to show deterrence. *Id*. at 1041. In *Pickern*, the same plaintiff sued a grocery store for ADA violations. The plaintiff alleged defendant's grocery store was near his grandmother's residence and that he wished to shop at the store on days he visited her, which he did once a week. *Pickern*, 293 F.3d at 1138. The plaintiff claimed that the ADA violations deterred future visits. The court found those allegations sufficient as well. *Id*.

Unlike the plaintiff in *Doran* and *Pickern*, here, Plaintiff does not allege that he has ever been to Defendant's Property or that it is near a location he visits often. Rather,

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

8

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 4:19-cv-03983-DMR

Plaintiff merely alleges that he was "deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA or State Law compliant…" (Compl. ¶ 11.) A similar plaintiff previously tried to demonstrate deterrence by claiming only that alleged "ADA violations deterred plaintiff from returning to the [defendant's business]," but the court found such allegations to be insufficient. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *12. Plaintiff's deterrence allegations are similarly flawed.

Plaintiff cannot show deterrence and therefore does not have standing to sue under the ADA.

### C. Plaintiff's Unruh Act and DPA Claims Must Be Dismissed as Well.

Besides his claim for violation of the ADA, Plaintiff also sues under California state laws that prohibit disparate treatment of disabled persons, including the California Unruh Civil Rights Act and the California Disabled Persons Act ("DPA"). Plaintiff's state law claims fail for several reasons.

First, because this court has only supplemental jurisdiction regarding these claims, if Plaintiff lacks standing to bring his ADA claim, there is no reason for the Court to retain jurisdiction over Plaintiff's state law claims. *Luu*, 926 F. Supp. 2d at 1184. "[D]istrict courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In making this decision, courts consider the interests of judicial economy, convenience, fairness, and comity. *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (citing *Carnegie—Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)). Here, the interests of judicial economy, convenience, fairness, and comity do not support exercising supplemental jurisdiction over Plaintiff's remaining state law claims. Declining supplemental jurisdiction will conserve judicial resources because this litigation is still in its infancy. And declining to exercise supplemental jurisdiction will allow a state court to address standing issues as they pertain to the Unruh Act and the DPA. *See Brooke v. H.P. Hosp., LLC*, No. ED CV 17-0456-DOC (DTBx), 2017 U.S. Dist. LEXIS 214372, at *10-11 (C.D. Cal. July 11, 2017). As in *Johnson v. Torres*, the Unruh Act (and DPA) claim

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

9

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 4:19-cv-03983-DMR

here is based solely on a violation of the ADA; if Plaintiff's ADA claim is moot, his Unruh Act (and DPA) claim is moot. *See Johnson v. Torres Enters. LP*, 2019 U.S. Dist. LEXIS 11124 *10-11.[5]

Second, standing to pursue monetary relief under the DPA and the Unruh Act differs from standing to seek injunctive relief under the ADA. *See Reycraft v. Lee*, 177 Cal. App.4th 1211 (2009); *see also Angelucci v. Century Supper Club*, 41 Cal.4th 160, 175 (2007). Standing under section 54.3 of the DPA is established where a disabled plaintiff can show "he or she *actually presented himself or herself* to a business or public place with the intent of purchasing its products or utilizing its services in the manner in which those products and/or services are typically offered to the public and was actually denied equal access on a particular occasion." *Id*. at 1224 (emphasis added). Merely visiting a website is not enough to establish DPA standing. *Surrey v. TrueBeginnings, LLC*, 168 Cal.App.4th 414, 419-20 (2008). A similar standard is required under the Unruh Act:

> We do not dispute the Court of Appeal's admonition that 'a plaintiff cannot sue for discrimination in the abstract, but must actually suffer the discriminatory conduct.' [¶] In general terms, in order to have standing, the plaintiff must be able to allege injury—that is, some 'invasion of the plaintiff's legally protected interests.' [Citations.] ... In essence, an individual plaintiff has standing under the Act if he or she has been the victim of the defendant's discriminatory act. [Citation.].

*Angelucci*, 41 Cal.4th at 175-176.

Third, Plaintiff lacks standing to sue under the Unruh Act because the Unruh Act does not apply to alleged discrimination suffered by parties outside California. *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1099 (C.D. Cal. 2015): *Tat Tohumculuk, A.S. v. HJ Heinz Company*, WL 6070483 at 7 (E.D.Cal. November 13, 2013) ("Plaintiff has not presented any case law, nor is the court aware of any, applying section 51 to alleged discrimination suffered by parties outside California. The Unruh Act, therefore, does not

---

[5] The DPA substantially overlaps with and complements the Unruh Act. *Jankey v. Lee*, 55 Cal. 4th 1038, 1044 (2012)

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

10

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 4:19-cv-03983-DMR

apply."); *Moore v. Greyhound Bus Lines, Inc.*, 2018 U.S. Dist. LEXIS 114661, at 4 (S.D. Cal. July 10, 2018) ("jurisdiction of the [Unruh] Act is expressly limited to violations taking place in California, therefore, the 'Act does not apply to this action because the alleged discrimination occurred outside of California (in Denver, Colorado) and it is therefore outside of the extraterritorial reach of the statute.'"); *Keum v. Virgin Am. Inc.*, 781 F.Supp.2d 944, 955 (N.D. Cal. 2011) ("The Unruh Act only applies to discrimination that takes place within California's jurisdiction"); *Loving v. Princess Cruise Lines, Ltd.*, 2009 U.S. Dist. LEXIS 130477 (C.D. Cal. Mar. 5, 2009), at 8 ("Plaintiffs' state law claims also do not have extraterritorial reach. It is well-settled that the Unruh Act applies only within California").

The same is true of the DPA. *See Sousanis v. Northwest Airlines, Inc. et al.*, 2000 U.S. Dist. LEXIS 23607, 2000 WL 34015861 at 7 (N.D. Cal. Mar. 3, 2000) (concluding that "[t]here is no reason to infer from the language or purpose of Civil Code section 54.1 that it is meant to prohibit discrimination against individuals outside of California."). "Indeed, because other states have their own disability rights laws, the basic principles of federalism prevent the extension of the California protections to people who do not live in California and have not suffered harm in the state." *Crawford v. Uber Techs., Inc.*, No. 17-cv-02664-RS, 2018 U.S. Dist. LEXIS 33778, at *14-15 (N.D. Cal. Mar. 1, 2018). The DPA contains no language that indicates its protections should be extended to individuals in other states, for injuries that took place outside of California.

### D. Plaintiff's Negligence Claim Should Also Be Dismissed.

As with the DPA and Unruh claims, this Court has only supplemental jurisdiction over Plaintiff's negligence cause of action. If Plaintiff lacks standing to bring his ADA claim, there is no reason the Court retain jurisdiction over Plaintiff's negligence claim. Concern for judicial economy supports declining jurisdiction. *See Johnson*, 2019 U.S. Dist. LEXIS 11124, at *11.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

11

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 4:19-cv-03983-DMR

### III. CONCLUSION

For the foregoing reasons, Defendant Andaz Napa requests that Plaintiff Peter Strojnik Sr.'s Complaint be dismissed in its entirety with prejudice.

DATED: August 6, 2019

BUCHALTER
A Professional Corporation

By: */s/ Eric Kennedy*
TRACY A. WARREN
ERIC KENNEDY
Attorneys for Defendant IA Lodging Napa First LLC, dba Andaz Napa

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2019, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

By: */s/ Eric Kennedy*
Eric Kennedy

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

13

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 4:19-cv-03983-DMR