BUCHALTER
A Professional Corporation
TRACY A. WARREN (SBN: 228013)
ERIC KENNEDY (SBN: 228393)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Tel.: 213.891.0700
Fax: 213.896.0400
ekennedy@buchalter.com

Attorneys for Defendant IA Lodging Napa First LLC, dba Andaz Napa

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER STROJNIK (SR.),<br><br>Plaintiff,<br><br>vs.<br><br>IA LODGING NAPA FIRST LLC DBA ANDAZ NAPA,<br><br>Defendant. | Case No. 4:19-cv-03983-DMR<br><br>**DEFENDANT IA LODGING NAPA FIRST LLC, DBA ANDAZ NAPA'S NOTICE OF MOTION AND MOTION FOR AN ORDER DECLARING PLAINTIFF PETER STROJNIK (SR.) A VEXATIOUS LITIGANT AND FOR A PREFILING ORDER PURSUANT TO 28 U.S.C. §1651**<br><br>Hearing Date: September 12, 2019<br>Time: 1:00 p.m.<br>Judge: Donna M. Ryu |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on September 12, 2019 at 1:00 p.m., or as soon thereafter as the motion may be heard by the Honorable Donna M. Ryu in Courtroom 4 of the United States District Court for the Northern District of California at 1301 Clay Street, Oakland, California 94612, Defendant IA Lodging Napa First LLC, dba Andaz Napa will move to have Plaintiff Peter Strojnik Sr. deemed a vexatious litigant and

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANT'S MOTION FOR ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR A PREFILING ORDER**          Case No. 4:19-cv-03983-DMR

1  for a prefiling order that requires Mr. Strojnik to obtain leave of the Court before filing
2  any future ADA litigation under 28 U.S.C. §1651. This Motion is made on the grounds
3  that Plaintiff has a demonstrated history of filing vexatious litigation; the present lawsuit
4  being yet another example.
5      This Motion is based on this Notion of Motion and Motion, the accompanying
6  Memorandum of Points and Authorities, Defendant's Request for Judicial Notice, filed
7  concurrently, all other pleadings and papers filed, and any argument that may be presented
8  to the Court at the hearing on this Motion.

9  DATED:  August 6, 2019         BUCHALTER
                                  A Professional Corporation

12                                By:  */s/ Eric Kennedy*
                                       TRACY A. WARREN
13                                     ERIC KENNEDY
                                  Attorneys for Defendant IA Lodging Napa
                                  First LLC, dba Andaz Napa

2

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

DEFENDANT'S MOTION FOR ORDER DECLARING          Case No. 4:19-cv-03983-DMR
PLAINTIFF A VEXATIOUS LITIGANT AND FOR A
PREFILING ORDER

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. RELEVANT FACTS ...................................................................................................... 3

III. LEGAL STANDARD ..................................................................................................... 4

IV. ALL OF THE REQUIREMENTS FOR DETERMINING MR. STROJNIK IS A VEXATIOUS LITIGANT ARE MET. ........................................................................... 5

    A. This Motion Provides Mr. Strojnik Notice and an Opportunity to Be Heard. ......... 5

    B. The Court Has an Ample Record to Declare Mr. Strojnik A Vexatious Litigant. ...................................................................................................................... 6

    C. Mr. Strojnik's Current Filing and Litigation History Demonstrate His Complaint Is Frivolous and Harassing. ..................................................................... 6

        1. Mr. Strojnik's Complaint is Harassing. ........................................................ 7

        2. Mr. Strojnik's Complaint is Frivolous. ....................................................... 10

    D. The Requested Vexatious Litigant Order Is Narrowly Tailored. ........................... 11

V. CONCLUSION ............................................................................................................. 12

i

**DEFENDANT'S MOTION FOR ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR A PREFILING ORDER**  Case No. 4:19-cv-03983-DMR

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

# TABLE OF AUTHORITIES

**Cases** Page(s)

*Advocates for Individuals With Disabilities LLC v. MidFirst Bank*,
   279 F. Supp. 3d 891 (D. Ariz. 2017) ............................................................................... 3

*AIDF v. Golden Rule Properties LLC*,
   No. CV-16-02413, 2016 WL 5939468, at *1, *6 (D. Ariz. Oct. 13, 2016) ...................... 3

*AIDF v. Golden Rule Properties*,
   CV-16-02412, 2017 WL 2417046, at *2 (D. Ariz. Mar. 20, 2017) ................................. 3

*De Long v. Hennessey*,
   912 F.2d 1144 (9th Cir. 1990) .......................................................................... 4, 5, 9, 11

*Gastelum v. Canyon Hosp. LLC*,
   No. CV-17-02792-PHX-GMS, 2018 WL 2388047, at *10 (D. Ariz. May 25, 2018) ...... 8

*In re Powell*,
   851 F.2d 427 (D.C. Cir. 1988) ..................................................................................... 7, 9

*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047
   (9th Cir. 2007) ............................................................................................... 4, 7, 9, 11

*Molski v. Mandarin Touch Restaurant*,
   347 F.Supp.2d 860 (C.D. Cal. 2004) ........................................................................... 2, 7

*Safir v. United States Lines, Inc.*,
   792 F.2d 19 (2d Cir. 1986) .............................................................................................. 5

*Weissman v. Quail Lodge Inc.*,
   179 F.3d 1194 (9th Cir. 1999) ......................................................................................... 4

**Statutes**

28 U.S.C. § 1651(a) ................................................................................................................ 4

**Rules**

Fed. R. Civ. P. 7(b) ................................................................................................................. 5

ii
BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANT'S MOTION FOR ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR A PREFILING ORDER**   Case No. 4:19-cv-03983-DMR

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Peter Strojnik Sr. is a serial litigant with a demonstrated history of filing abusive and frivolous ADA litigation. Starting in 2016, Mr. Strojnik filed thousands of "cookie-cutter lawsuits" in Arizona, eventually resulting in the Arizona Attorney General's Office having to intervene to consolidate over 1,200 lawsuits Mr. Strojnik filed on behalf of Advocates for American Disabled Individuals. (*See* Defendant's Request for Judicial Notice ("RJN"), Exhs. 1 & 2.) In doing so, the Arizona Attorney General's Office noted that Mr. Strojnik had filed 1,500 complaints in just over 7 months, and would "probably file another 8,000 lawsuits" absent the court's intervention. (*Id.*) The Court ultimately consolidated the cases and later dismissed most for lack of standing. (*Id.*) Based on the Attorney General's findings, and after conducting its own initial investigation, the Arizona State Bar suspended Mr. Strojnik's license in July 2018. (*See* RJN, Exhs. 3, 4.) The State Bar subsequently disbarred Mr. Strojnik in May 2019, concluding that Mr. Strojnik had engaged in "extortionate' and 'ethically suspect' misconduct" that "caused immediate and substantial harm to clients, the public, and the administration of justice." (*See* RJN, Exhs. 6; *see also* Exh. 5.)

Unfortunately, his disbarment in Arizona did not deter Mr. Strojnik from engaging in the same pattern of abusive tactics elsewhere and Mr. Strojnik began filing similar (if not identical) cases in various other jurisdictions, including California, Oregon, Washington, New Mexico, Idaho, and Texas. Because he had been disbarred in Arizona, and was not licensed to practice in these other states, Mr. Strojnik filed his new complaints with himself as the pro se plaintiff. Mr. Strojnik claims to be a disabled veteran. Since April 2018, Mr. Strojnik has filed 110 new ADA cases. (*See* RJN, Exhs. 7, 8.) Of those, 86 were filed in state and federal courts throughout California; and 21 specifically in the Northern District of California. (*Id.*) Notably, in dismissing one of Mr. Strojnik's cases for failure to comply with court procedure, a court in the Central District

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANT'S MOTION FOR ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR A PREFILING ORDER**   Case No. 4:19-cv-03983-DMR

of California, noting his sudden wave of serial filings in California, aptly stated: "Rather than being a befuddled pro se litigant who erroneously believes that he has complied with the Court's Order, Plaintiff is an experienced litigator who appears to have altered his business model to work around the loss of his license." (*See* RJN, Exh. 9.)

The complaints filed in all of these cases contain the same or substantially similar, boilerplate allegations. (*See e.g.*, RJN, Exhs. 13-18.) In particular, all of the complaints have a similar fact pattern wherein Mr. Strojnik goes through the motions of booking (or attempting to book) a room at a prospective defendant's property. (*Id.*) In most, if not all these cases, Plaintiff first accesses a third-party website to obtain information about accessible rooms, and thereafter proceeds to the prospective defendant's website to gather more information about the property. (*Id.*) Occasionally, Mr. Strojnik will book a room, however, in the vast majority of these cases, including this case, he does not. (*Id.*) Next, Mr. Strojnik will either visit the property to identify alleged ADA violations, *or* (more often) claim he intends to visit the defendant's property once defendant becomes compliant. (*Id.*) No complaint contains further detail on Mr. Strojnik's return plans. (*Id.*)

Courts have recognized that a plaintiff's real motivation in many of these ADA cases is often extracting a cash settlement,[1] and the circumstances here are no different. Mr. Strojnik has a history of "making illusory claims for attorney fees and monetary damages," and it is clear that such extortionate tactics will continue absent this Court's intervention. (*See* RJN, Exh. 6.) Defendant IA Lodging Napa First LLC, dba Andaz Napa ("Andaz Napa") seeks an order declaring Mr. Strojnik a vexatious litigant and requiring him to obtain approval from this Court before filing any new suit under the ADA and/or

---

[1] *See* Leslie Lee, *Giving Disabled Testers Access to Federal Courts: Why Standing Doctrine Is Not The Right Solution to ADA Litigation*, 19 Va. J. Soc. Pol'y & L. 319, *350 (Winter, 2011) (Noting that "'enterprising plaintiffs (and their attorneys) have employed California state statutes, the Unruh Civil Rights Act and the California Disabled Persons Act ("CDPA") to seek money damages in federal court, in addition to suing for injunctive relief under the ADA. One California court expressed its disdain for such litigation tactics, stating that professional plaintiffs 'have found a way to circumvent the will of Congress by seeking money damages while retaining federal jurisdiction.'") (citing *Molski v. Mandarin Touch Rest.*, 385 F.Supp.2d 1042, 1047 (C.D. Cal. 2005)).

2

DEFENDANT'S MOTION FOR ORDER DECLARING   Case No. 4:19-cv-03983-DMR
PLAINTIFF A VEXATIOUS LITIGANT AND FOR A
PREFILING ORDER

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

relating to disability law in the Northern District.

## II.     RELEVANT FACTS

In September 2016, the Arizona Attorney General's Office intervened to consolidate 1,289 lawsuits Mr. Strojnik filed in Arizona on behalf of Advocates for American Disabled Individuals ("AID") and related organizations, and moved for the dismissal of all such actions together. (*See* RJN, Exh. 1.) The consolidated cases were subsequently dismissed for lack of standing on April 24, 2017. (*Id.*) Besides this sweeping dismissal, Arizona courts sanctioned and/or rebuked Mr. Strojnik for his vexatious conduct, finding that:

- Mr. Strojnik filed "cookie-cutter lawsuits" "right down to the same typographical errors." (*See* RJN Exh. 10, *Advocates for Individuals With Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 893 (D. Ariz. 2017).)
- Mr. Strojnik's "extortionate practice has become pervasive" and he engaged in "unethical extortion of unreasonable attorney's fees[.]" *Id.* at 893, 898.
- Mr. Strojnik "misrepresented [plaintiffs'] intent to litigate [their] federal claim" and misle[d] and manipulate[d] opposing counsel[.]" (*See* RJN Exh. 11, *AIDF v. Golden Rule Properties*, CV-16-02412, 2017 WL 2417046, at *2 (D. Ariz. Mar. 20, 2017) (imposing sanctions).)
- Mr. Strojnik "attempt[ed] to increase the costs of litigation to maximize Defendants' desire to settle the suit due to the cost of defense," and engaged in "bad faith conduct." (*See* RJN Exh. 12, *AIDF v. Golden Rule Properties LLC*, No. CV-16-02413, 2016 WL 5939468, at *1, *6 (D. Ariz. Oct. 13, 2016) (imposing sanctions).)

The Arizona State Bar commenced an investigation into Mr. Strojnik and suspended his license in July 2018, finding that Mr. Strojnik had filed disingenuous lawsuits, sometimes including blatantly false allegations. (*See* RJN, Exh. 3.) The State Bar further found that "Mr. Strojnik [was] partaking in a scheme that will cause imminent and

3

**DEFENDANT'S MOTION FOR ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR A PREFILING ORDER**   Case No. 4:19-cv-03983-DMR

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

substantial harm to the public and administration of justice." (*Id.*) After completing its investigation, the State Bar disbarred Mr. Strojnik on May 10, 2019, concluding that:

> Beginning in 2016, Strojnik filed thousands of lawsuits against small businesses alleging minor violations of the Americans with Disabilities Act (ADA) and the Arizonans with Disabilities Act (AzDA) in state and federal courts. Typically, he demanded approximately $5,000 in attorney's fees regardless if the business remedied the purported violations. In all cases Strojnik alleged vague violations.
>
> Strojnik's "extortionate" and "ethically suspect" misconduct led the Arizona Attorney General's Office ("AG") to intervene in the suits. The Court granted intervention, consolidated the cases, and eventually dismissed most of them for lack of standing. The AG's office moved to intervene in one federal case to have Strojnik declared a vexatious litigant.
>
> The State Bar alleged that Strojnik engaged in conduct that caused immediate and substantial harm to clients, the public, and the administration of justice, making illusory claims for attorney fees and monetary damages. One District Court said his tactics were extortionate.

(*See* RJN, Exh. 6; *see also* Exh. 5.) But Mr. Strojnik's disbarment had little effect. Unwilling to stop his abusive litigation tactics, Mr. Strojnik went on the road and began filing his copycat lawsuits in other states. Because Mr. Strojnik is not licensed to practice law in those states, and likely cannot be, he filed his complaints in pro per. Holding himself out as a disabled veteran, since April 2018, Plaintiff has filed <u>110</u> lawsuits in California, Oregon, Washington, New Mexico, Idaho, and Texas, all arising from purported violations of the ADA. (*See* RJN, Exhs. 7, 8.)

Plaintiff's present Complaint, consistent with others he has filed, is a frivolous boilerplate document, which fails to allege sufficient facts to confer standing. (*See generally,* Defendant's Motion to Dismiss filed concurrently herewith.)

### III.   LEGAL STANDARD

The Ninth Circuit has recognized the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990); *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007). More

4

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANT'S MOTION FOR ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR A PREFILING ORDER**       Case No. 4:19-cv-03983-DMR

specifically, "[t]he All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski*, 500 F.3d at 1057 (citing *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). "Flagrant abuses of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* (quoting *De Long*, 912 F.2d at 1148).

Courts examine four factors before entering a pre-filing order: (1) the litigant must be given notice and an opportunity to be heard before the order is entered; (2) the Court must compile "an adequate record for review"; (3) the Court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered. *Id.* (citing *De Long*, 912 F.2d at 1147-48). To help apply the third and fourth factors, courts in the Ninth Circuit look to the Second Circuit's *Safir* factors, which require the court to consider: (1) the litigation, and whether it included vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, and whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and the parties. *Id.* at 1058 (citing *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

### IV.  ALL OF THE REQUIREMENTS FOR DETERMINING MR. STROJNIK IS A VEXATIOUS LITIGANT ARE MET.

#### A.  This Motion Provides Mr. Strojnik Notice and an Opportunity to Be Heard.

Mr. Strojnik will receive notice that he may be declared a vexatious litigant and have a pre-filing order entered against him when this Motion is served on him. Mr. Strojnik will have the opportunity to be heard, that is, oppose the Motion, both in writing

and at the hearing. *See* Fed. R. Civ. P. 7(b).

### B. The Court Has an Ample Record to Declare Mr. Strojnik A Vexatious Litigant.

"An adequate record for review should include a listing of all cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147. "At least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive." *Id*. (collecting cases).

A Request for Judicial Notice accompanies this motion containing that contains a list of the cases filed by Mr. Strojnik in courts throughout California, Oregon, Washington, New Mexico, Idaho, and Hawaii, as well as records regarding the disciplinary action taken by the Arizona Attorney General's Office and Arizona State Bar against Mr. Strojnik for his serial filings of thousands of frivolous lawsuits, including dismissal of the cases and his disbarment in May 2019. (*See* RJN, Exh. 1.) In disbarring Mr. Strojnik, the Arizona State Bar found he had engaged in "'extortionate' and 'ethically suspect' misconduct" that "caused immediate and substantial harm to clients, the public, and the administration of justice." (*See* RJN, Exh. 6.)

Because Mr. Strojnik's litigation history is expansive, and typically frivolous and harassing, this Court has ample record from which to issue the requested pre-filing order against Mr. Strojnik to curb his vexatious litigation.

### C. Mr. Strojnik's Current Filing and Litigation History Demonstrate His Complaint Is Frivolous and Harassing.

Mr. Strojnik is a professional plaintiff with a lengthy, demonstrated history of filing boilerplate complaints. Mr. Strojnik's complaints assert facts that are disingenuous and sometimes blatantly false. This lawsuit, like many before it, is a frivolous attempt to harass and unfairly coerce settlement. As Arizona courts faced with similar suits found:

- Mr. Strojnik filed "cookie-cutter lawsuits" "right down to the same typographical errors." (*See* RJN, Exh. 10).

- Mr. Strojnik's "extortionate practice has become pervasive" and he engaged in "unethical extortion of unreasonable attorney's fees[.]" (*Id.*)
- Mr. Strojnik "misrepresented [plaintiffs'] intent to litigate [their] federal claim" and misle[d] and manipulate[d] opposing counsel[.]" (*See* RJN, Exh. 11 (imposing sanctions).)
- Mr. Strojnik "attempt[ed] to increase the costs of litigation to maximize Defendants' desire to settle the suit due to the cost of defense," and engaged in "bad faith conduct." (*See* RJN, Exh. 12 (imposing sanctions).)

Mr. Stronjnik has brought over 100 copycat suits in California, Texas, Washington, Oregon, and Hawaii. (*See* RJN, Exhs. 7, 8.) Of those, 86 were filed in state and federal courts throughout California; and 21 specifically in the Northern District of California.[2] (*Id.*) In dismissing one of Mr. Strojnik's cases for failure to comply with court procedure, the Central District of California stated: "Rather than being a befuddled pro se litigant who erroneously believes that he has complied with the Court's Order, Plaintiff is an experienced litigator who appears to have altered his business model to work around the loss of his license." (*See* RJN, Exh. 9 at *3-4.)

### 1. *Mr. Strojnik's Complaint is Harassing.*

While raising multiple claims is not necessarily unethical or vexatious, a high volume of lawsuits "is a factor indicative of intent to harass." *Molski v. Mandarin Touch Restaurant*, 347 F.Supp.2d 860, 864 (C.D. Cal. 2004), aff'd in part, dismissed in part sub

---

[2] *See e.g.,* dockets and complaints for cases filed by Mr. Strojnik in the Northern District of California at RJN, Exh. 13: *Joie De Vivre* (No. 3:18-cv-06587-JSC); Exh. 14: *Marriott International* (No. 3:18-cv-06586-EDL); Exh. 15: *574 Escuela* (No. 3:18-cv-06777-JD); Exh. 16: *Benchmarck Conference Resorts* (No. 5:18-cv-07704-VKD); Exh. 17: *ML San Jose* (No. 5:19-cv-00737-NC); Exh. 18: *Ensemble Hotel* (No. 5:19-cv-01844-VKD); Exh. 19: *Bernardus* (No. 5:19-cv-01875-NC); Exh. 20: *JMA Ventures* (No. 5:19-cv-01876); Exh. 21: *Mirabel Hotel* (No. 5:19-cv-02529-SVK); Exh. 22: *VY Verasa Commercial* (No. 3:19-cv-02556-WHO); Exh. 23 *Hyatt International* (No. 5:19-cv-03006-NC); Exh. 24: *Xenia Hotels* (No. 5:19-cv-03082-NC); Exh. 25: *First & Mission Properties* (No. 5:19-cv-03122-NC); Exh. 26: *Wilson* (No. 3:19-cv-03377-SK); Exh. 27: *Madrona Manor* (No. 3:19-cv-03375-LB); Exh. 28: *Fowler* (No. 3:19-cv-03376-TSH); Exh. 29: *Napa LW Hotel* (No. 3:19-cv-03583-JSC); Exh. 30: *WCH Napa* (No. 4:19-cv-03968-KAW); Exh. 31: *539 Johnson Street* (No. 3:19-cv-03980-JCS); Exh. 32: *Cypress Inn* (No. 3:19-cv-03981-RS).

7

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANT'S MOTION FOR ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR A PREFILING ORDER**

Case No. 4:19-cv-03983-DMR

nom. *Molski*, 500 F.3d 1047. A high settlement rate, coupled with a high volume of cases filed, can "show[] a pattern of extortion." *Molski*, 500 F.3d at 1054. Filing boilerplate complaints also indicates a harassing intent. *Id*. at 1051 (citing *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988).

Mr. Strojnik's harassing intent is readily apparent from his history of frivolous litigation. Left with unfettered access to the court system in Arizona, Mr. Strojnik filed thousands of frivolous lawsuits, ultimately requiring the Arizona Attorney General's Office and State Bar to intervene and impose disciplinary action, including disbarment. The Attorney General's Office noted that Mr. Strojnik had filed 1,500 complaints over a 7-month period, and would "probably file 8,000 cases in the next two months." (*See* RJN, Exh. 1.) This scheme, according to the Attorney General's Office, greatly "threaten[ed] the State's interests." (*Id*.) Similarly, the Arizona State Bar found that Mr. Strojnik's 1,700 "copy paste" complaints were "very similar, alleging vague and non-specific violations" to quickly extort settlements in large volume. (*See* RJN, Exh. 3.) After completing its initial investigation, the State Bar found that Mr. Strojnik had filed disingenuous lawsuits, sometimes including blatantly false allegations, and that "Mr. Strojnik [was] partaking in a scheme that will cause imminent and substantial harm to the public and administration of justice." (*See* RJN, Exh. 6.)

Mr. Strojnik's recent conduct is no different. Mr. Strojnik's *modus operandi* is to file substantially similar boilerplate complaints with the same or similar conclusory and disingenuous allegations. In dismissing one of his cases for failure to comply with court ordered procedure, a court in the Central District of California noted that ***such serial litigation is prohibited***, stating:

> Plaintiff's professed ignorance and implication that he did not understand his obligation to familiarize himself with court procedure is simply not credible. Although Plaintiff is a pro se litigant in this forum, he is also an Arizona lawyer with extensive experience litigating ADA access cases. Plaintiff's Arizona law license is currently suspended. **A search of pacer.gov, sorted by date, reveals that three months after**

8

**Plaintiff's law license was suspended, he began filing access cases as a pro se litigant instead of filing them on behalf of clients**. *See e.g.*, *Gastelum v. Canyon Hosp. LLC*, No. CV-17-02792-PHX-GMS, 2018 WL 2388047, at *10 (D. Ariz. May 25, 2018) (dismissing for lack of standing eight ADA access cases Plaintiff filed on behalf of the same client). **Indeed, in less than four months, Plaintiff has filed twenty-six ADA actions as a pro se litigant**."

(*See* RJN, Exh. 9 at *2.) The Court continued finding that: "[r]ather than being a befuddled pro se litigant who erroneously believes that he has complied with the Court's Order, *Plaintiff is an experienced litigator who appears to have altered his business model to work around the loss of his license*." (*Id.* at *2-3.)

It's clear that Mr. Strojnik's sole intent in suing is to extract cash settlements, as indicated by most of his cases being voluntarily dismissed within a few months of filing. Indeed, at least 25 of the 86 cases filed by Mr. Strojnik in California were voluntarily dismissed within a two to four month-period.[3] Even where monetary damages were not available, the Arizona State Bar noted that Mr. Strojnik typically "demanded approximately $5,000 in attorney's fees regardless if the business remedied the purported violations." (*See* RJN, Exh. 6.) The Ninth Circuit has found that such extortionate tactics support a vexatious litigant finding. *Molski*, 500 F.3d at 1052 (relying on Molski's intent "to extract cash settlements from defendants," noting that "Molski had tried on the merits only one of his approximately 400 suits and had settled all the others").

The Complaint filed here demonstrates the same motive and intent as the numerous other cases filed by Mr. Strojnik. This is particularly true when considering that this is *one of five* cases that Mr. Strojnik has filed against Andaz Napa, and its related entities, since

---

[3] *See e.g.*, RJN, Exh. 7 at *Marriott International* (No. 2:18-cv-10237), *Best Western Hotels* (No. 2:18-cv-10493), *Zislis Boutique Hotels* (No. 2:18-cv-10494), *Second Street Corp.* (No. 2:18-cv-10495), *Hyatt Hotels Corp.* (No. 2:19-cv-01148), *Georgian Hotel* (No. 2:19-cv-01146), *Evergreen* (No. 1:18-cv-01522), *574 Escuela* (No. 1:18-cv-01520), *Ravensbrook Inn* (No. 1:18-cv-01621), *Marriott International* (No. 3:18-cv-06586), *Benchmarck Conference Resorts* (No. 5:18-cv-07704), *ML San Jose* (No. 5:19-cv-00737), *JMA Ventures* (No. 5:19-cv-01876), *Fowler* (No. 3:19-cv-03376), *Granite Fund* (No. 1:19-cv-00135), *Green Tea* (No. 1:18-cv-00403), *Island Acquisitions* (No. 1:18-cv-00409), *Provenance* (No. 3:18-cv-01869), *Elmer* (No. 3:18-cv-02171), *Live McMinnville* (No. 3:18-cv-02172), *Park Avenue* (No. 3:18-cv-02173), *VIP's Hotels* (No. 6:19-cv-00041), *Greiger Victoria* (No. 3:18-cv-05912), *Swantown Inn* (No. 2:18-cv-01831), *Seattle Hotel* (No. 2:18-cv-01832).

9

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANT'S MOTION FOR ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR A PREFILING ORDER**    Case No. 4:19-cv-03983-DMR

April 2019. It is clear from Mr. Strojnik's litigation history that such frivolous litigation will only continue absent intervention by this Court.

### 2. *Mr. Strojnik's Complaint is Frivolous.*

District Courts look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. *De Long*, 912 F.2d at 1148 (quoting *Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). In *Molski v. Evergreen Dynasty*, the court explained that "frivolous litigation is not limited to cases in which a legal claim is entirely without merit. It is also frivolous for a claimant who has some measure of a legitimate claim to make false factual assertions." *Id.*, 500 F.3d at 1060-61 (9th Cir. 2007). The Ninth Circuit affirmed vexatious litigant relief even while "acknowledge[ing] that Molski's numerous suits were probably meritorious in part—many of the establishments he sued were likely not in compliance with the ADA." *Id.* at 1062. Thus, even if some of Mr. Strojnik's targets were actually in violation of the ADA and DPA, it does not immunize his conduct from judicial scrutiny.

Notably, all of the cases filed by Mr. Strojnik in California since April 2018 contain the same or substantially similar boilerplate allegations, including:

- The defendants' websites "failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Mr. Strojnik to assess independently whether Defendant's Hotel meets his accessibility needs."
- The defendants' websites "failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms";
- Mr. Strojnik "intends to visit Defendant's hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deferred from patronizing a

hotel suffers the ongoing actual injury of access to the Hotel."; and

- *Either*: (1) he "declined to book a room" because the website did not describe the accessibility information; *or* (2) he actually visited the premises and observed the accessibility violations he could not ascertain from the website.

(*See e.g.,* Compl., ¶¶ 12, 19, 20, 25; *See also e.g.*, RJN, Exhs. 13-18.) The only difference between this case and the thousands of other lawsuits Mr. Strojnik filed in Arizona is that, now he is the plaintiff.[4] Andaz Napa has moved to dismiss Mr. Strojnik's Complaint for lack of standing. Mr. Strojnik's litigation history, combined with the baseless allegations in the instant Complaint demonstrate that this lawsuit, like so many before it, is frivolous and harassing.

### D. The Requested Vexatious Litigant Order Is Narrowly Tailored.

Vexatious litigant orders must be narrowly tailed "to prevent infringement on the litigator's right to access the courts." *De Long*, 912 F.2d at 1148. Such orders are considered appropriately tailored where the litigant's ability to sue is restricted. *See Molski*, 500 F.3d at 1061 (pre-filing order narrowly tailored where litigant who had been vexatiously filing ADA claims was prevented from filing ADA actions in the Central District without preapproval).

Similarly, here, the requested order seeks only to restrain Mr. Strojnik from filing any new ADA actions in the Northern District without first obtaining leave from the Court. Specifically, Defendant seeks a pre-filing order requiring that Mr. Strojnik: (1) Obtain approval from this Court before filing any new suit under the ADA and/or relating to disability law compliance in this district; and (2) when seeking approval from this Court, Mr. Strojnik must provide a copy of the complaint to the potential defendant.

---

[4] Specifically, Mr. Strojnik alleges that, due to "foramina stenosis, femoral neuropathy, prostate cancer and renal cancer" and "a degenerative right knee," he "walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation." The complaints do not specify what "accessibility features" he was looking for, but rather attach snapshots of the website showing a lack of information regarding accessibility features. Some complaints also attached photos he took of accessibility violations/barriers not disclosed on the website. (*See* Compl., ¶ 3.)

11

**DEFENDANT'S MOTION FOR ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR A PREFILING ORDER**  Case No. 4:19-cv-03983-DMR

Because of Mr. Strojnik's long history of vexatious litigation, a pre-filing order is necessary to achieve the desired result. As demonstrated above, other sanctions will simply not suffice.

## V.   CONCLUSION

Defendant respectfully requests this Court to issue an order declaring Plaintiff Peter Strojnik Sr. a vexatious litigant and requiring him to obtain leave of the Court before filing any future ADA in this Court.

DATED: August 6, 2019    BUCHALTER
A Professional Corporation

By:   */s/ Eric Kennedy*
TRACY A. WARREN
ERIC KENNEDY
Attorneys for Defendant IA Lodging Napa
First LLC, dba Andaz Napa

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2019, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

By: */s/ Eric Kennedy*
Eric Kennedy