1

2

3

4

Peter Strojnik (Sr.),
7847 N. Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

**FILED**

AUG 21 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

5

6

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

7

Case No: 4:19-CV-03983-DMR

8

9

10

PETER STROJNIK (SR.),

Plaintiff,

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO
DECLARE PLAINTIFF A
VEXATIOUS LITIGANT**

11

vs.

**and**

12

13

14

IA LODGING NAPA FIRST LLC., DBA
ANDAZ NAPA

Defendant.

**REQUEST FOR VEXATIOUS
LITIGANT DISCOVERY AND
EVIDENTIARY HEARING**

15

16

**INTRODUCTION AND SUMMARY**

17

Defendant seeks to have Plaintiff declared a vexatious based on the assertion that:

18

19

Because Mr. Strojnik's litigation history is expansive, and typically frivolous
and harassing, this Court has ample record from which to issue the requested
pre-filing order against Mr. Strojnik to curb his vexatious litigation.

20

21

*See* Motion [Doc 8] at 6:17-19. But no court has ever found that Plaintiff's
Complaint was "frivolous and harassing".

22

23

24

25

26

27

As proof of its insupportable factual premise, Defendant offers its opinion that the
*current* case is "frivolous and harassing", *id.* at 6-11. Obviously, before arguing that the
current litigation is "frivolous and harassing", Defendant will first have to get past its
current Motion to Dismiss and *then* seek a declaration that the Complaint is "frivolous and
harassing". Defendant's advocative opinion that the current Complaint (or any other
complaint) is "frivolous and harassing" does not come even close to satisfying the
vexatious litigant standard of proof.

28

1    While the unsupported allegations of frivolity and harassment permeate the

2    Motion, Defendant fails to point to *even one case* where Plaintiff's claims have been

3    dismissed on the merits or, for that matter, even one case where a complaint was found

4    "frivolous" or "harassing". The reason for this is clear: No court has ever found that

5    Plaintiff, acting pro se, has ever filed even one meritless or harassing complaint.

6    Plaintiff is aware of one case involving a dismissal on procedural grounds *see*

7    *Strojnik v. Singpoli*, 2:19-cv-00066-JLS-AGR filed in the Central District. There, the

8    case was dismissed with prejudice because Plaintiff failed to serve Defendant's with

9    Central District's ADA Packet. This was a procedural dismissal. Additionally, the

10    *Singpoli* dismissal is on appeal, *see* 9th Circuit Court of Appeals Case No. 19-55310. In

11    one other case, *Strojnik v. Orangewood, LLC* 19-cv-00946-DSF, also a Central District

12    Court case, the Complaint was dismissed [Doc. 18] with leave to amend. The leave to

13    amend shall be exercised. And just yesterday, Plaintiff received an Order of Dismissal on

14    standing grounds in *Strojnik v.Pasadena Robles* 2:19-CV-02067-AB (CD Cal). This

15    case is scheduled for appeal.

16    Defendant's Motion falls short and should be denied.

17    This response is supported by separately filed Declaration of Peter Strojnik and

18    his Response to Motion to Dismiss filed contemporaneously herewith. Both are

19    incorporated by reference.

**MEMORANDUM**

**1.    Standard of Review**

20    Pursuant to 28 U.S.C. § 1651(a) (1988), district courts may regulate and enjoin the

21    activities of litigants with abusive and lengthy histories. *De Long v. Hennessey*, 912 F.2d

22    1144, 1147 (9th Cir. 1990).

23    The First Amendment right to "petition the Government for a redress of grievances"

24    — which includes the filing of lawsuits — is "one of `the most precious of the liberties

25    safeguarded by the Bill of Rights.'" *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 524, 122

26    S.Ct. 2390, 153 L.Ed.2d 499 (2002) (quoting *United Mine Workers v. Illinois Bar

27    Assn.*, 389 U.S. 217, 222, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967)). Consequently, a

28    determination that a litigant has repeatedly filed frivolous and harassing lawsuits itself

1   implicates his First Amendment interest in access to the courts. Indeed, where an
2   individual's use of the courts is declared abusive or baseless, "the threat of reputational
3   harm[,] ... different and additional to any burden posed by other penalties," is alone
4   sufficient to trigger First Amendment concerns. *See id.* at 530, 122 S.Ct. 2390.

5       Because the right to access the courts implicates due process and First Amendment
6   rights, courts have been exceedingly reluctant to restrict such access. We have noted that
7   because a pre-filing order "restricts an individual's access to the court system, it is an
8   extraordinary remedy that should be narrowly tailored and rarely used." *Moy v. United*
9   *States,* 906 F.2d 467, 470 (9th Cir.1990). This is so even though litigants and lawyers
10   covered by a pre-filing order are not entirely enjoined from filing suits covered by the
11   order, but must obtain the court's approval first. This pre-clearance requirement is in itself
12   a serious imposition on the right to access the courts: "Among all other citizens, he is to
13   be restricted in his right of access to the courts. As far as he is concerned, his future filings
14   run the risk of delay and even possible rejection before he can call upon defendants to
15   respond to those filings. ... We cannot predict what harm might come to him as a result,
16   and he should not be forced to predict it either. What he does know is that a Sword of
17   Damocles hangs over his hopes for federal access for the foreseeable future." *Id.*

18       However, such pre-filing orders "should rarely be filed." *Id.* Four factors must be
19   proven before a court can declare a plaintiff a vexatious litigant:

> "(1) [the] plaintiff must be given adequate notice to oppose [the order]; (2) a
> trial court must present an adequate record for review by listing the case
> filings that support its order; (3) the trial court must further make substantive
> findings as to the frivolousness or harassing nature of the plaintiff's filings;
> and (4) the order must be narrowly tailored to remedy only the plaintiff's
> particular abuses."

*Reiner v. Graiwer*, No. CV 15-7577-GHK (KES), 2015 WL 9999191, at *11 (C.D. Cal.
Nov. 25, 2015), *report and recommendation adopted*, No. CV1507577GHKKES, 2016
WL 455418 (C.D. Cal. Feb. 4, 2016) (citing *De Long*, 912 F.2d at 1147).

       To determine whether to declare Plaintiff a vexatious litigant, the Court must first
evaluate "the frivolousness or harassing nature of the plaintiff's filings." *Id.* at *11. The
Court's substantive findings regarding the nature of Plaintiff's filings go "to the heart of

1    the vexatious litigant analysis." *Id*. at *13 (quoting *Molski v. Evergreen Dynasty Corp.*,

2    500 F.3d 1047, 1059 (9th Cir. 2007)).

3        To evaluate the nature of Plaintiff's claims, "the district court needs to look at 'both

4    the number and content of the filings as indicia' of the frivolousness of the litigant's

5    claims." *De Long*, 912 F.2d at 1148 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir.

6    1988)). A plaintiff's claims must be both numerous and patently without merit to be

7    deemed frivolous for the purpose of declaring the plaintiff a vexatious litigant. *Molski*, 500

     F.3d at 1059.

8        The second *De Long* factor requires that the Court set forth an adequate record

9    for review, which lists "all the cases and motions that led the district court to conclude

10   that a vexatious order was needed" and must at least "show, in some manner, that the

11   litigant's activities were numerous or abusive." *De Long*, 912 F.2d at 1147.

12       Defendant offers no cases or motions showing that any part of any litigation has

13   been meritless or abusive.

14   **2.  Who is "Litigant" to whom Vexatious Designation may Apply**

15       Notably, Defendant fails to disclose that the Arizona ethics judge stated in open

16   court, paraphrasing, "[a]ll I have heard is that Strojnik files meritorious ADA lawsuits",

17   *see* ¶ 13 of the separately filed Declaration. Nor does Defendant disclose that in the

18   Arizona Proceedings:

19       10. Brnovich entered into a stipulation with Declarant which withdrew all
         Brnovich's motions for sanctions **"for the reason that a continuing pursuit**
20       **of sanctions, costs and fees against…Strojnik would not advance the**
         **cause of justice."** (Emphasis supplied)  Exhibit 1 at ¶6. The stipulation
21       further confirmed that Strojnik was not a vexatious litigant, stating, "[f]or
         avoidance of any doubt, nothing in this paragraph limits the ability of Mr.
22       Strojnik…to represent any party in any action." *See id* at ¶4.
23

24   *Declaration* at ¶10.

25       Lastly, Defendant fails to disclose that the Ninth Circuit has suggested the court's

26   "vexatious litigant" definition may be based on  California law's statutory requirements,

27   but not to the requirements for the court's exercise of its inherent powers under *De Long*.

28   *See Russell v. Thompson*, 94 F.3d 652 (9th Cir. 1996) (affirming vexatious litigant

4

1 determination under California law without reference to *De Long* requirements); *Sanders*

2 *v. CleanNet of S. California*, Inc., 135 Fed. App'x 936, 938 (9th Cir. 2005) (same). On the

3 other hand, in at least one unpublished case, the Ninth Circuit has subjected a "vexatious

4 litigant" determination under California law to the same requirements as in *De Long. See*

5 *Tyler v. Knowles*, 481 Fed. App'x 355, 356 (9th Cir. 2012) (reversing trial court's vexatious

6 litigant determination under California law for the court's failure to comply with

7 procedural *De Long* requirements). Thus, although the court proceeds on the basis of its

8 local rule and state statutory law below, the court also considers each of the requirements

of *De Long*.

9

     Under California law, a lawyer for a party is not a "litigant" *unless* he represents

10 himself "in propria persona". Cal. Code Civ. Proc. § 391(b). Therefore, while the

11 definition of "litigant" includes Plaintiff who is indeed acting "in propria persona", it does

12 not include the Plaintiff who acted as an attorney for another.

13      Thus, an attorney representing another person is by definition not representing

14 himself, and is thus not "acting in propria persona" and would not be subject to a vexatious

15 litigant order. *See also Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1194 (9th Cir. 1999)

16 (in evaluating trial court's vexatious litigant order under 28 U.S.C. § 1651(a), concluding

17 "[a] vexatious litigant order imposed against a pro se litigant, however, is distinguishable

18 from an order that limits an attorney's right to file pleadings on behalf of a client, i.e., to

19 practice his or her profession.").

20 **3. Defendant Offers No Evidence of Any Meritless or Harassing Lawsuits**

21      Because the right to access the courts implicates due process and First Amendment

22 rights, courts have been exceedingly reluctant to restrict such access. The 9th Circuit Court

23 of Appeals has noted that because a pre-filing order "restricts an individual's access to the

24 court system, it is an extraordinary remedy that should be narrowly tailored and rarely

25 used." *Moy v. United States,* 906 F.2d 467, 470 (9th Cir.1990). This pre-clearance

26 requirement is in itself a serious imposition on the right to access the courts: "Among all

27 other citizens, he is to be restricted in his right of access to the courts. As far as he is

28 concerned, his future filings run the risk of delay and even possible rejection before he can

call upon defendants to respond to those filings. ... We cannot predict what harm might

come to him as a result, and he should not be forced to predict it either. What he does know is that a Sword of Damocles hangs over his hopes for federal access for the foreseeable future." *Id.*

Because it interferes with the basic right of court access, "[a]n injunction cannot issue merely upon a showing of litigiousness." *Id.* Rather, "[t]he plaintiff's claims must not only be numerous, but also be *patently without merit.*" *Id.*(emphasis added). *In re Oliver,* 682 F.2d 443, 446 (3d Cir.1982) ("Oliver's litigiousness alone would not support an injunction restricting his filing activities.... [L]egitimate claims should receive a full and fair hearing no matter how litigious the plaintiff may be.").

Here, Defendant offers no case, litigation or complaint filed by Plaintiff that is without merit. There are no such cases, litigations or complaints. *See* separately filed Declaration of Peter Strojnik.

## CONCLUSION AND PRAYER FOR RELIEF

Plaintiff is frankly confused with Defendant's Motion. Clearly, Defendant is, or must be aware, of the standard of proof for filing of such a serious Motion. Therefore, Plaintiff respectfully request leave to conduct limited discovery as outlined in Addendum A for the sole purpose of discovering which cases, complaints or litigation matters Defendant believes were brought or litigated without merit. Plaintiff further requests an evidentiary hearing on this matter.

RESPECTFULLY DATED this 16th day of August, 2019.

**PETER STROJNIK**

Plaintiff

Mailed to the District Court this 19th day of August 2019 and distributed by email as follows:
TRACY A. WARREN, twarren@buchalter.com
ERIC KENNEDY, ekennedy@buchalter.com
Counsel for Defendant

6

**ADDENDUM A**
**(Proposed Discovery)**

Plaintiff would like to submit the following written discovery to Defendant:

**REQUEST TO ADMIT 1:**

Please admit that you are aware of no court proceeding in which Strojnik was a Plaintiff where the Court found that Plaintiff's claim was without merit or harassing in nature.

ADMIT_____        DENY_____

**INTERROGATORY 1:**

If you denied the preceding Request to Admit, please identify each court proceeding in which Strojnik was a Plaintiff where the Court found that Plaintiff's claim was without merit or harassing in nature.

**REQUEST FOR PRODUCTION 1:**

With respect to all proceedings in which Strojnik was plaintiff and the court found that his claims were without merit or harassing, please produce such findings.