1  BUCHALTER
   A Professional Corporation
2  TRACY A. WARREN (SBN: 228013)
   ERIC KENNEDY (SBN:  228393)
3  ASHLEY L. MILNES (SBN: 300697)
   1000 Wilshire Boulevard, Suite 1500
4  Los Angeles, CA  90017-1730
   Telephone: 213.891.0700
5  Fax: 213.896.0400
   Email:  ekennedy@buchalter.com
6
   Attorneys for Defendant IA Lodging Napa First LLC, dba Andaz Napa
7

8            **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

11  PETER STROJNIK (SR.),                    Case No. 4:19-cv-03983-DMR

12          Plaintiff,                       **DEFENDANT IA LODGING NAPA
                                             FIRST LLC, DBA ANDAZ NAPA'S**
13      vs.                                  **REPLY IN SUPPORT OF MOTION TO
                                             DISMISS**
14  IA LODGING NAPA FIRST LLC, DBA
    ANDAZ NAPA,
15
            Defendant.                       Hearing Date:  October 24, 2019
16                                           Time:          1:00 p.m.
                                             Judge:         Donna M. Ryu
17

18

19

20

21

22

23

24

25

26

27

28

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO          Case No. 4:19-cv-03983-DMR
DISMISS**

I. **INTRODUCTION**

Plaintiff Peter Strojnik Sr.'s Opposition spends several pages reciting case law and addressing what he believes to be Defendant's "lead barney" (Opp, at 2), but does little, if anything, to address the legal bases that demand dismissal of his Complaint.

Specifically, Plaintiff does not, and cannot, allege that he suffered an injury in fact because of alleged barriers at Defendant's hotel. In an attempt to manufacture such an injury, Plaintiff now asserts for the first time in his Opposition that rather than simply viewing the alleged barriers at Defendant's hotel online from his home in Arizona, he actually visited Defendant's hotel in April 2019, the result of which allegedly deterred him from returning. But rather than describing the barriers he purportedly encountered in any detail, Plaintiff merely relies on a series of photos and accompanying short, often opaque descriptions in an Addendum to the Complaint, listing unspecified "ADA violations." For example, he attaches photos with the descriptions "inaccessible check in counter," "inaccessible service counter," "inaccessible hardware," but fails to describe what about the counters or hardware is deficient or how it limits *his* access. *See* Compl., Addendum A. at 6, 7. Instead, Mr. Strojnik simply leaves the Court to guess what each of the alleged ADA violations are, and how they relate to his alleged disability.

Significantly, two courts in the Central District recently dismissed Strojnik's complaints for lack of standing based on nearly identical allegations: *Strojnik v. Pasadena Robles*, No. 2:19-cv-02067-AB-PJW, Doc. 23 (C.D. Cal. Aug. 14, 2019) (Order granting dismissal); *Strojnik v. Orangewood, LLC*, No. 8:19-cv-00946-DSF-GJSx, Doc. No. 18, at *6 (C.D. Cal. Aug. 8, 2019) (Order granting dismissal with leave to amend). True and correct copies of those Orders have been attached as Exhibits 33 and 34 to Defendant's Request for Judicial Notice in support of this Reply ("RJN"), for the Court's reference.

As noted in *Strojnik v. Orangewood, LLC*, Plaintiff cannot merely identify barriers not associated with his particular disability to satisfy Article III standing. (RJN, Exh. 33, at *6.) Further, even though Plaintiff now vaguely alleges to have visited Defendant's hotel on one prior occasion, he offers no support for this claim, and otherwise lack a

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**    Case No. 4:19-cv-03983-DMR

genuine intent to return. Such hypothetical and conclusory allegations are wholly insufficient to plead standing under the ADA and Article III. Thus, Plaintiff's Complaint must be dismissed with prejudice accordingly.

## II. PLAINTIFF HAS FAILED TO ESTABLISH STANDING UNDER THE ADA

For Plaintiff to allege Article III standing, he must sufficiently plead "that he has suffered an injury-in-fact, the injury is traceable to the [defendant's] action, and that the injury can be redressed by a favorable decision." *Chapman v. Pier I Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). An injury-in-fact must be (a) actual or imminent, not conjectural or hypothetical, and (b) concrete and particularized. *Lujan v. Defenders Wildlife*, 504 U.S. 555, 561 (1992). Because injunctive relief is the only remedy available to plaintiffs under the ADA, Plaintiff must also show he faces a "real and immediate threat of repeated injury" to establish an injury-in-fact for purposes of standing. *Chapman*, 631 F.3d at 946 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). The Ninth Circuit has held that there are two ways in which an ADA plaintiff may establish standing to sue for injunctive relief: the plaintiff can either demonstrate "deterrence" or "injury-in-fact coupled with an intent to return to a noncompliant facility." *Id.* at 944.

Standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1547 (2016). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Chapman v. Pier I Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011). Courts have found this is especially true in ADA cases. *Vogel v. Sym Props., LLC*, No. CV 15-098550AB (ASx), 2017 U.S. Dist. LEXIS 214360, at *4 (C.D. Cal. Aug. 4, 2017). "Given the 'trend of abusive ADA litigation, special diligence and vigilant examination of the standing requirement are necessary and appropriate to ensure the litigation serves the purpose for which the ADA was enacted. *Id.* (quoting *Harris v. Stonecrest Care Auto Center*, 472 F. Supp. 2d 1208, 1215 (S.D. Cal. 2007) (internal citations and quotes omitted)).

As demonstrated below, Plaintiff has failed to establish Article III standing.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**                    Case No. 4:19-cv-03983-DMR

1    Plaintiff's Complaint must be dismissed accordingly.

2        A.  **Plaintiff Has Not Pled Injury in Fact**

3            To establish an injury in fact, a plaintiff may show a concrete and particularized

4    injury "by stating that he is currently deterred from attempting to gain access" to the

5    public accommodation due to a barrier. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040 (9th

6    Cir. 2008). A barrier in a public accommodation must "interfere with the plaintiff's full

7    and equal enjoyment of the facility. *Chapman*, 631 F.3d at 947. A barrier, however, will

8    "only amount to such interference if it affects the plaintiff's full and equal enjoyment of

9    the facility on account of his particular disability." *Id*. "A bare procedural violation

10   unassociated with a plaintiff's particular disability cannot satisfy the demands of Article

11   III standing." *Gastelum v. Phoenix Cent. Hotel Venture*, LLC, 2019 U.S. Dist. LEXIS

12   20580, at *8 (D. Ariz. Feb. 8, 2019) (citing *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1550

13   (2016)).

14           Here, Plaintiff has failed to provide anything more than vague and conclusory

15   assertions regarding the alleged barriers he encountered at Defendant's property. Though

16   Plaintiff's Complaint attaches several photos of what he claims are alleged ADA

17   violations, the photos are only accompanied by vague descriptions which fail to specify

18   what those violations are. Plaintiff also fails to allege what features or information he

19   requires for his needs, nor he tie any of the alleged violations to his specific disability.

20   Therefore, it is entirely unclear how (if at all) any of the alleged ADA violations interfered

21   with Plaintiff's personal use and enjoyment of Defendant's Property. [1] Indeed, although

22   many of the alleged barriers in the photos seem to relate to accessibility for an individual

23   in a wheelchair, [1] he never actually alleges that he requires the use of a wheelchair. As a

24   court in the Central District recently observed, Mr. Strojnik "cannot merely identify

25   barriers not associated with his particular disability to satisfy Article III standing." (RJN,

26

27   [1]For example, most of the photo captions relate to inaccessible counters or seating at
     Defendant's hotel, but Mr. Strojnik fails to articulate how any of these alleged violations
     relate to his disability or interfere with his enjoyment of Defendant's hotel. (*See* Compl.,
28   Addendum A.)

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**      Case No. 4:19-cv-03983-DMR

1    Exh. 33: *Strojnik v. Orangewood, LLC*, No. 8:19-cv-00946-DSF-GJSx, Doc. No. 18, at \*6

2    (C.D. Cal. Aug. 8, 2019).)

3         In *Strojnik v. Orangewood, LLC*, Mr. Strojnik had similarly attached several photos

4    of alleged barriers at the defendant's hotel, which the Court noted were all accompanied

5    by the same uniform caption, i.e., "the barrier 'denied Plaintiff full and equal access by

6    failing to identify and describe accessible features in the hotel and guest rooms in enough

7    detail to reasonably permit Plaintiff to assess independently whether the hotel or guess

8    room meet his accessibility needs.'" (*Id*.) However, the Court noted that, Mr. Strojnik

9    "does not identify what features or information Plaintiff requires for his accessibility

10   needs…[and]…Plaintiff must do more than merely identify barriers that he encountered—

11   he must plead how each barrier affected him because of his disability." (*Id*.) Because Mr.

12   Strojnik had failed to plead how such barriers related to his disability, nor any facts to

13   support an injury because of those barriers, the Court concluded he failed to establish

14   standing under Article III. (*Id*.)

15        Indeed, another court in the Central District also recently expressed the same

16   uncertainty regarding whether Mr. Strojnik had pled injury in fact when entering dismissal

17   based on lack of standing. (RJN, Exh. 34: *Strojnik v. Pasadena Robles*, No. 2:19-cv-

18   02067-AB-PJW, Doc. 23, at \*4 n. 1 (C.D. Cal. Aug. 14, 2019). Similar to above, there,

19   the Court found that while Mr. Strojnik attached several photos to his complaint, "the

20   Complaint d[id] not spell out what each of the alleged ADA violations are, it simply

21   attache[d] photos with captions in which Plaintiff states the photos depict said

22   violations—but such assertions are legal conclusions not factual allegations, and so the

23   Court disregards them." The Court also noted that, "[s]imilarly, while Plaintiff presents

24   photos of allegedly inaccessible rooms and vending machines…this does not mean that

25   Defendant did not have other rooms and other vending machines that are accessible." (*Id*.)

26   As a result, the Court concluded, "while Plaintiff asserts that he was deterred from staying

27   at Defendant's hotel because of access barriers he became aware of, the Complaint is

28   devoid of facts alleging what these access barriers are. And, having failed to articulate in

1  allegations what the specific barriers are, Plaintiff also failed to tie them to his alleged

2  disability as required to show the violation "affect[s] the plaintiff in a personal and

3  individual way." (*Id*. (quoting *Luna*, 504 U.S. at 560 n. 1).)

4        Similarly, here, Mr. Strojnik has attached several photos of alleged ADA violations

5  at Defendant's property, but fails to allege any facts as to what these violations are nor

6  how they affect his personal disability. Instead, like in *Chapman*, Mr. Strojnik "leaves the

7  federal court to guess which, if any, of the alleged violations" apply to his disability. *See*

8  *Chapman*, 631 F.3d at 955. "Listing procedural violations without connecting them to any

9  particular harm is insufficient to plead standing." *See Strojnik v. Orangewood, LLC*, No.

10  8:19-cv-00946-DSF-GJSx, Doc. No. 18, at *8 (citing *Spokeo*, 136 S. Ct. at 1550); *see also*

11  *Gaylor v. Inland Am. McKinney Towne Crossing LP, LLC*, 2014 WL 1912388, at *3 (E.D.

12  Tex. May 13, 2014) (dismissal under Rules 12(b)(1) and 12(b)(6) proper where plaintiff

13  attached photos of defendants' property to complaint but failed to specify which defect he

14  claims caused him difficulty).

15     **B.  Plaintiff Fails to Allege A Genuine Intent To Return To Defendant's Property.**

16        In order for Plaintiff to allege an injury that is "imminent," he must express more

17  than a "vague desire to return" to Defendant's property. *Summers v. Earth Island Inst.*,

18  555 U.S. 488, 496 (2009). Absent a "firm intention to visit" the location, Plaintiff has not

19  alleged any facts "to satisfy the requirement of imminent injury[.]" *Id*. "General

20  statements regarding Plaintiff's intent to travel to an area…are insufficient to allege an

21  'actual and imminent' injury." *Brooke,* 2016 U.S. Dist. LEXIS 60062, at *7-8 (citing

22  *Summers*, 555 U.S. at 493.) In other words, "some day' intentions—without any

23  description of concrete plans, or indeed even any specification of *when* the some day will

24  be—do not support a finding of the 'actual or imminent' injury that [Supreme Court]

25  cases require." *Brooke v. Choice Hotels Int'l, Inc.,* 2016 U.S. Dist. LEXIS 60062, at *7-8

26  (S.D. Cal. May 5, 2016) (citing Lujan, 504 U.S at 564) (emphasis in original); *see also*

27  *Barnes v. Marriott Hotel Servs.*, 2017 U.S. Dist. LEXIS 22588, at *24 (N.D. Cal. Feb. 16,

28  2017) (plaintiff failed to establish standing where she stated nothing more than "'some

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**     Case No. 4:19-cv-03983-DMR

day' intentions" to return "at an uncertain point in the future…"). Where the plaintiff's alleged intent to return is not genuine, the plaintiff lacks standing to pursue his or her action. *See Molski v. Kahn Winery*, 405 F. Supp. 2d at 1164 (holding "[w]here a plaintiff has visited a restaurant only once, the lack of a "history of past patronage seems to negate the possibility of future injury at [that] particular location." (citations omitted)).

Here, Plaintiff has merely alleged "some day" intentions at best, claiming only that he "intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG." Plaintiff's statement is exactly the kind of "mere profession of an intent" that the Supreme Court has deemed insufficient to establish standing. *Lujan*, 504 U.S. at 564 n. 2. Indeed, *Strojnik v. Pasadena Robles* already considered the same statement and concluded as much, finding that "[l]ike *Luna*, this is a general intent to return without more and is simply Plaintiff saying that he will "some day" return to Defendant's hotel." (RJN, Exh. __.) Moreover, Plaintiff lives more than 700 miles from Defendant's property. *See DeLil v. El Torito Rest.*, No. C93-3900, 1997 U.S. Dist. LEXIS 22788, at *3 (N.D. Cal. 1997) (finding plaintiff failed to establish standing in part because she lived over 100 miles from the restaurant). Although Plaintiff claims to have visited Defendant's property on one prior occasion, there is no corroboration provided for this assertion. Plaintiff points to a reservation confirmation for another Napa area hotel, but this fails to prove he actually stayed at that hotel, much less that he actually visited Defendant's property on the same trip. (*See* Strojnik Decl., ¶26.) Indeed, the confirmation itself—dated a week prior—states that Plaintiff could cancel his reservation at any time me up to 72 hours in advance, and Plaintiff's litigation history suggests he had a pattern of doing as much. (*Id.*) Moreover, courts have held that "[w]here a plaintiff has visited a restaurant only once, the lack of a 'history of past patronage seems to negate the possibility of future injury at [that] particular location.'" *Molski v. Kahn Winery*, 405 F. Supp. 2d at 1164; *see also Jones v. Sears Roebuck & Co.*, No. 2:05-cv-0535-MCE-KJM, 2006 U.S. Dist. LEXIS 86613, at *4 (E.D. Cal. Nov. 28, 2006) (finding plaintiff failed to establish standing in part where there

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**    Case No. 4:19-cv-03983-DMR

1  was "no regular pattern of patronizing [defendant's business].").

2         Plaintiff also fails to allege any definitive plan for visiting Napa in the future.

3  Rather, Plaintiff only vaguely alleges that he and his wife tend to visit Napa "once or

4  twice a year to stock up on California wines and spirits." (*See* Strojnik Decl., ¶25.)

5  Whatever speculative likelihood exists that Plaintiff may some day return to Napa is

6  insufficient to confer standing upon him in this case. *See, e.g., Brooke v. Pac. Gateway*

7  *Ltd., Ltd. P'ship*, No. 3:17-CV-0796-CAB-(WVG), 2017 U.S. Dist. LEXIS 70957, at *4

8  (S.D. Cal. May 9, 2017) (holding that plaintiff lacked standing where the hotel in question

9  was hundreds of miles from plaintiff's residence and she failed to provide specific

10  evidence of concrete plans to visit San Diego in the future, and that she would stay in the

11  Hotel if not for the accessibility issues); *Johnson v. Overlook at Blue Ravine, LLC*, No

12  2:10-CV-2387 JAM-DAD, 2012 U.S. Dist. LEXIS 102056, 2012 WL 2993890, at *3-4

13  (E.D. Cal. Jul. 20, 2012) (holding that the plaintiff lacked standing where the apartment

14  complex in question was only fifteen miles from the plaintiff's residence because the

15  plaintiff had no specific plans to return to the complex and presented no evidence of any

16  ties to the complex or the town in which it was located); *Luu v. Ramparts, Inc.*, 926

17  F.Supp. 2d 1178, 1182-84 (D. Nev. 2013) (holding that the plaintiff lacked standing

18  because he failed to present any evidence of a specific intent to return to the Luxor hotel

19  in Las Vegas and did not demonstrate that he prefers the Luxor or that it was the most

20  convenient hotel and casino location for him).

21      **C.  Plaintiff's Litigation History Is Properly Considered Here.**

22         Contrary to Plaintiff's assertion, an ADA plaintiff's litigation history can be

23  properly considered as evidence undermining his or her professed intent to return.

24  Specifically, courts consider litigation history a relevant factor in evaluating whether the

25  plaintiff's professed intent is genuine.  *Vogel v. Sym Props., LLC* (*Vogel I*), 2017 U.S.

26  Dist. LEXIS 214360, at *16 ("Though past litigation history alone is not sufficient to

27  impugn a plaintiff's credibility, courts do consider prior suits in evaluating a plaintiff's

28  stated intent to return to a particular establishment."). Where the plaintiff's alleged intent

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**    Case No. 4:19-cv-03983-DMR

1   to return is not genuine, the plaintiff lacks standing to pursue his or her action. *See*

2   *Chapman*, 631 F.3d at 953 ("[A plaintiff] lacks standing if he is indifferent to returning to

3   the store or if his alleged intent to return is not genuine."). As the court noted in *Vogel I*,

4   "[t]he issue is not whether Plaintiff is a serial ADA tester, but whether he misrepresented

5   the purpose of his visit" to Defendant's property. *Id.*, 2017 U.S. Dist. LEXIS 214360, at

6   *15-16.

7        In *Vogel I,* the court encountered a similar plaintiff. In particular, there, the plaintiff

8   had filed 1,5000-2,000 ADA cases over a 5-year period. *Vogel I*, 2017 U.S. Dist. LEXIS

9   214360, at *16 n. 3. He vaguely alleged that he was deterred from visiting the defendant's

10  shopping center because he had "encountered barriers (both physical and intangible)" at

11  the property, and could provide nothing more than vague and conclusory statements

12  regarding his intent to return. *Id.* at *7. In addition to his conclusory statements, the court

13  considered his litigation history in determining whether he had established standing

14  because it noted that there were factual discrepancies in the statements he had provided

15  regarding past visits to defendant's property, as well as issues concerning his conduct in

16  past ADA cases, which raised questions about the credibility of his allegations in this

17  case. *Id.* at *16-17. Specifically, the court noted that:

18

19       Plaintiff first claims he visited the Shopping Center on December 3,
         2015, December 4, 2015, and December 9, 2016…[¶] However, in
         Plaintiff's deposition he states that he first visited the Shopping
20       Center on December 4, 2015…Looking past the discrepancy
         regarding the exact date Plaintiff first visited the Shopping Center,
21       Plaintiff clearly represented that he first visited the Shopping Center
         in December 2015…[¶] Billing records, however, indicate that
22       Counsel visited the Shopping Center weeks before Plaintiff did…[¶]
         When the Court raised this discrepancy in the OSC and pressed
23       Plaintiff to explain why Counsel would visit the Shopping Center
         weeks before Plaintiff ever did, Plaintiff changed his story to claim
24       that he first visited the Shopping Center in November 2015 but did
         not retain a receipt. This new declaration directly contradicts
25       Plaintiff's previous representations to this Court and undermines his
         own deposition testimony.
26
    *Id.* at *18-20 (internal citations omitted).
27
         The court further noted that the "[p]laintiff's recent revisions almost identically
28

1   mirror[ed] those made in another of his ADA access cases, in which he and his lawyers

2   were sanctioned for acting in bad faith and making material misrepresentations to the

3   court regarding his standing to sue. *Id*. at \*20 (citing *Vogel v. Tulaphorn*, No. CV 13-464

4   PSG (PLAX), 2014 U.S. Dist. LEXIS 199473, 2014 WL 12629679, at \*6 (C.D. Cal. Jan.

5   30, 2014) ("Only one thing matters at this late date: Plaintiff and Counsel falsely

6   represented to this Court and Defendant, over many months of litigation, that Plaintiff

7   encountered access barriers during a prefiling visit to the restaurant that he never actually

8   made.") (emphasis in original)). Based on these discrepancies, coupled with the plaintiff's

9   litigation history, the court found that the plaintiff lacked a genuine intent to return, and

10  therefore, standing to sue under the ADA. *Id*. at \*22-23.

11       Like in *Vogel*, here, Plaintiff's conclusory assertions, coupled with his litigation

12  history and disciplinary record from Arizona, demonstrate a lack of genuine to return to

13  Defendant's property. This is particularly true when considering the notable discrepancies

14  between his allegations in the Complaint and those set forth in his Declaration.

15  Specifically, Plaintiff's Complaint does not allege that he ever visited Defendant's

16  property. (*See* Compl. *generally*.) Rather, plaintiff merely alleges that he viewed the

17  purported barriers at Defendant's property online from his home in Arizona. (*Id*.) Now all

18  of a sudden when confronted with dismissal, Plaintiff alleges in his Declaration that he

19  has visited Defendant's property on one prior occasion, as well as another hotel in the

20  area; and, in fact, "often travels to Napa once or twice to stock up on California wine and

21  spirits." (*See* Strojnik Declaration, ¶¶ 25-34). Not only does Plaintiff fail to provide any

22  factual support for these blanket assertions, but he fails to articulate any specific plan to

23  return or explain why he is likely to stay at or visit Defendant's hotel in the future. To the

24  extent Plaintiff actually visited the hotel, it's clear his only intended purpose was to

25  identify potential ADA violations, not to stay there in the future. *See Chapman*, 631 F.3d

26  at 953 ("[A plaintiff] lacks standing if he is indifferent to returning to the store or if his

27  alleged intent to return is not genuine.").

28       Plaintiff's omission of these allegations from the Complaint, coupled with his

1  litigation history and prior disciplinary record, demonstrate his intent to return is not

2  genuine. *See Vogel*, 2017 U.S. Dist. LEXIS 214360, at *23 ("Considering Plaintiff's past

3  litigation history, the numerous factual contradictions in the record, and the lack of

4  conclusive evidence that Plaintiff visited the Shopping Center when he says [he] did, the

5  Court finds Plaintiff's representations about his visits to the Shopping Center are not

6  credible. Moreover, considering the record in its entirety, Plaintiff's statements and

7  testimony mirror past misrepresentations and indicate that his intent to return to the

8  Shopping Center is not genuine.").

9      **D. Plaintiff Has Also Failed Plead Deterrence.**

10      An individual can prove "injury-in-fact" by showing that he is deterred from

11  patronizing a public accommodation due to defendant's failure to comply with the ADA.

12  *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002). But a

13  plaintiff's deterrence cannot be merely "conjectural or hypothetical." *Vogel v. Salazar*

14  (*Vogel II*), No. SACV 14-00853-CJC (DFMx), 2014 U.S. Dist. LEXIS 1513, at *2 (C.D.

15  Cal. Oct. 24, 2014). A plaintiff must allege facts to show that he "would return to the

16  establishment if the establishment were compliant with the ADA." *Id*. For example, in

17  *Vogel II*, the plaintiff merely stated that due to "physical and intangible barriers, he was

18  "deterred" and "continue[d] to be deterred from visiting" the defendant's public

19  accommodation. *Id*. at *2. The court stated that the plaintiff "failed to assert or point to

20  any colorable facts to prove that his assertion of deterrence is not merely hypothetical"

21  because the plaintiff did not provide any evidence that he would return to the public

22  accommodation if it were ADA compliant. *Id*. Thus, the court found that the plaintiff's

23  claims did not show that he was deterred from returning. *Id*.

24      Here, like in *Vogel II*, Plaintiff has failed to provide any facts showing his intent to

25  return to Defendant's hotel is not merely hypothetical. Plaintiff merely states that he is

26  "deterred from visiting the Hotel" and intends to visit once it is ADA compliant. (*See*

27  Compl., ¶¶ 11, 12.) As demonstrated above, Plaintiff alleges no facts to support that he

28  would return to the hotel if it were brought into compliance. While he vaguely claims to

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**    Case No. 4:19-cv-03983-DMR

1  have visited Defendant's property on one prior occasion, he provides no factual support

2  for this claim. Nonetheless, Plaintiff only provides conclusory statements regarding his

3  alleged deterrence. Courts have found that such conclusory statements are wholly

4  insufficient to establish standing. *See e.g., Vogel I*, 2017 U.S. Dist. LEXIS 214360, at *6-

5  7 (finding that even if the plaintiff visited the defendant's shopping center on a prior

6  occasion, his claims that he "encountered barriers [both physical and intangible]," and that

7  "[h]e continues to be deterred from visiting the Shopping Center because of future threats

8  of injury created by these barriers," were conclusory and insufficient to establish

9  standing).

10      While Plaintiff's Opposition relies heavily on *Civil Rights Educ. & Enforcement*

11  *Ctr. v. Hosp. Properties Trust (CREEC)*, 867 F.3d 1093 (9th Cir. 2017), *CREEC* does not

12  negate the requirement that Plaintiff provide evidence of concrete travel plans. A closer

13  reading of *CREEC* reveals that the Ninth Circuit was not so cut-and-dry with its analysis

14  as Plaintiff proposes in his Opposition brief. The *CREEC* opinion also provides that,

15  "[E]vidence of concrete travel plans would be sufficient to show that a disabled plaintiff

16  intends to visit a facility, even if she has not travelled there in the past. *Contrariwise, in*

17  *the absence of travel plans, a past visit might not be sufficient evidence of imminent future*

18  *harm.*" *CREEC*, 867 F.3d at 1100 (emphasis added and internal citations omitted).

19      Indeed, even after *CREEC*, district courts throughout California still require

20  "evidence of concrete travel plans to show that a disabled plaintiff intends to visit a

21  facility in the near future." *See e.g., Brooke v. RK Inv. Props.*, 2018 U.S. Dist. LEXIS

22  9120, at *6-7 (N.D. Cal. Jan. 19, 2018); *Rocca v. Jalidat, Inc.*, 2017 U.S. Dist. LEXIS

23  149513, at *7-8 (C.D. Cal. Sept. 13, 2017). The *Brooke v. RK Inv. Props.* opinion, which

24  came from this very District, interpreted *CREEC* as still requiring the classic approach to

25  standing in the ADA cases regardless of any plaintiff's tester status. *See id.*, 2018 U.S.

26  Dist. LEXIS 9120, at *6-7. *Rocca* similarly interpreted CREEC as requiring that the

27  plaintiff establish standing as laid out in *Lujan*. *See Rocca*, 2017 U.S. Dist. LEXIS

28  149513, at *7-8.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

12

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**    Case No. 4:19-cv-03983-DMR

1    With this more accurate context of the CREEC opinion, Defendant's argument

2    stands that Plaintiff has provided nothing more than conclusory, "some day" plans to

3    return to Defendant's property at some uncertain point in the future, which is not enough

4    to establish standing here. *Lujan*, 504 U.S. at 564; *see Barnes v. Marriott Hotel Servs.*,

5    2017 U.S. Dist. LEXIS 22588, at *24 (N.D. Cal. Feb. 16, 2017) (plaintiff failed to

6    establish standing where she stated nothing more than "'some day' intentions" to return

7    "at an uncertain point in the future…"). Accordingly, Plaintiff's Complaint must still be

8    dismissed for lack of standing.

9    **III.    PLAINTIFF'S STATE LAW CLAIMS ARE DERIVATIVE OF HIS**

10   **IMPROPER FEDERAL CLAIMS AND THEREFORE ALSO FAIL.**

11   California state law permits an ADA litigant to recover monetary compensation if a

12   violation of the ADA is established under the Unruh Civil Rights Act and the California

13   Disabled Persons Act. Cal. Civ. Code, §§ 51(f) and 54(c). These damages are not

14   available in the instant case because Plaintiff lacks standing to bring his ADA claim in the

15   first place. Further, monetary damages are not available to private plaintiffs under the

16   Americans with Disabilities Act (ADA) itself. *Boemio v. Love's Restaurant*, 954 F. Supp.

17   204, 207 (S.D. Cal. 1997). California Health & Safety Code section 19955 itself does not

18   even allow for monetary damages. Plaintiff is therefore unable to state a claim for

19   monetary damages in this case, even under California State law. *Johnson v. Torres Enters.*

20   *LP,* is illustrative as another case from this District, dealing with a similar ADA plaintiff,

21   wherein the Court dismissed his derivative state law claims after granting the defendant's

22   motion to dismiss his ADA claims. *Johnson v. Torres Enters. LP*, 2019 U.S. Dist. LEXIS

23   11124, at *10-12 (N.D. Cal. Jan. 22, 2019).

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

## IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

DATED:  August 27, 2019                    BUCHALTER
                                           A Professional Corporation


                                           By:  */s/ Tracy A. Warren*
                                                TRACY A. WARREN
                                                ERIC KENNEDY
                                                Attorneys for Defendant IA Lodging Napa
                                                First LLC, dba Andaz Napa

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**          Case No. 4:19-cv-03983-DMR

1

## CERTIFICATE OF SERVICE

2    I hereby certify that on August 27, 2019, I electronically filed the above document

3 with the Clerk of the Court using CM/ECF which will send electronic notification of such

4 filing to all registered counsel.

5

6                                             By:    */s/ Tracy A. Warren*
                                                   Tracy A. Warren

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**          Case No. 4:19-cv-03983-DMR