BUCHALTER
A Professional Corporation
TRACY A. WARREN (SBN: 228013)
ERIC KENNEDY (SBN: 228393)
ASHLEY L. MILNES (SBN: 300697)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email: ekennedy@buchalter.com

Attorneys for Defendant IA Lodging Napa First LLC, dba Andaz Napa

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK (SR.),<br><br>        Plaintiff,<br><br>    vs.<br><br>IA LODGING NAPA FIRST LLC, DBA ANDAZ NAPA,<br><br>        Defendant. | Case No. 4:19-cv-03983-DMR<br><br>**DEFENDANT IA LODGING NAPA FIRST LLC, DBA ANDAZ NAPA'S REPLY IN SUPPORT OF MOTION TO DECLARE PLAINTIFF PETER STROJNIK SR. A VEXATIOUS LITIGANT**<br><br>Hearing Date:  October 24, 2019<br>Time:              1:00 p.m.<br>Judge:            Donna M. Ryu |

## I.   <u>INTRODUCTION</u>

Plaintiff Peter Strojnik (a disbarred attorney turned pro se litigant) has targeted California, filing and settling lawsuits throughout the state. His defiant Opposition only supports Defendant Andaz Napa's argument here. Indeed, Plaintiff proudly announces in his Declaration that he is "honored to have filed over 1,700 ADA cases." (*See* Declaration of Peter Strojnik ("Strojnik Decl."), ¶19.) Since the filing of this Motion on August 6, Mr. Strojnik has filed 10 new cases, four of which were in this district, amounting to a total of 120 cases Mr. Strojnik has filed since April 2018. In addition, consistent with his modus operandi. to sue and settle, 7 cases were also voluntarily dismissed since August 6. As if that were not enough, last month, following his disbarment from the Arizona State Bar, Strojnik filed suit against the Arizona State Bar for over $5 million for various claims describing a "civil conspiracy" against him, and accusing the State Bar of holding "George Wallacesque segregations views." (*See* Strojnik Decl., ¶17, Ex. 2, ¶1.) It is clear that Mr. Strojnik will continue to use the legal system in a wasteful, fraudulent, and self-serving manner—unless the Court acts and grants this motion.

## II.   <u>STROJNIK'S MISCONDUCT IS EMBLEMATIC OF A VEXATIOUS LITIGANT.</u>

### A.   <u>All Factors Under *DeLong* Have Been Met</u>

Courts examine four factors before entering a pre-filing order: (1) the litigant must be given notice and an opportunity to be heard before the order is entered; (2) the Court must compile "an adequate record for review"; (3) the Court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered. *De Long*, 912 F.2d at 1147-48.

Plaintiff's Opposition focuses primarily on the third factor requiring substantive findings. In this regard, Plaintiff argues that Defendant "offers no cases or motions showing that any part of any litigation has been meritless or abusive." (*See* Opposition, at 4.) However, Plaintiff seems to ignore the disciplinary action taken against him by both

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

the Arizona State Bar and the Arizona Attorney General's ("AG") Office, which ultimately resulted in his disbarment in May 2019. Indeed, it was "Strojnik's 'extortionate' and 'ethically suspect' misconduct [that] led the Arizona Attorney General's Office to intervene in the [thousands of] suits" he filed. The intervention motions filed by the Arizona Attorney General, as well as the findings made by the State Bar concerning Mr. Strojnik, were attached as exhibits to Defendant's Request for Judicial Notice. In the Arizona Attorney General's Motion to Intervene, the Office detailed the dire need for the State's intervention:

> This motion arises from the State's ongoing efforts to ameliorate the abuse of Arizona state and federal courts perpetrated by Plaintiff's counsel, Peter Strojnik. For example, the State successfully intervened, consolidated and obtained dismissal of, more than one thousand state court actions filed by Strojnik against Arizona businesses in different plaintiff's names.

(RJN, Exh. 2.)

Similarly, the State Bar of Arizona in seeking Mr. Strojnik's disbarment said: "[Strojnik's] actions in filing thousands of frivolous ADA lawsuits caused an enormous strain on the court system." (RJN, Exh. 4.) "On March 27, 2017, the AG's Office file a Rule 11 motion in the state court parking-lot cases, alleging that Respondent perpetrated a fraud on the court in claiming millions of dollars in attorney's fees and monetary damages as part of a scheme to make money." (*Id*.) "Respondent used false statements and deceptions in the parking-lot cases to extort money from defendants by telling them it would be cheaper to settle with him for thousands of dollars then spend many thousands more defending a lawsuit." (*Id*.)

A court must look to both the number and content of the filings as indicia of frivolousness. *Molski v. Evergreen*, 500 F.3d 1047, 1059 (9th Cir. 2007). Since 2018, Mr. Strojnik has filed upwards of 110 frivolous lawsuits in California, Oregon, Washington, New Mexico, Idaho, Texas, Hawaii, and Puerto Rico, all alleging the same boilerplate allegations. A complete list of those cases, as well several of the complaints are attached as exhibits to Defendant's Request for Judicial Notice. (RJN, Exhs. 7, 8, 35.) While it is

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

3

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
DECLARE PLAINTIFF A VEXATIOUS LITIGANT

Case No. 4:19-cv-03983-DMR

understood that a court cannot issue a pre-filing order based merely on litigiousness, it is a factor the court considers indicative of intent to harass. *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (stating that in order to issue a prefiling order, "at the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive"). Indeed, at least one district court called out Strojnik's abusive tactics in a published ruling: "Template complaints filed with non-specific allegations have become the stock-in-trade of attorney […] Peter Strojnik…" (*See Advocates for Individuals With Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 893 (D. Ariz. 2017). Nonetheless, plaintiffs can be declared vexatious litigants even if some of their claims have merit, where their filings show a pattern of harassment. *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 886 (9th Cir. 2012). Such is the case here.

Mr. Strojnik argues in Opposition that the court should draw a distinction between his conduct as a party and counsel. However, he fails to cite any authority to support this position. Moreover, his arguments are nonsensical. The focus is on the harm resulting from the litigant's pattern of abuse, not the capacity in which they engage in such conduct. As noted in *Safir v. United States Lines, Inc.*, "ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*, 792 F.2d 19, 24 (2d Cir. 1986). Notably, Mr. Strojnik had an opportunity to contest the State Bar's disbarment and their underlying findings, but he chose not to do so. Instead, he has now filed another frivolous lawsuit against the Arizona State Bar, alleging outrageous allegations, including accusations that the Arizona State Bar is a segregationist organization. In his Declaration, Mr. Strojnik proudly announces that he has "disassociated" from the State Bar, claiming that "his continuing association with the State Bar *was inconsistent with Plaintiff's core principles of morality and fair play*," and that "the freedom of disassociation from the [State Bar] is *exquisite* and *exhilarating* indeed." (*See* Strojnik Decl., ¶ ¶ 14-17.) Clearly, Mr. Strojnik's abusive tactics know no bounds.

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**          Case No. 4:19-cv-03983-DMR

**B.  <u>Factors Under *Molski v Evergreen Dynasty* Have Also Been Met</u>**

The Ninth Circuit has identified five factors courts should consider in determining whether a party's litigation qualifies as frivolous and harassing, each of which supports declaring Mr. Strojnik a vexatious litigant: (1) the litigant's history of litigation, and whether it included vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, and whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and the parties. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007).

Since the filing of this Motion, Mr. Strojnik's serial litigation has seen no decline. Instead, Mr. Strojnik has filed 10 new cases since August 6, 2019[1], 4 of which have been filed in this District:

| Plaintiff | Case No. | Defendant | Court | Filing Date |
|---|---|---|---|---|
| Strojnik, Peter (pla) | 5:2019cv04616 | Strojnik v. Resort at Indian Springs, LLC | **CA Northern District Court** | 08/09/2019 |
| Strojnik, Peter (pla) | 5:2019cv04619 | Strojnik v. Homestead Inn LLC | **CA Northern District Court** | 08/09/2019 |
| Strojnik, Peter (pla) | 1:2019cv01099 | Strojnik v. Integrated Capital, LLC | CA Eastern District Court | 08/12/2019 |
| Strojnik, Peter (pla) | 1:2019cv01098 | Strojnik v. Bakersfield Convention Hotel I, LLC | CA Eastern District Court | 08/1220/19 |
| Strojnik, Peter (pla) | 1:2019cv01096 | Peter Strojnik v. JW World Enterprises, Inc. Best Western Bakersfield North | CA Eastern District Court | 08/12/2019 |
| Strojnik, Peter (pla) | 1:2019cv01097 | Strojnik v. BRE Newton Hotels Property Owner, LLC | CA Eastern District Court | 08/12/2019 |
| Strojnik, Peter (pla) | 8:2019cv01560 | Peter Strojnik, Sr. v. SCG America Construction Inc. | CA Central District Court | 08/13/2019 |
| Strojnik, Peter (pla) | 2:2019cv01587 | (PS) Strojnik v. Capitol Regency, LLC | CA Eastern District Court | 08/15/2019 |

---

[1] Updated as of August 27, 2019.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**    Case No. 4:19-cv-03983-DMR

| Strojnik, Peter (pla) | 5:2019cv05149 | Strojnik v. Classic Hotels & Resorts LLC et al | **CA Northern District Court** | 08/19/2019 |
| Strojnik, Peter (pla) | 3:2019cv05188 | Strojnik v. Mount View Hotel Partners, a California Limited Partnership | **CA Northern District Court** | 08/20/2019 |

(RJN, Exh. 35.)

     With these new cases, Mr. Strojnik has filed a total of 120 cases since April 2018; 96 in the state of California; and 25 in the Northern District. Certainly, Mr. Strojnik does not expect to patronize each of these locations or the multitude of others he has sued, as it is inconceivable. *See Gastelum v. Canyon Hospitality LLC*, 2018 U.S. Dist. LEXIS 87850, at \*6 (D. Ariz. May 25, 2018) ("While the need to look at the specificity with which the Plaintiff has pleaded the likelihood of future visits might be less stringent had he only sued one hotel in the Phoenix area…the inquiry must be more exacting where he has expressed only a rote intent to 'book rooms' in 133 other lodgings in the same geographic area.").

     Mr. Strojnik's successive filings and quick settlements and dismissals demonstrate a crafty business plan from his home in Arizona. Indeed, in addition to his new filings, 7 cases were also voluntarily dismissed since August 6. Mr. Strojnik clearly has no intent of curtailing his abuses, and thus, will only continue to harm the public with frivolous lawsuits and shakedowns, including improper pleas for attorney's fees, exaggerated damages, and unsupportable legal fees, absent intervention by this Court.

## III.   STROJNIK'S ACTIONS BELIE HIS TRUE INTENT IN PURSUING ADA LITIGATION

     While Mr. Strojnik claims that his intent in filing all these lawsuits is to improve disability access, his explanation is undercut by his actions. Specifically, it's clear that Mr. Strojnik's actions are driven by profit, which include making fraudulent demands to his targets above and beyond statutory damages that he would be entitled to by continuing to appear to be working as a lawyer under his law firm, Strojnik PC. The court in *Molski v.*

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

*Kahn Winery*, 405 Supp. 2d 1160, 1164 (C.D. Cal. 2005) encountered a similar plaintiff:

> Molski regularly claims to be acting in the interest of the disabled community, describing himself as a "sheriff" out to improve access. His litigation tactics, however, belie this characterization. The record before the Court leads it to conclude that Molski's lawsuits are instead filed maliciously, thereby reducing his credibility. The ADA is intended to achieve the prompt remediation of architectural and other barriers that impede access to places of public accommodation by the disabled community. By tacking on state law claims for Unruh damages to his federal ADA complaints, Molski reveals his true motive: to extort a cash settlement. Rather than further the prompt remedial purposes of the ADA, these Unruh state law claims for money damages lengthen the time it takes to settle disputes, add additional issues to a case, and increase the litigation costs of both parties to a dispute. As a result, access -- Moslki's alleged purpose in bringing these claims -- is greatly delayed and rarely achieved.

Similarly, here, Mr. Strojnik was disbarred by the Arizona State Bar for filing fraudulent ADA claims, which he now pursues in various other states for his personal economic benefit. Mr. Strojnik continues to demand settlements in excess of what he's entitled, and seeks attorney's fees, though he is now a non-attorney. While filing multiple lawsuits, by itself, is not unethical or vexatious, when coupled with quick settlements and dismissals, such as here, it is clear that Mr. Strojnik's true motivation is to extract cash settlements. Of the over one hundred cases Mr. Strojnik has filed since April 2018, not one appears to have been litigated on the merits. This not only calls into question Mr. Strojnik's good faith expectation of prevailing on the merits of his claims, but also suggests that he does not have a reasonable expectation or intention of litigating the suit on the merits. Rather, Mr. Strojnik's business model is clear: sue, settle, and move on to the next.

## IV.   THE REQUESTED RELIEF IS WITHIN THIS COURT'S AUTHORITY

This Court has the power to investigate Mr. Strojnik's conduct. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). The All Writs Act is a codification of this inherent power and provides that "[t]he Supreme Court and all courts established by

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**   Case No. 4:19-cv-03983-DMR

Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principals of law." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092,1099 (11th Cir. 2017); *see also* 28 U.S.C. § 1651(a). This Act has been interpreted to provide federal courts with the inherent power to regulate activities of abusive litigants through imposition of carefully tailored pre-filing restrictions when appropriate. *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (nothing that Federal courts can "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances") (citing *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). Thus, this Court is vested with power to regulate Mr. Strojnik's conduct.

As noted by the court in *Molski v. Mandarin Touch Rest.*, 347 F. Supp. 2d 860, 868 (C.D. Cal. 2004), the current framework of the ADA encourages plaintiffs to engage in "shotgun litigation [that] undermines both the spirit and purpose of the ADA." Id. at 863 (citing *Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1375 (M.D. Fla. 2004)). Frustration with the perceived manipulation of the ADA to produce attorney's fees led the Court to issue another opinion in *Molski v. Mandarin Touch Rest.*, 359 F.Supp.2d 924, 926-27, 934, 937 (C.D. Cal. 2005) (*Molski II*) and condemn counsel for abusive and predatory litigation practices, declare their plaintiff a vexatious litigant, find counsel presented multiple excessive claims "bordering on extortionate shysterism," and urge a State Bar investigation and counsels' suspension or disbarment. *Molski II*, 359 F.Supp.2d at 926-27, 934, 937; *see also, Doran v. Del Taco, Inc.*, 373 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2005).

The court noted that the perceived legitimacy of the Court is also a victim of the the scheme:

> The integrity of the bar is called into question by the well-publicized accounts of lawyers employing unethical tactics in the pursuit of their own financial gain. The legitimacy of the courts is also injured because the public may view the courts as complicit in allowing these shakedown schemes to continue. Most importantly, this type of litigation creates a backlash against disabled persons who rely on the ADA as a means of achieving equal access.

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**                    Case No. 4:19-cv-03983-DMR

1 | *Molski II*, 359 F.Supp.2d at 937.

2 |       Here, Strojnik would not be barred from ever filing a lawsuit if this Motion is

3 | granted. That is not what is requested here. Rather, certain pre-filing conditions would

4 | serve as a clearinghouse for any legitimate claims that could be alleged. Strojnik is one

5 | person. If others followed his pattern without any consequences, the federal courts would

6 | be overwhelmed by litigation aimed at soliciting pre-trial settlements.

7 | **V.    <u>CONCLUSION</u>**

8 |       For the foregoing reasons, the Court should grant Defendant's Motion to declare

9 | Plaintiff Peter Strojnik a vexatious litigant.

10 | DATED:  August 27, 2019

                        BUCHALTER
                        A Professional Corporation

                        By:  */s/ Tracy A. Warren*
                               TRACY A. WARREN
                               ERIC KENNEDY
                               ASHLEY L. MILNES
                      Attorneys for Defendant IA Lodging Napa
                          First LLC, dba Andaz Napa

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 27, 2019, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

By:  */s/ Tracy A. Warren*
       Tracy A. Warren

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
DECLARE PLAINTIFF A VEXATIOUS LITIGANT**

Case No. 4:19-cv-03983-DMR