Peter Strojnik (Sr.),
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

PETER STROJNIK (SR.),

Plaintiff,

vs.

IA LODGING NAPA FIRST LLC dba ANDAZ NAPA

Defendant.

Case No: 4:19-CV-03983-DMR

**MOTION FOR PARTIAL SUMMARY JUDGMENT**
**(Liability under ADA and Unruh)**

## INTRODUCTION AND LIMITATION OF MOTION

This is an ADA / Unruh case. Plaintiff moves for summary judgment on the basis that no genuine issue of material fact exist and that Plaintiff is entitled to Judgment as a matter of law regarding Defendant's ADA and Unruh liability. This Motion is supported by a separately filed Declaration of Peter Strojnik, Exhibit 1, and the following Memorandum.

## MEMORANDUM

### I. Summary of Facts

#### A. *Plaintiff's Disability*

As documented in the separately filed Declaration of Peter Strojnik, Exhibit 1, Plaintiff is a disabled person by virtue a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, missing part of a limb (right knee) and is therefore a member of a protected class under the ADA and Unruh. Renal cancer causes Plaintiff persistent pain in the lower back and abdomen, fatigue and

anemia. Foraminal stenosis with symptoms of femoral neuropathy cause excruciating pain while walking, sitting, standing, resting, reaching, lifting, bending, working manual tasks or doing anything at all. Missing right knee likewise causes excruciating pain while walking, sitting, standing, resting, reaching, lifting, bending, working manual tasks or doing anything at all. Plaintiff ameliorated his renal cancer through mitigating cryoablation surgery (prognosis unknown). He ameliorated the severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy through mitigating nerve blocking[1]. He ameliorated the generative right knee with mitigating measure of total knee replacement on June 18, 2019[2].

Plaintiff's impairments substantially limit his ability to perform major life activities as compared to most people in the general population even with the ameliorating effects of mitigating measures described above. His impairments (foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer and missing right knee) are severe of permanent, lifetime duration. As a result of his disability, Plaintiff requires places of lodging to comply with 28 CFR 36.302(e) and the musculoskeletal requirements of the 1991 or 2010 Standards.

Plaintiff notes that "[t]he determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures". 28 CFR 36.105 (d)(viii).

B. *Defendant's non-compliance with the ADA and Unruh*

Defendant's lack of compliance with the ADA and Unruh are documents in the Declaration of Peter Strojnik, Exhibit 1, which is by this reference incorporated herein.

---

[1] Nerve blocking is a procedure which inoculates nerve deadening medication directly on the affected nerve. The ameliorative effect of this procedure is temporary, requiring repeat applications. At the current time, Plaintiff has received one set of 3 applications plus one. This condition last a lifetime.

[2] In this procedure, a surgeon removes the operative parts of the knee and replaces it with a prosthetic metal and low friction plastic components.

C. *Plaintiff's personal encounter with barriers at Defendant's Hotel*

Declarant personally encountered the barriers to accessibility documented in Addendum A which caused Declarant to experience difficulty and discomfort, thus denying him full and equal access. (California's Civil Rights Act, Cal. Civ. Code §55.56(b) and (c).

**II. Standard of Law**

A. *Summary Judgment*

Summary Judgment is appropriate when the moving party demonstrates no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed.R.Civ.P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 251-52.

B. *Americans With Disabilities Act*

"To prevail on a discrimination claim under Title III [of the ADA], a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010); *see generally* 42 U.S.C. § 12182(a) (setting forth the ADA's general rule).

Satisfying the first element of a disability discrimination claim under the ADA requires proof that a plaintiff suffers from "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). The second element of an ADA disability discrimination claim is met if the defendant is "an inn, hotel, motel, or other place of lodging, " because such an establishment qualifies as a public accommodation subject to the ADA. *Id.* § 12181(7)(A).

To satisfy the third element of a disability discrimination claim, a plaintiff may demonstrate that the facility in question contains barriers whose removal is readily achievable but have not been removed. *Id.* § 12182(b)(2)(A)(iv). Therefore, a plaintiff may meet its burden to demonstrate denial of a public accommodation due to disability by submitting evidence that the facility in question violates applicable accessibility standards. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945-47 (9th Cir. 2011) (en banc).

C. *Injunctive Relief and Unruh Damages*

Where a defendant's ADA violations are predicated on barriers to accessibility "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2). Pursuant to *California's Unruh Civil Rights Act* Any "violation of the right of any individual under the [ADA] shall also constitute a violation of" California's Unruh Civil Rights Act. Cal. Civ. Code § 51(f). Each violation of the Unruh Civil Rights Act carries with it a minimum of $4, 000 in damages. *Id.* §§ 52(a), 55.56(f). These statutorily mandated damages may be recovered against the owners of a place of public accommodation "only if a violation or violations of one or more construction-related accessibility standards denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." *Id.* § 55.56(a).

Demonstrating that a plaintiff was denied the full and equal access necessary to trigger an award of statutory damages requires a showing that "the plaintiff personally encountered the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion." *Id.* § 55.56(b); *see also Id.* § 55.56(c) ("A violation personally encountered by a plaintiff may be sufficient to

4

cause a denial of full and equal access if the plaintiff experienced difficulty, discomfort, or embarrassment because of the violation.").

## III. Analysis

"To prevail on a discrimination claim under Title III [of the ADA], a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard*, 603 F.3d at 670; *see generally* 42 U.S.C. § 12182(a) (setting forth the ADA's general rule).

Items (1) (disability) and (2) (Defendant is a public accommodation) require no further analysis.

**(3) Relationship between Renal Cancer, Severe Right Sided Neural Stenosis with Femoral Neuropathy as Mobility Limitation Preventing Plaintiff from Full and Equal Enjoyment of Defendant's Hotel.**

A. *With Respect to 28 CFR §36.302(e)*

28 CFR §36.302(e) requires a place of lodging to "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs" "with respect to reservations made by any means, including by telephone, in-person, or through a third party". The official comment states:

> The Department recognizes that a reservations system is not intended to be an accessibility survey. However, specific information concerning accessibility features is essential to travelers with disabilities. Because of the wide variations in the level of accessibility that travelers will encounter, the Department cannot specify what information must be included in every instance. For hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (*e.g.,* deluxe executive suite), the size and number of beds (*e.g.,* two queen beds), the type of accessible bathing facility (*e.g.,* roll-in shower), and communications features available in the room (*e.g.,* alarms and visual notification devices). Based on that information, many individuals with disabilities will be comfortable making reservations.

5

> For older hotels with limited accessibility features, information about the hotel should include, at a minimum, **information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do not comply with the 1991 Standards.** … (Emphasis mine)

Defendant failed to comply with 302(e) as factually documented in Addendum A appended hereto.

### B. *With Respect to Musculoskeletal Impairment*

"An impairment is a disability within the meaning of [the ADA] if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii). Congress provided that "[t]he term 'substantially limits' shall be construed in favor of expansive coverage" and that "[a]n impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting." *Id*. § 1630.2(j)(1)(i)-(ii). "The determination of whether an impairment substantially limits a major life activity requires an individualized assessment." *Id*. § 1630.2(j)(1)(iv). *See* 28 CFR 35.105, appended as Addendum B, for applicable definitions and rules of construction.

"[I]n deciding whether the impairment is substantially limiting, courts must consider the nature and severity of the plaintiff's impairment, the duration or expected duration of the impairment, as well as the permanent or long term impact of the impairment." *Rohr v. Salt River Project Agric. Imp. & Power Dist.*, 555 F.3d 850, 858 (9th Cir. 2009) (internal quotations omitted). Here, Declarant's renal cancer (even if in remission), severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, and degenerative right knee are severe impairments with lifetime duration.

### C. *With Respect to Architectural Barriers*

In *Advocates for Individuals With Disabilities LLC v. WSA Props. LLC,* 210 F.Supp.3d 1213, 1219 (D. Ariz., 2016) the Court offered the following analysis:

The ADAAG were promulgated by the United States Access Board and establish a national standard for minimum levels of accessibility in all new facilities or the remodeling of existing facilities. See *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 948 at n. 5 (9th Cir. 2011). (citing *Indep. Living Res. v. Or. Arena Corp.*, 982 F. Supp. 698, 714 (D. Or. 1997)); see also *White v. Divine Investments, Inc.*, No. 04-cv-206 FCD DA, 2005 WL 2491543, at *4 (E.D. Cal. Oct. 7, 2005). "A disabled person who encounters a 'barrier,' i.e., an architectural feature that fails to comply with an ADAAG standard relating to his disability, suffers unlawful discrimination as defined by the ADA." *Chapman*, 631 F.3d at 948 n. 5 (citing 42 U.S.C. § 12182(b)(1)(A)(i)).

In *Chapman*, the Ninth Circuit described the circumstances under which an ADA plaintiff experiences injury-in-fact:

> Under the ADA, when a disabled person *encounters an accessibility barrier* violating its provisions, it is not necessary for standing purposes that the barrier completely preclude the plaintiff from entering or from using a facility in any way. Rather, the barrier need only interfere with the plaintiff's "full and equal enjoyment" of the facility. 42 U.S.C. § 12182(a).
>
> ***
>
> Of course, a "barrier" will only amount to such interference *if it affects the plaintiff's full and equal enjoyment of the facility* on account of his particular disability. Because the ADAAG establishes the technical standards required for "full and equal enjoyment," **if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes "discrimination" under the ADA. That discrimination satisfies the "injury-in-fact" element of *Lujan*.** As we have held, once a disabled plaintiff *has encountered a barrier* violating the ADA, "that plaintiff will have a 'personal stake in the outcome of the controversy' so long as his or her suit is limited to barriers related to that person's particular disability." *Chapman*, 631 F.3d at 947 (emphasis added, footnote and some citations omitted).

The barriers to accessibility documented in Addendum A appended hereto relate to Declarant's disabilities and interfered with Declarant's "full and equal enjoyment" of Defendant's place of lodging. 42 U.S.C. § 12182(a).

**CONCLUSION AND PRAYER FOR RELIEF**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion for Partial Summary Judgment.

RESPECTFULLY SUBMITTED this 12th day of September, 2019.

**PETER STROJNIK**

*/s/ Peter Strojnik*
_____
Plaintiff