BUCHALTER
A Professional Corporation
TRACY A. WARREN (SBN: 228013)
ERIC KENNEDY (SBN: 228393)
ASHLEY MILNES (SBN: 300697)
RICK A. WALTMAN (SBN: 306463)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email: ekennedy@buchalter.com

Attorneys for Defendant IA Lodging Napa First LLC, dba Andaz Napa

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK (SR.),<br><br>    Plaintiff,<br><br>VS.<br><br>IA LODGING NAPA FIRST LLC DBA ANDAZ NAPA,<br><br>    Defendant. | Case No. 4:19-cv-03983-DMR<br><br>**DEFENDANT IA LODGING NAPA FIRST LLC, DBA ANDAZ NAPA'S OPPOSITION TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:  October 24, 2019<br>Time:          1:00 p.m.<br>Judge:         Hon. Donna M. Ryu |

BUCHALTER
A Professional Corporation
Los Angeles

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
BN 37682626v1

Case No. 4:19-cv-03983-DMR

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ........................................................................................................... 1

II. STANDARD OF REVIEW ........................................................................................... 2

III. ARGUMENT ................................................................................................................ 2

    A.    PLAINTIFF'S MOTION FAILS TO COMPLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE AND LOCAL RULES .......................... 2

        1.    Plaintiff's "Declaration" Must Be Excluded as Defective. ................ 3

    B.    PLAINTIFF HAS NOT PROVEN BEYOND CONTROVERSY THAT HE HAS STANDING TO BRING HIS CLAIMS ........................................ 3

        1.    Plaintiff Not Demonstrated an Injury-in-Fact ................................... 4

        2.    Plaintiff Cannot Show Concrete and Particularized Harm ............... 8

    C.    PLAINTIFF HAS NOT PROVEN BEYOND CONTROVERSY THAT HE ENCOUNTERED A BARRIER AT DEFENDANT'S HOTEL .......... 10

    D.    PLAINTIFF HAS NOT PROVIDED FAIR NOTICE OF THE ALLEGED BARRIERS AND ADA STANDARDS IN HIS COMPLAINT UPON WHICH HE SEEKS RELIEF ............................... 13

IV. CONCLUSION ........................................................................................................... 14

i

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Case No. 4:19-cv-03983-DMR

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*
 477 U.S. 242 (1986).................................................................................................... 2

*Ariz. ex rel. Goodard v. Harkins Amusement Enters.*
 603 F.3d 666 (9th Cir. 2010) ..................................................................................... 13

*B.C. v. Plumas Unified School Dist.*
 192 F.3d 1260 (9th Cir. 1999) ..................................................................................... 5

*Barnes v. Marriott Hotel Servs.*
 No. 15-cv-01409-HRL, 2017 U.S. Dist. LEXIS 22588, at *21 (N.D. Cal. Feb. 16, 2017)
 ..................................................................................................................................... 6

*Calderone v. United States*
 799 F.2d 254 (6th Cir. 1986) ....................................................................................... 2

*Chao v. Westside Drywall, Inc.*
 709 F. Supp. 2d 1037 (D. Or. 2010) ........................................................................... 4

*Chapman v. Pier 1 Imports Inc.*
 631 F.3d 939 (9th Cir. 2011) .................................................................................. 4, 5

*Chapman v. Pismo Food Store*
 710 F. App'x 769 (9th Cir. 2018)............................................................... 8, 9, 11, 12

*City of Los Angeles v. Lyons*
 461 U.S. 95 (1983) .................................................................................................. 4, 5

*D'Lil v. Best W. Encina Lodge & Suites*
 538 F.3d 1031 (9th Cir. 2008) ..................................................................................... 8

*Davenport v. Bd. of Trs. of State Ctr. Comm. College Dist.*
 654 F. Supp. 2d 1073, 1084 (E.D. Cal. 2009) ............................................................ 3

*Doran v. 7-Eleven, Inc.*
 524 F. 3d 1034 (9th Cir. 2008) .................................................................................. 10

*Feezor v. Sears, Roebuck and Co.*
 No. CIV S-10-0908 KJM-CMK, 2012 U.S. Dist. LEXIS 141900, 2012 WL 4510950
 (E.D. Cal. Sep. 30, 2012).................................................................................. 6, 9, 10

*Gastelum v. Canyon Hospitality LLC*
 2018 U.S. Dist. LEXIS 87850, at *7 (D. Ariz. May 25, 2018) ................................ 9, 11

*Gomez v. Bang & Olufsen Am., Inc.*
 No. 1:16-cv-23801, 2017 WL 1957182, at *4 n. 3 (S.D. Fla. Feb. 2, 2017)................ 13

*Johnson v. Overlook at Blue Ravine, LLC*
 No. 2:10-CV-02387 JAM, 2012 U.S. Dist. LEXIS 102056, 2012 WL 2993890, at *1, 4
 (E.D. Cal. July 20, 2012) ........................................................................................... 10

*Khan v. Bank of Am., N.A.*
   No. 3:12-cv-01107-LB, 2015 U.S. Dist. LEXIS 83513, at *22 (N.D. Cal. June 25, 2015) ............................................................................................................................................. 3

*Kristoffersen v. RVS110, LLC*
   No. 3:18-cv-0392-BEN-AGS, 2019 U.S. Dist. LEXIS 71126, at *8-9 (S.D. Cal. Apr. 25, 2019) ................................................................................................................................. 6, 8

*Lujan v. Defenders of Wildlife*
   504 U.S. 555 (1992) ........................................................................................................ 4, 5, 7

*Luu v. Ramparts, Inc.*
   926 F. Supp. 2d 1178 (D. Nev. 2013) ............................................................................. 6, 10

*Margolis v. Ryan*
   140 F.3d 850 (9th Cir. 1999) ................................................................................................ 3

*Molski v. Mandarin Touch Rest.*
   385 F.Supp.2d 1042 (C.D. Cal. 2005) ............................................................................ 7, 12

*Moore v. Greyhound Bus Lines, Inc.*,
   2018 U.S. Dist. LEXIS 114661 (S.D. Cal. July 10, 2018) ................................................. 15

*Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*
   245 F.3d 507 (5th Cir.2001) ................................................................................................. 4

*Oliver v. Ralphs Grocery Co.*
   654 F. 3d 903 (9th Cir. 2011) ......................................................................................... 2, 16

*Parr v. L & L Drive Inn Rest.*
   96 F.Supp.2d 1065 (D. Haw. 2000) ..................................................................................... 7

*Rocca v. Den*
   *109 LP*, 684 F. App'x 667 (9th Cir. 2017) .......................................................................... 8

*Rodriguez v. Barrita, Inc.*
   10 F. Supp. 3d 1062 (N.D. Cal. 2014) ............................................................................... 13

*S. Cal. Gas Co. v. City of Santa Ana*
   336 F. 3d 885 (9th Cir. 2003) ........................................................................................... 2, 3

*Sousanis v. Northwest Airlines, Inc. et al.*,
   2000 U.S. Dist. LEXIS 23607, 2000 WL 34015861 (N.D. Cal. Mar. 3, 2000) ................. 15

*Spokeo, Inc. v. Robins*
   136 S. Ct. 1540 (2016) ....................................................................................................... 11

*Strojnik v. Pasadena Robles Acquisition, LLC*
   No. 2:19-cv-02067-AB (PJWx) (C.D. Cal. Aug. 14, 2019) ............................................... 14

*Summers v. Earth Island Institute*
   555 U.S. 488 (2009) .............................................................................................................. 8

*Tat Tohumculuk, A.S. v. HJ Heinz Company*,
   WL 6070483 (E.D.Cal. November 13, 2013) .................................................................... 15

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

iii

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Case No. 4:19-cv-03983-DMR

*Tearfie v. Whittlesea Blue Cab Co*
   No. 98-16377, 1999 U.S. App. LEXIS 7395, *1 n. 4 (9th Cir. Apr. 12, 1999) ............... 3

*Vogel v. Salazar*
   2014 U.S. Dist. LEXIS 1513, at *2 (C.D. Cal. Oct. 24, 2014) .................................. 9, 10

*Warner v. Tinder Inc.*,
   105 F. Supp. 3d 1083 (C.D. Cal. 2015) ....................................................................... 15

*Wilson v. Costco Wholesale Corp.*
   426 F.Supp.2d 1115 (S.D.Cal. 2006) ............................................................................. 8

**Statutes**

28 U.S.C. § 1746 ................................................................................................................ 2, 3

**Rules**

Fed. R. Civ. P. 8(a)(2) ...................................................................................................... 3, 13

# I.

# **INTRODUCTION**

This motion is Plaintiff's attempt to avoid adjudication of Defendant's pending motions to dismiss and declare Plaintiff a vexatious litigant. Strojnik, a resident of Maricopa County, Arizona, purports to be a veteran and a disabled person as defined by the ADA. A Pacer search confirms that Strojnik is a serial litigant, having filed over 120 ADA cases in pro per since April 2018, including at least 20 actions against other hotels in the Northern District of California. Notably, Mr. Strojnik, a former lawyer, has been disbarred by the State Bar of Arizona, effective May 10, 2019, after the State Bar filed a formal complaint alleging that he filed thousands of frivolous lawsuits, many of which had no basis in law or fact and contained requests for attorney's fees in excess of those incurred. These facts are relevant to the issues at bar because they demonstrate that Plaintiff lacks a genuine intent to return or stay at Defendant's hotel, and therefore lacks standing to pursue this action.

Plaintiff's partial motion for summary judgment is legally and procedurally deficient on numerous grounds. Procedurally, he has flouted this Court's Local Rules and Federal Rules of Civil Procedure by failing to provide proper notice of his Motion, failing to submit a proposed order, and failing to submit his declaration under penalty of perjury.

Notwithstanding these procedural deficiencies, Plaintiff cannot meet his burden of proof, upon seeking affirmative summary judgment, to establish beyond controversy every essential element of his claims. Plaintiff has not proven beyond controversy that he has constitutional standing to bring his first cause of action for violation of the Americans with Disabilities Act, Title III ("ADA") as well as his derivative cause of action for violation of the California Unruh Civil Rights Act ("Unruh Act"). Specifically, it remains undisputed that Plaintiff has no concrete plans to return to Defendant's hotel, and thus cannot demonstrate that he will suffer any real or immediate future injury. Further, Plaintiff has failed to identify any of the alleged barriers at Defendant's hotel nor describe how they relate to his particular disability, and thus has not demonstrated how he would suffer any concrete or particularized harm.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

1

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 4:19-cv-03983-DMR

Even if Plaintiff had constitutional standing to bring his claims, his motion is also deficient as a matter of law because he moves for relief on alleged access barriers and standards that are not properly pled. It is clear that Plaintiff's "partial motion" is nothing more than an ill-fated attempt to amend his Complaint prior to the hearing on Defendant's currently pending Motion to Dismiss. Under Ninth Circuit precedent in *Oliver v. Ralphs Grocery Co.*, 654 F. 3d 903, 908 (9th Cir. 2011), Plaintiff cannot pursue relief in this action on theories of liability and access barriers that have not been pled in his Complaint. For this reason, and those set forth above, the Court should deny Plaintiff's partial motion for summary judgment accordingly.

## II.

## STANDARD OF REVIEW

As the party with the burden of persuasion at trial, the plaintiff must establish "beyond controversy" every essential element of his claims. *S. Cal. Gas Co. v. City of Santa Ana*, 336 F. 3d 885, 888 (9th Cir. 2003). "Where the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (emphasis in original).

The moving party's evidence is judged by the same standard of proof applicable at trial. "In ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986); *S. Cal. Gas*, 336 F.3d at 888. The opposing party can defeat summary judgment by demonstrating the evidence, taken as a whole, could lead a rational trier of fact to find in its favor. *S. Cal. Gas*, at 888 (citing *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1999)).

## III.

## ARGUMENT

**A.    PLAINTIFF'S MOTION FAILS TO COMPLY WITH THE FEDERAL**

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

2

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 4:19-cv-03983-DMR

## RULES OF CIVIL PROCEDURE AND LOCAL RULES

### 1. Plaintiff's "Declaration" Must Be Excluded as Defective.

Mr. Strojnik's Declaration submitted in support of his Motion is defective and must be disregarded entirely because it is not submitted under penalty of perjury. 28 U.S.C. § 1746 states that, "if such affidavit or a declaration is used, it must be subscribed to *under penalty of perjury*, be based on personal knowledge, present facts that are admissible in evidence, and demonstrate that the affiant or declarant is competent to testify about the matters stated." 28 U.S.C. § 1746 (emphasis added).

In his "declaration," Mr. Strojnik does not state that he is making the declaration under penalty of perjury, much less follow the language prescribed by the statute. The declaration is improperly permeated with legal arguments and conclusions. As a result, the "declaration" is not admissible, is not competent evidence, and must be disregarded accordingly. *Khan v. Bank of Am., N.A.*, No. 3:12-cv-01107-LB, 2015 U.S. Dist. LEXIS 83513, at *22 (N.D. Cal. June 25, 2015) (declining to consider declaration not made under penalty of perjury); *Tearfie v. Whittlesea Blue Cab Co.*, No. 98-16377, 1999 U.S. App. LEXIS 7395, *1 n. 4 (9th Cir. Apr. 12, 1999) (same); *Davenport v. Bd. of Trs. of State Ctr. Comm. College Dist.*, 654 F. Supp. 2d 1073, 1084 (E.D. Cal. 2009) (finding that an unsworn declaration that was not signed under penalty of perjury was "not valid evidence for the purposes of deciding the Defendant's motion for summary judgment on the merits"); *Chao v. Westside Drywall, Inc.*, 709 F. Supp. 2d 1037, 1052 (D. Or. 2010) ("The first three declarations contained within Exhibit 18 . . . are not given under penalty of perjury. These declarations are not made in accordance with 28 U.S.C. § 1746, therefore they do not satisfy the requirements of FRCP 56(e) and are not admissible as evidence."); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 515 (5th Cir.2001) (unsworn statements are not competent summary judgment evidence).

### B. PLAINTIFF HAS NOT PROVEN BEYOND CONTROVERSY THAT HE HAS STANDING TO BRING HIS CLAIMS

Litigants "who seek to invoke the jurisdiction of the federal courts must satisfy the

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

3

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 4:19-cv-03983-DMR

threshold requirements imposed by Article III…by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). In moving for summary judgment, "the plaintiff can no longer rest on [] 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts,' which for purposes of summary judgment motion will be taken to be true. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To demonstrate Article III standing, the plaintiff must establish that he suffered "an injury-in fact, that the injury is traceable to the [defendant's] actions, and that the injury can be redressed by a favorable decision." *Chapman v. Pier 1 Imports Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). Because injunctive relief is the only remedy available under the ADA, the plaintiff must also demonstrate a "real and immediate threat of repeated injury." *Id*.

Federal courts must examine jurisdictional issues at every stage of the litigation. *B.C. v. Plumas Unified School Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Chapman*, 631 F.3d at 954.

### 1.     Plaintiff Not Demonstrated an Injury-in-Fact

A plaintiff seeking injunctive relief must show that there is a "real and immediate threat of repeated injury." *Lyons*, 461 U.S. at 111. In ADA cases, a plaintiff may show a real and immediate threat of injury in two ways: the plaintiff can either demonstrate "deterrence" or an "injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman*, 631 F.3d at 950. Nonetheless, mere profession of an intent to return "someday," without concrete plans, is "simply not enough" to confer standing. *Lujan*, 504 U.S. at 565. As noted in *Lujan*, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief…if unaccompanied by any continuing, present adverse effects." *Id*. (quoting *Lyons*, 461 U.S. at 102). There must be a "real and immediate threat that the plaintiff will be wronged again." *Lyons*, 461 U.S. at 95.

Here, Plaintiff has presented absolutely no evidence to demonstrate a "real and immediate threat of repeat injury" to establish standing. As the movant on summary judgment, Plaintiff bears the burden of setting forth evidence sufficient to establish each

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

4

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 4:19-cv-03983-DMR

element of his standing. *Lujan*, 504 U.S. at 561 ("each element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of litigation."). Plaintiff has proffered nothing more than bare and conclusory assertions regarding his intent to return to Defendant's hotel. Such conclusory allegations without factual support, fail to meet plaintiff's burden. *See Kristoffersen v. RVS110, LLC*, No. 3:18-cv-0392-BEN-AGS, 2019 U.S. Dist. LEXIS 71126, at *8-9 (S.D. Cal. Apr. 25, 2019) ("Although Plaintiff's vague desire to stay at the Motel some day—'whenever she visits San Diego" and 'need[s] a place to stay'—might withstand a Rule 12(b)(1) motion to dismiss, Plaintiff does not carry her burden to demonstrate standing at the summary judgment stage."); *See Barnes v. Marriott Hotel Servs.*, No. 15-cv-01409-HRL, 2017 U.S. Dist. LEXIS 22588, at *21 (N.D. Cal. Feb. 16, 2017) (plaintiff failed to establish standing on summary judgment when her declaration contained only "speculative 'some day' intentions" about her intent to return to the defendant's hotel); *Luu v. Ramparts, Inc.*, 926 F. Supp. 2d 1178, 1182 (D. Nev. 2013) (plaintiff failed to establish standing where his affidavit contained "only conclusory statements" about his intent to return to a facility); *Feezor v. Sears, Roebuck and Co.*, No. CIV S-10-0908 KJM-CMK, 2012 U.S. Dist. LEXIS 141900, 2012 WL 4510950 (E.D. Cal. Sep. 30, 2012) (plaintiff failed to establish standing when he did not identify any "definitive reason why, or any time-frame for when," or "any other information or specific facts to support his affirmation of an intent to return" to the facility).

In determining whether a plaintiff has a future intent to return, courts consider a series of factors, including: (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant's location area. *Molski v. Mandarin Touch Rest.*, 385 F.Supp.2d 1042, 1045 (C.D. Cal. 2005). Courts look at the totality of the circumstances to determine whether these factors establish standing. *Parr v. L & L Drive Inn Rest.*, 96 F.Supp.2d 1065, 1078 (D. Haw.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

5

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 4:19-cv-03983-DMR

2000).

Here, Plaintiff lives in Arizona, more than 700 miles from Defendant's hotel. While not dispositive, greater distances from a plaintiff's residence weigh against a finding of an intent to return. *Molski*, 385 F.Supp.2d at 1045 (collecting cases that held distances over 100 miles decreases the likelihood of future harm). Despite living far away, Plaintiff's proffered evidence of this element of standing is limited to two sentences in his "Declaration": ¶13. Plaintiff visited Defendant's Place of Lodging at the times specifically referenced in the Addendum A and personally experienced barriers to accessibility documented in Addendum A hereto; and ¶15. Declarant has a current intent to visit Defendant's Hotel once Declarant has learned that Defendant's Hotel is ADA compliant. (*See* Strojnik Declaration, ¶¶ 13, 15.)

Nothing about Plaintiff's supposed plans are, or were, concrete. Tracking *Lujan*, Plaintiff's statements are exactly the kind of "mere profession of an intent" that the court has deemed insufficient to establish standing. *Lujan*, 504 U.S. at 564 n. 2. Plaintiff does not specify actual dates of when he intends to stay at Defendant's hotel in the future, nor does he have any specific reservations for a future visit. Further, no other details of his past or future intended visits are outlined or referenced in the Complaint, such as a reason why he would want to stay at or visit Defendant's particular hotel in the future. He offers no evidence of any plan or general intention to visit Napa in the future. Although Plaintiff claims in his Opposition to Defendant's Motion to Dismiss that he visits Napa "once or twice a year to stock up on California wines and spirits," there is insufficient evidence that he actually stays in hotels after he comes to Napa for that purpose, or that he would stay at Defendant's particular hotel for that purpose. (*See* Dkt. No. 20 at p. 3.) And, he offers no record of "regularity with which [he] visited" Napa in the past. *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008). Rather, the evidence shows that at most, Plaintiff may have visited Napa on one prior occasion, and has otherwise failed to provide anything more than a vague desire to return. *See Kristoffersen v. RVS110, LLC*, No. 3:18-cv-0392-BEN-AGS, 2019 U.S. Dist. LEXIS 71126, at *8-9 (S.D. Cal. Apr. 25, 2019)

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

6

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 4:19-cv-03983-DMR

(denying summary judgment on the basis of standing because plaintiff's "declaration articulat[ed] only a vague desire to stay in Defendant's motel some day when she returns to San Diego.").[1]

Courts have also found a plaintiff's professed intent to return implausible where he has filed an extraordinary number of ADA actions, and other evidence casts doubt on the credibility of his purported intention. *See e.g., Wilson v. Costco Wholesale Corp.*, 426 F.Supp.2d 1115, 1123 (S.D.Cal. 2006) (expressing concerns that plaintiff's declaration of intent to return to each of the 80 establishments he had sued was implausible). Plaintiff here has filed more than 120 ADA cases since April 2018. Absent a showing that he would likely visit Defendant's hotel, Plaintiff has not demonstrated a real and immediate threat of repeated injury. *See Gastelum v. Canyon Hospitality LLC*, 2018 U.S. Dist. LEXIS 87850, at *7 (D. Ariz. May 25, 2018) ("While the need to look at the specificity with which the Plaintiff has pleaded the likelihood of future visits might be less stringent had he only sued one hotel in the Phoenix area, . . . the inquiry must be more exacting where he has expressed only a rote intent to 'book rooms' in 133 other lodgings in the same geographic area.").

For similar reasons, Plaintiff also fails to demonstrate deterrence. A plaintiff can demonstrate sufficient injury-in-fact if he shows that an architectural barrier deters him from revisiting a noncompliant facility. *Chapman*, 631 F.3d at 949-50. But a plaintiff's claimed deterrence cannot be merely "conjectural or hypothetical." *Vogel v. Salazar*, 2014 U.S. Dist. LEXIS 1513, at *2 (C.D. Cal. Oct. 24, 2014) (*Salazar*). Rather, the plaintiff must show he would return to the defendant's property but for the alleged barriers. *Feezor v.*

---

[1] *See also, Summers v. Earth Island Institute,* 555 U.S. 488, 496, (2009) (concluding a declaration "d[id] not assert, however, any firm intention to visit their locations," by "say[ing] only that [the affiant] "want[s] to" go there. . . . This vague desire to return is insufficient to satisfy the requirement of imminent injury"); *Chapman v. Pismo Food Store*, 710 F. App'x 769, 770 (9th Cir. 2018) ("Chapman failed to establish any regularity in his visits to Pismo Beach, where the store is located, and likewise failed to present sufficient evidence of more than a vague desire to return to the store."); *Rocca v. Den 109 LP*, 684 F. App'x 667, 669 (9th Cir. 2017) ("The district court also did not err in finding it implausible that Rocca would return to Denny's because it was far from his home. . . . Rocca did not testify that he had an intent to return, let alone provide detailed reasons for the long distance visit such as a regular business trip, an annual amusement park visit, or a family member nearby.").

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

7

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 4:19-cv-03983-DMR

*Sears, Roebuck & Co.*, 608 F. App'x 476, 477 (9th Cir. 2015). Conclusory statements regarding a plaintiff's stated deterrence will not suffice. For example, in *Freezor*, "[p]laintiff's conclusory statements that he [was] deterred from visiting Sears [were deemed] insufficient to demonstrate that he would shop at Sears if it were accessible." *Id.*, 608 F. App'x at 477. In *Salazar*, the court found the plaintiff lacked standing because he failed "to assert or point to any colorable facts to prove that his assertion of deterrence is not merely hypothetical." *Id.*, 2014 U.S. Dist. LEXIS 1513, at *2. There, the court found that phrases such as "because of physical and intangible barriers," "he has been deterred, and he continues to be deterred from visiting the Restaurant," were too conclusory to confer standing. *Id*.

Similar to *Salazar*, here, Plaintiff has not presented any facts nor evidence showing his intent to return to Defendant's hotel is anything more than hypothetical. Plaintiff's only evidence is his statement that "Defendant's barriers" deterred him from returning, and he would patronize Defendant's hotel if it was ADA compliant. (*See* Strojnik Decl. ¶ 15.) These conclusory statements, by themselves, are insufficient to establish standing. *Salazar*, 2014 U.S. Dist. LEXIS 151379, at *2. Moreover, the circumstantial evidence suggests otherwise. Plaintiff has never stayed at Defendant's hotel, but rather, only visited once to verify it was ADA compliant and suitable for his stay. He has provided no reason for preferring it, nor explain why he would return to the hotel if it was ADA compliant. *See id.*; *Feezor*, 608 F. App'x at 477 (9th Cir. 2015); *Luu v. Ramparts, Inc.*, 926 F. Supp. 2d 1178, 1184 (D. Nev. 2013); *Johnson v. Overlook at Blue Ravine, LLC*, No. 2:10-CV-02387 JAM, 2012 U.S. Dist. LEXIS 102056, 2012 WL 2993890, at *1, 4 (E.D. Cal. July 20, 2012).

Plaintiff has therefore failed to establish injury-in-fact under either theory. Consequently, he Plaintiff cannot establish beyond controversy that he has standing to sue under the ADA.

### 2. Plaintiff Cannot Show Concrete and Particularized Harm

A plaintiff may show concrete and particularized injury by "stating that he is currently deterred from attempting to gain access" to the public accommodation due to a

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

8

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 4:19-cv-03983-DMR

barrier. *Doran v. 7-Eleven, Inc.*, 524 F. 3d 1034, 1039-40 (9th Cir. 2008). A barrier in a public accommodation must "interfere with the plaintiff's full and equal enjoyment of the facility." *Chapman*, 631 F.3d at 947. A barrier, however, "only amounts to such interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability." *Id*. "A 'bare procedural violation' unassociated with a plaintiff's particular disability 'cannot satisfy the demands of Article III' standing." *Gastelum v. Phx. Cent. Hotel Venture, LLC*, No. CV-17-04544-PHX-DLR, 2019 U.S. Dist. LEXIS 20580, at *8 (D. Ariz. Feb. 7, 2019) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1550 (2016)).

For example, in *Chapman* the plaintiff alleged "that he is 'physically disabled,' and that he 'visited the Store' and 'encountered architectural barriers that denied him full and equal access.'" *Chapman*, 631 F.3d at 954. The plaintiff, however, "simply identifie[d] alleged ADA . . . violations without connecting the alleged violations to [his] disability, or indicating whether or not he encountered any one of them in such a way as to impair his full and equal enjoyment of the Store." *Id*. As a result, the Ninth Circuit found these allegations insufficient to establish a concrete and particularized harm.

Likewise, Plaintiff's failure to connect the alleged ADA violations to his specific disability is fatal to his ability to show a concrete and particularized harm. Plaintiff's Complaint and "Declaration" supporting his Motion contain several photos labeled with vague descriptions of purported architectural barriers which he claims are ADA violations. (*See* Compl.; Addendum A.) Plaintiff alleges that he is and has been "legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer, and renal cancer, degenerative right knee and arthritis," and vaguely asserts that he "walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation." (*See* Compl. ¶¶ 3-4.) He alleges that he "requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair-assisted." (See Compl. ¶ 14.) But he fails to specify what ADA-compliant mobility-accessible features are required as a result of his particular alleged impairments or even what his specific mobility limitations are. It is unclear how (if at all)

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

9

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 4:19-cv-03983-DMR

the purported ADA violations he points to in Addendum A interfere with his use and enjoyment of Defendant's hotel. Indeed, although many of the alleged barriers Plaintiff identifies seem to relate to accessibility features for an individual in a wheelchair, and he mentions a wheelchair in one paragraph of the Complaint, he never actually alleges that he requires the use of a wheelchair. Thus, it is impossible to ascertain how the alleged ADA violations he identifies relate his alleged impairments or personally affect him.

Plaintiff attempts to cure these deficiencies by his Motion and attached "Declaration," but neither provide any specific facts or detail, but rather, only the same conclusory statements. Indeed, Plaintiff simply reattaches the very same photos of alleged ADA violations included with the Complaint, asserting that each "relate to Declarant's disabilities and interfered with Declarant's 'full use and enjoyment' of Defendant's place of lodging." (*See* Strojnik Decl., ¶ 20.) Plaintiff "does not even attempt to relate the alleged violations to his disability." *Chapman*, 631 F.3d at 955.[2] Plaintiff cannot maintain standing to bring the lawsuit on the bare procedural allegations made in this case.

## C. PLAINTIFF HAS NOT PROVEN BEYOND CONTROVERSY THAT HE ENCOUNTERED A BARRIER AT DEFENDANT'S HOTEL

To prevail on an ADA, Title III discrimination claim, the plaintiff must show that "(1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a public place of accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Where a plaintiff claims a website violates the ADA, he must allege that an allegedly noncompliant website hindered his full use and enjoyment of the physical location. The third element is satisfied when the plaintiff can

---

[2] Notably, although many of his ADA violations appear to relate to wheelchair accessibility, Plaintiff never alleged that he is wheelchair-bound and still does not assert that he uses a wheelchair. It is thus unclear, for example, why "inaccessible bar seating" would interfere with his use and enjoyment of the hotel. Similarly, he labels various other areas of the hotel "inaccessible" but makes not effort to explain how they are inaccessible to him in light of his particular limitations, if at all. *See e.g.*, Compl. Addendum A at 15-19, 24-25.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

10

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 4:19-cv-03983-DMR

show a violation of accessibility standards. *Rodriguez v. Barrita, Inc.*, 10 F. Supp. 3d 1062, 1073 (N.D. Cal. 2014).

Here, Plaintiff argues that a third party website and Defendant's website violate 28 C.F.R. § 36.302(e) because the websites allegedly do not provide sufficient detail about accessible features to allow him to make an independent assessment of whether these features would meet his needs. But Plaintiff misapplies ADA law.

"Title III prohibits discrimination in the enjoyment of the 'goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation.'" *Ariz. ex rel. Goodard v. Harkins Amusement Enters.*, 603 F.3d 666, 671 (9th Cir. 2010). Title III does not, however, require "provision of different goods or services, just nondiscriminatory enjoyment of those that are provided." *Id*. "Thus, a bookstore cannot discriminate against disabled people in granting access, but need not assure that the books are available in Braille as well as print." *Id*. Similarly, the owner, lessor, lessee, or operator of a public accommodation must ensure that the accommodation is physically accessible to the disabled, but need not provide accommodations that treats the disabled equally with the non-disabled. *Id*. ("[A]n insurance office must be physically accessible to the disabled but need not provide insurance that treats the disabled equally with the non-disabled."); *see also Gomez v. Bang & Olufsen Am., Inc.*, No. 1:16-cv-23801, 2017 WL 1957182, at *4 n. 3 (S.D. Fla. Feb. 2, 2017) (reasoning that "[a]ll the ADA requires is that, if a retailer chooses to have a website, the website cannot impede a disabled person's full use and enjoyment of the brick-and-mortar store"). In *Haynes v. Genesco, Inc.*, the plaintiff contended that the website itself is a public accommodation and an extension of Defendant's stores. *Haynes v. Genesco, Inc.*, 2018 U.S. Dist. LEXIS 5939, at *5 (S.D. Fla. Jan. 11, 2018). The court noted, however that, "[p]laintiff does not…allege that the partially-inaccessible website impedes his access to Defendant's physical stores." "In the absence of such allegations, Plaintiff has failed to state a violation of Title III." *Id*.

Similarly, here, Plaintiff does not allege that he was prevented from using Defendant's hotel because he was unable to reserve an ADA-compliant hotel room through

11

the websites. Rather, he merely claims that there was insufficient information on the websites to determine whether to stay at the hotel. (*See* Compl., ¶¶ 17-20; Addendum A.) Insufficient information to enable Plaintiff to determine whether or not to say at Defendant's hotel is substantively different from being unable to enjoy the goods and services of the hotel. *See Strojnik v. Pasadena Robles Acquisition, LLC*, No. 2:19-cv-02067-AB (PJWx) (C.D. Cal. Aug. 14, 2019), at n. 1. Not having an ADA-compliant hotel room available on a third party or Defendant's website does not impede Plaintiff's use of the hotel, and therefore, fails to establish injury-in-fact under Article III.

Plaintiff also fails to present any evidence of the alleged barriers he purportedly encountered during his visit to Defendant's hotel. Instead, Plaintiff merely attaches photos of alleged barriers to his Complaint, without identifying any of the alleged ADA violations, nor describing how the purported violations relate to his own disability. As discussed above, neither the Complaint nor the Addendum provided in connection therewith, offer further explanation as to the relationship between his disabilities and the purported violations- a necessary element of his ADA claim. For example, one of Plaintiff's photos in Addendum A is simply labeled "improperly configured hardware," without any further explanation or description as to the alleged ADA violations, or how the condition in the photo necessarily limits his equal use and enjoyment of the property. (*See* Compl. Addendum A at 21.) Therefore, Plaintiff has not proven beyond controversy that he was denied accommodation at Defendant's hotel because of his disability nor that he actually encountered a barrier related to his disability at the property. Summary judgment should be denied for Plaintiff's ADA and state disability claims accordingly.

Plaintiff's claims under the Unruh Act and DPA fail for the reasons above and because Plaintiff does not allege that he encountered any such barriers or discrimination inside the state of California. *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1099 (C.D. Cal. 2015): *Tat Tohumculuk, A.S. v. HJ Heinz Company*, WL 6070483 at 7 (E.D.Cal. November 13, 2013) ("Plaintiff has not presented any case law, nor is the court aware of any, applying section 51 to alleged discrimination suffered by parties outside California. The Unruh Act,

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

12

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 4:19-cv-03983-DMR

therefore, does not apply."); *Moore v. Greyhound Bus Lines, Inc.*, 2018 U.S. Dist. LEXIS 114661, at 4 (S.D. Cal. July 10, 2018) ("jurisdiction of the [Unruh] Act is expressly limited to violations taking place in California, therefore, the 'Act does not apply to this action because the alleged discrimination occurred outside of California (in Denver, Colorado) and it is therefore outside of the extraterritorial reach of the statute.'"); *See also Sousanis v. Northwest Airlines, Inc. et al.*, 2000 U.S. Dist. LEXIS 23607, 2000 WL 34015861 at 7 (N.D. Cal. Mar. 3, 2000) (concluding that "[t]here is no reason to infer from the language or purpose of Civil Code section 54.1 that it is meant to prohibit discrimination against individuals outside of California.").

### D. PLAINTIFF HAS NOT PROVIDED FAIR NOTICE OF THE ALLEGED BARRIERS AND ADA STANDARDS IN HIS COMPLAINT UPON WHICH HE SEEKS RELIEF

Assuming *arguendo* that Plaintiff had constitutional standing to bring his claims based upon the likelihood of future injury, and that he actually encountered a barrier at Defendant's hotel, his Motion is deficient on the alternative ground that he failed to provide fair notice of his claims and alleged access barriers. Rule 8 states that a civil complaint "must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted the "short and plain statement" requirement to mean that the Complaint must provide "the defendant [with] fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In the context of the ADA, the Ninth Circuit has held that, for claims of discrimination due to architectural barriers at public accommodations, "the relevant 'grounds' are the allegedly non-compliant architectural features at the facility." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011). Thus, in order for the complaint to provide fair notice to the defendant, "a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the *complaint itself*; a defendant is not deemed to have fair notice of barriers identified elsewhere." *Id*. (emphasis added).

Plaintiff has failed to provide fair notice of the alleged barriers he encountered at Defendant's hotel. None of the alleged barriers are identified in the Complaint. Instead, Plaintiff merely references Addendum A to the Complaint, which he claims sets forth the alleged ADA violations at Defendant's property. But Plaintiff fails to specify what requirements the photographs in Addendum A purportedly violate. Plaintiff does not explain how any of the alleged barriers relate to his disability, or provide any facts to support an injury because of those barriers. In order for the Complaint to provide fair notice, Plaintiff must identify all the barriers that constitute the grounds for a claim for discrimination under the ADA. Plaintiff did not identify any of the alleged online or architectural barriers at issue in his Complaint and, as such, under the precedent of *Oliver*, he has not provided the requisite notice of his claims. 654 F.3d at 909. Therefore, for these reasons, Defendant respectfully requests that Plaintiff's partial summary judgment motion be denied.

## IV.

## CONCLUSION

For the foregoing reasons, the Court should deny summary judgment accordingly.

DATED: September 26, 2019

BUCHALTER
A Professional Corporation


By: */s/ Tracy a. Warren*
ERIC KENNEDY
ASHLEY MILNES
RICK A. WALTMAN
Attorneys for Defendant IA Lodging Napa
First LLC, dba Andaz Napa

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

14

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 4:19-cv-03983-DMR

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2019, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

By: */s/ Tracy a. Warren*
     TRACY A. WARREN

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

15

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 4:19-cv-03983-DMR