BUCHALTER
A Professional Corporation
TRACY A. WARREN (SBN: 228013)
ERIC KENNEDY (SBN: 228393)
ASHLEY MILNES (SBN: 300697)
RICK A. WALTMAN (SBN: 306463)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email: ekennedy@buchalter.com

Attorneys for IA Lodging Napa First LLC, dba Andaz Napa

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK (SR.),<br><br>Plaintiff,<br><br>vs.<br><br>IA LODGING NAPA FIRST LLC DBA ANDAZ NAPA,<br><br>Defendant. | Case No. 4:19-cv-03983-DMR<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION OF PETER STROJNIK**<br><br>Date:      October 24, 2019<br>Time:     1:00 p.m.<br>Judge:    Hon. Donna M. Ryu |

        Defendant IA Lodging Napa First LLC dba Andaz Napa ("Defendant") submits the following objections to the unsworn declaration Plaintiff Peter Strojnik ("Plaintiff") submitted in support of his partial motion for summary judgment.

        Evidence submitted to the Court on motion practice must meet all requirements for admissibility of evidence if offered at the time of trial. *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1181-82 (9th Cir. 1988); *Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co., Inc.*, 252 F. Supp. 2d 917, 923 (D. Ariz. 2003). See also Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States); Fed. R. Evid. 1101 (listing exceptions to Rule 101). Such evidence must be relevant to the claims and defenses of the case. Fed. R. Evid. 401; 403; *McCormick v. City of Lawrence, Kan.*, 2007 WL 38400, at *3 (D. Kan. Jan. 5, 2007). Testimonial evidence must be based on the

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**EVIDENTIARY OBJECTIONS TO DECLARATION OF PETER STROJNIK**
BN 37586797v1

Case No. 4:19-cv-03983-DMR

personal knowledge of the witness offering the evidence. Fed. R. Evid. 602. Testimony requiring scientific, technical, or other specialized knowledge may be given only by an expert witness with the requisite knowledge, skill, experience, training, or education, and opinion testimony is not permitted of a lay person. Fed. R. Evid. 701, 702; *see also U.S. Aviation Underwriters, Inc. v. Yellow Freight Sys., Inc.*, 296 F. Supp. 2d 1322, 1331 (S.D. Ala. 2003) (unqualified expert opinions inadmissible at summary judgment).

28 U.S.C. § 1746 states that, "if such affidavit or a declaration is used, it must be subscribed to ***under penalty of perjury***, be based on personal knowledge, present facts that are admissible in evidence, and demonstrate that the affiant or declarant is competent to testify about the matters stated." 28 U.S.C. § 1746 (emphasis added). In his "declaration," Mr. Strojnik does not state that he is making the declaration under penalty of perjury, much less follow the language prescribed by the statute. As a result, the "declaration" is not admissible, is not competent evidence, and must be disregarded. *Khan v. Bank of Am., N.A.*, No. 3:12-cv-01107-LB, 2015 U.S. Dist. LEXIS 83513, at *22 (N.D. Cal. June 25, 2015) (declining to consider declaration not made under penalty of perjury); *Tearfie v. Whittlesea Blue Cab Co.*, No. 98-16377, 1999 U.S. App. LEXIS 7395, *1 n. 4 (9th Cir. Apr. 12, 1999) (same); *Davenport v. Bd. of Trs. of State Ctr. Comm. College Dist.*, 654 F. Supp. 2d 1073, 1084 (E.D. Cal. 2009) (finding that an unsworn declaration that was not signed under penalty of perjury was "not valid evidence for the purposes of deciding the Defendant's motion for summary judgment on the merits"); *Chao v. Westside Drywall, Inc.*, 709 F. Supp. 2d 1037, 1052 (D. Or. 2010) ("The first three declarations contained within Exhibit 18 . . . are not given under penalty of perjury. These declarations are not made in accordance with 28 U.S.C. § 1746, therefore they do not satisfy the requirements of FRCP 56(e) and are not admissible as evidence."); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 515 (5th Cir.2001) (unsworn statements are not competent summary judgment evidence).

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**EVIDENTIARY OBJECTIONS TO DECLARATION OF PETER STROJNIK**

Case No. 4:19-cv-03983-DMR

BN 37586797v1

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| **1.    Strojnik Decl., ¶ 1:**<br><br>**"A. Declarant's Background Information and Expertise**<br><br>Declarant is a retired 67 year old disabled veteran and a former lawyer. He spends his retirement years travelling across America with Mrs. Strojnik. While traveling he tests places of lodging for ADA compliance." | **Prejudicial, Confusing, Misleading Evidence** (Fed. R. Evid. 403). Mr. Strojnik is a "former lawyer" not because he retired, but because he was disbarred for engaging in what the Arizona State Bar called "extortionate' and 'ethically suspect' misconduct" that "caused immediate and substantial harm to clients, the public, and the administration of justice." | Sustained: _____<br><br>Overruled: _____ |
| **2.    Strojnik Decl., ¶ 2:**<br><br>"Declarant is qualified as an expert by knowledge, skill, experience, training, and education to testify to matters of opinion. In connection with his expertise, Declarant states that he has extensively reviewed and studied the ADA, ADAAA, 28 CFR 36 and the 1991 and 2010 Standards for Accessibility Design both as a lawyer and as a private plaintiff." | **Improper "Expert" Testimony of Non-Expert** (Fed. R. Evid. 701, 702)<br><br>**Improper Opinion as to Legal Conclusion**<br><br>**Assumes Facts Not In Evidence** (Fed. R. Evid. 602)<br><br>**Prejudicial, Confusing, Misleading Evidence** (Fed. R. Evid. 403)<br><br>**Lack of Personal Knowledge/Foundation** (Fed. R. Evid. 602) | Sustained: _____<br><br>Overruled: _____ |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

EVIDENTIARY OBJECTIONS TO DECLARATION OF PETER STROJNIK

Case No. 4:19-cv-03983-DMR

BN 37586797v1

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| **3.     Strojnik Decl., ¶ 3:**<br><br>**"B. Declarant's Impairments**<br>Declarant is and, at all times relevant hereto has been, legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, missing part of a limb (right knee) and is therefore a member of a protected class under the ADA and Unruh." | **Improper "Expert" Testimony of Non-Expert** (Fed. R. Evid. 701, 702)<br><br>**Improper Opinion as to Legal Conclusion**<br><br>**Assumes Facts Not In Evidence** (Fed. R. Evid. 602)<br><br>**Prejudicial, Confusing, Misleading Evidence** (Fed. R. Evid. 403)<br><br>**Lack of Personal Knowledge/Foundation** (Fed. R. Evid. 602) | Sustained: _____<br><br>Overruled: _____<br><br>Sustained: _____<br><br>Overruled: _____ |
| **4.     Strojnik Decl., ¶ 4:**<br><br>"Renal cancer causes Declarant persistent pain in the lower back and abdomen, fatigue and anemia. Foraminal stenosis with symptoms of femoral neuropathy cause excruciating pain while walking, sitting, standing, resting, reaching, lifting, bending, working manual tasks or doing anything at all. Missing right | **Improper "Expert" Testimony of Non-Expert** (Fed. R. Evid. 701, 702)<br><br>**Improper Opinion as to Legal Conclusion**<br><br>**Assumes Facts Not In Evidence** (Fed. R. Evid. 602)<br><br>**Prejudicial, Confusing, Misleading Evidence** (Fed. R. Evid. 403)<br><br>**Lack of Personal Knowledge/Foundation** (Fed. R. Evid. 602) | Sustained: _____<br><br>Overruled: _____ |

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| knee likewise causes excruciating pain while walking, sitting, standing, resting, reaching, lifting, bending, working manual tasks or doing anything at all." | | |
| **5.    Strojnik Decl., ¶ 5:**<br><br>"Declarant ameliorated his renal cancer through mitigating cryoablation surgery (prognosis unknown). He ameliorated the severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy through mitigating nerve blocking[1]. He ameliorated the generative right knee with mitigating measure of total knee replacement on June 18, 2019[2]." | **Improper "Expert" Testimony of Non-Expert** (Fed. R. Evid. 701, 702)<br><br>**Improper Opinion as to Legal Conclusion**<br><br>**Assumes Facts Not In Evidence** (Fed. R. Evid. 602)<br><br>**Prejudicial, Confusing, Misleading Evidence** (Fed. R. Evid. 403)<br><br>**Lack of Personal Knowledge/Foundation** (Fed. R. Evid. 602) | Sustained: _____<br><br>Overruled: _____ |
| **6.    Strojnik Decl., ¶ 6:**<br><br>"Declarant is aware that pursuant | **Improper "Expert" Testimony of Non-Expert** (Fed. R. Evid. 701, 702)<br><br>**Improper Opinion as to** | Sustained: _____<br><br>Overruled: _____ |

---

[1] Nerve blocking is a procedure which inoculates nerve deadening medication directly on the affected nerve. The ameliorative effect of this procedure is temporary, requiring repeat applications. At the current time, Plaintiff has received one set of 3 applications plus one. This condition last a lifetime.
[2] In this procedure, a surgeon removes the operative parts of the knee and replaces it with a prosthetic metal and low friction plastic components:

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

EVIDENTIARY OBJECTIONS TO DECLARATION OF
PETER STROJNIK
BN 37586797v1

Case No. 4:19-cv-03983-DMR

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| to the 2019 ADA Amendment Act ("ADAAA"), rules of construction require courts to evaluate whether an individual has a disability without considering the ameliorative effects of mitigating measures (except for ordinary eyeglasses and contact lenses). *Id.* Congress included examples of mitigating measures in the ADAAA, such as: medication, equipment, low-vision devices (which do not include ordinary eyeglasses or contact lenses), prosthetics, hearing aids and cochlear implants, mobility devices, use of assistive technology, reasonable accommodations or auxiliary aids or services, and learned behavioral or adaptive neurological modifications[3]. Significantly, the EEOC and DOJ also stated that even though the | **Legal Conclusion**<br><br>**Assumes Facts Not In Evidence** (Fed. R. Evid. 602)<br><br>**Prejudicial, Confusing, Misleading Evidence** (Fed. R. Evid. 403)<br><br>**Best Evidence Rule** (Fed. R. Evid. 1002)<br><br>**Lack of Relevance** (Fed. R. Evid. 401)<br><br>**Inadmissible Hearsay** (Fed. R. Evid. 801(c), 802)<br><br>**Lack of Personal Knowledge/Foundation** (Fed. R. Evid. 602) | |

---

[3] Id. at §§ 12102(4)(E)(i).

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

EVIDENTIARY OBJECTIONS TO DECLARATION OF PETER STROJNIK
BN 37586797v1

Case No. 4:19-cv-03983-DMR

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| mitigating measure itself cannot be considered, the negative side effects of mitigating measures may be considered in assessing disability. 28 CFR 36.105." | | |
| 7.    **Strojnik Decl., ¶ 7:**<br><br>"'An impairment is a disability within the meaning of [the ADA] if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population.' 29 C.F.R. § 1630.2(j)(1)(ii). Congress provided that "[t]he term 'substantially limits' shall be construed in favor of expansive coverage" and that '[a]n impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting.' *Id.* § 1630.2(j)(1)(i)-(ii). 'The determination of whether an | **Improper "Expert" Testimony of Non-Expert** (Fed. R. Evid. 701, 702)<br><br>**Improper Opinion as to Legal Conclusion**<br><br>**Assumes Facts Not In Evidence** (Fed. R. Evid. 602)<br><br>**Prejudicial, Confusing, Misleading Evidence** (Fed. R. Evid. 403)<br><br>**Best Evidence Rule** (Fed. R. Evid. 1002)<br><br>**Lack of Relevance** (Fed. R. Evid. 401)<br><br>**Inadmissible Hearsay** (Fed. R. Evid. 801(c), 802)<br><br>**Lack of Personal Knowledge/Foundation** (Fed. R. Evid. 602) | Sustained: _____<br><br>Overruled: _____ |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**EVIDENTIARY OBJECTIONS TO DECLARATION OF PETER STROJNIK**
BN 37586797v1

Case No. 4:19-cv-03983-DMR

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| impairment substantially limits a major life activity requires an individualized assessment.' *Id.* § 1630.2(j)(1)(iv). See 28 CFR 35.105." | | |
| **8.      Strojnik Decl., ¶ 8:**<br><br>"The term 'major life activity' includes, but is not limited to, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, writing, communicating, interacting with others, and working." | **Improper "Expert" Testimony of Non-Expert** (Fed. R. Evid. 701, 702)<br><br>**Improper Opinion as to Legal Conclusion**<br><br>**Assumes Facts Not In Evidence** (Fed. R. Evid. 602)<br><br>**Prejudicial, Confusing, Misleading Evidence** (Fed. R. Evid. 403)<br><br>**Best Evidence Rule** (Fed. R. Evid. 1002)<br><br>**Lack of Relevance** (Fed. R. Evid. 401)<br><br>**Inadmissible Hearsay** (Fed. R. Evid. 801(c), 802)<br><br>**Lack of Personal Knowledge/Foundation** (Fed. R. Evid. 602) | Sustained: _____<br><br>Overruled: _____ |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**EVIDENTIARY OBJECTIONS TO DECLARATION OF PETER STROJNIK**

Case No. 4:19-cv-03983-DMR

BN 37586797v1

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| **9.      Strojnik Decl., ¶ 9:**<br><br>"Declarant states that his impairments substantially limit his ability to perform a major life activity as compared to most people in the general population even with the ameliorating effects of mitigating measures described above." | **Improper "Expert" Testimony of Non-Expert** (Fed. R. Evid. 701, 702)<br><br>**Improper Opinion as to Legal Conclusion**<br><br>**Assumes Facts Not In Evidence** (Fed. R. Evid. 602)<br><br>**Prejudicial, Confusing, Misleading Evidence** (Fed. R. Evid. 403)<br><br>**Lack of Personal Knowledge/Foundation** (Fed. R. Evid. 602) | Sustained: _____<br><br>Overruled: _____ |
| **10.     Strojnik Decl., ¶ 10:**<br><br>"'[I]n deciding whether the impairment is substantially limiting, courts must consider the nature and severity of the plaintiff's impairment, the duration or expected duration of the impairment, as well as the permanent or long term impact of the impairment.' *Rohr v. Salt River Project Agric. Imp. & Power Dist.*, 555 F.3d 850, 858 | **Improper "Expert" Testimony of Non-Expert** (Fed. R. Evid. 701, 702)<br><br>**Improper Opinion as to Legal Conclusion**<br><br>**Assumes Facts Not In Evidence** (Fed. R. Evid. 602)<br><br>**Prejudicial, Confusing, Misleading Evidence** (Fed. R. Evid. 403)<br><br>**Best Evidence Rule** (Fed. R. Evid. 1002)<br><br>**Lack of Relevance** (Fed. R. Evid. 401) | Sustained: _____<br><br>Overruled: _____ |

BUCHALTER<br>A PROFESSIONAL CORPORATION<br>LOS ANGELES

**EVIDENTIARY OBJECTIONS TO DECLARATION OF PETER STROJNIK**
BN 37586797v1

Case No. 4:19-cv-03983-DMR

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| (9th Cir. 2009) (internal quotations omitted)." | **Inadmissible Hearsay** (Fed. R. Evid. 801(c), 802)<br><br>**Lack of Personal Knowledge/Foundation** (Fed. R. Evid. 602) | |
| **11.    Strojnik Decl., ¶ 11:**<br><br>"Declarant confirms that his impairments (foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer and missing right knee) are severe of permanent, lifetime duration." | **Improper "Expert" Testimony of Non-Expert** (Fed. R. Evid. 701, 702)<br><br>**Improper Opinion as to Legal Conclusion**<br><br>**Assumes Facts Not In Evidence** (Fed. R. Evid. 602)<br><br>**Prejudicial, Confusing, Misleading Evidence** (Fed. R. Evid. 403)<br><br>**Lack of Personal Knowledge/Foundation** (Fed. R. Evid. 602) | Sustained: _____<br><br>Overruled: _____ |
| **12.    Strojnik Decl., ¶ 12:**<br><br>"As a result of his disability, Declarant requires places of lodging to comply with 28 CFR 36.302(e) and the musculoskeletal requirements of | **Improper "Expert" Testimony of Non-Expert** (Fed. R. Evid. 701, 702)<br><br>**Improper Opinion as to Legal Conclusion**<br><br>**Assumes Facts Not In Evidence** (Fed. R. Evid. 602)<br><br>**Prejudicial, Confusing,** | Sustained: _____<br><br>Overruled: _____ |

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| the 1991 or 2010 Standards." | **Misleading Evidence** (Fed. R. Evid. 403) | |
| **13.    Strojnik Decl., ¶ 13:**<br><br>"**C. Declarant's Standing**<br><br>Plaintiff visited Defendant's Place of Lodging at the times specifically referenced in the Addendum A and personally experienced barriers to accessibility documented in Addendum A hereto." | **Assumes Facts Not In Evidence** (Fed. R. Evid. 602)<br><br>**Prejudicial, Confusing, Misleading Evidence** (Fed. R. Evid. 403)<br><br>**Lack of Personal Knowledge/Foundation** (Fed. R. Evid. 602)<br><br>**Inadmissible Hearsay** (Fed. R. Evid. 801(c), 802) | Sustained: _____<br><br>Overruled: _____ |
| **14.    Strojnik Decl., ¶ 14:**<br><br>"Declarant is deterred from lodging at Defendant's Hotel because of Defendant's barriers to Declarant's access." | **Assumes Facts Not In Evidence** (Fed. R. Evid. 602)<br><br>**Prejudicial, Confusing, Misleading Evidence** (Fed. R. Evid. 403)<br><br>**Lack of Personal Knowledge/Foundation** (Fed. R. Evid. 602)<br><br>**Improper "Expert" Testimony of Non-Expert** (Fed. R. Evid. 701, 702)<br><br>**Improper Opinion as to Legal Conclusion** | Sustained: _____<br><br>Overruled: _____ |

BUCHALTER<br>A PROFESSIONAL CORPORATION<br>LOS ANGELES

**EVIDENTIARY OBJECTIONS TO DECLARATION OF PETER STROJNIK**
BN 37586797v1

Case No. 4:19-cv-03983-DMR

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| | | |
| **15.    Strojnik Decl., ¶ 15:**<br><br>"Declarant has a current intent to visit Defendant's Hotel once Declarant has learned that Defendant's Hotel is ADA compliant." | | Sustained: _____<br>Overruled: _____ |
| **16.    Strojnik Decl., ¶ 16:**<br><br>"Declarant has suffered a constitutional injury in fact." | **Improper "Expert" Testimony of Non-Expert** (Fed. R. Evid. 701, 702)<br><br>**Improper Opinion as to Legal Conclusion** | Sustained: _____<br>Overruled: _____ |
| **17.    Strojnik Decl., ¶ 17:**<br><br>**"D. Relationship between Renal Cancer, Severe Right Sided Neural Stenosis with Femoral Neuropathy as Mobility Limitation Preventing Plaintiff from Full and Equal Enjoyment of Defendant's Hotel.**<br>**a. With Respect to 28 CFR §36.302(e)** | **Improper "Expert" Testimony of Non-Expert** (Fed. R. Evid. 701, 702)<br><br>**Improper Opinion as to Legal Conclusion**<br><br>**Assumes Facts Not In Evidence** (Fed. R. Evid. 602)<br><br>**Prejudicial, Confusing, Misleading Evidence** (Fed. R. Evid. 403)<br><br>**Best Evidence Rule** (Fed. R. Evid. 1002)<br><br>**Lack of Relevance** (Fed. R. | Sustained: _____<br>Overruled: _____ |

EVIDENTIARY OBJECTIONS TO DECLARATION OF PETER STROJNIK
BN 37586797v1

Case No. 4:19-cv-03983-DMR

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| "28 CFR§36.302(e) requires a place of lodging to '[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs' 'with respect to reservations made by any means, including by telephone, in-person, or through a third party'. The official comment states:<br><br>The Department recognizes that a reservations system is not intended to be an accessibility survey. However, specific information concerning accessibility features is essential to travelers with disabilities. Because of the wide variations in the level of accessibility that travelers will encounter, the Department cannot specify what information must be included in every instance. For hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the | Evid. 401)<br><br>**Inadmissible Hearsay** (Fed. R. Evid. 801(c), 802)<br><br>**Lack of Personal Knowledge/Foundation** (Fed. R. Evid. 602) | |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

EVIDENTIARY OBJECTIONS TO DECLARATION OF
PETER STROJNIK
BN 37586797v1

Case No. 4:19-cv-03983-DMR

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| general type of room (*e.g.*, deluxe executive suite), the size and number of beds (*e.g.*, two queen beds), the type of accessible bathing facility (*e.g.*, roll-in shower), and communications features available in the room (*e.g.*, alarms and visual notification devices). Based on that information, many individuals with disabilities will be comfortable making reservations.<br><br>For older hotels with limited accessibility features, information about the hotel should include, at a minimum, **information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do not comply with the 1991 Standards.** ... (Emphasis mine)" | | |
| 18.    Strojnik Decl., ¶ 18:<br><br>"Defendant failed to comply with 302(e) as factually documented in Addendum A appended hereto." | **Improper "Expert" Testimony of Non-Expert** (Fed. R. Evid. 701, 702)<br><br>**Improper Opinion as to Legal Conclusion**<br><br>**Assumes Facts Not In Evidence** (Fed. R. Evid. 602)<br><br>**Prejudicial, Confusing, Misleading Evidence** (Fed. R. Evid. 403)<br><br>**Best Evidence Rule** (Fed. R. | Sustained: _____<br><br>Overruled: _____ |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

EVIDENTIARY OBJECTIONS TO DECLARATION OF
PETER STROJNIK
BN 37586797v1

Case No. 4:19-cv-03983-DMR

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| | Evid. 1002)<br><br>**Lack of Relevance** (Fed. R. Evid. 401)<br><br>**Inadmissible Hearsay** (Fed. R. Evid. 801(c), 802)<br><br>**Lack of Personal Knowledge/Foundation** (Fed. R. Evid. 602) | |
| **19.    Strojnik Decl., ¶ 16:**<br><br>**"b. With Respect to Musculoskeletal Impairment**<br>'An impairment is a disability within the meaning of [the ADA] if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population.' 29 C.F.R. § 1630.2(j)(1)(ii). Congress provided that '[t]he term 'substantially limits' shall be construed in favor of expansive coverage' and that '[a]n impairment need not prevent, or significantly or severely restrict, | **Improper "Expert" Testimony of Non-Expert** (Fed. R. Evid. 701, 702)<br><br>**Improper Opinion as to Legal Conclusion**<br><br>**Assumes Facts Not In Evidence** (Fed. R. Evid. 602)<br><br>**Prejudicial, Confusing, Misleading Evidence** (Fed. R. Evid. 403)<br><br>**Best Evidence Rule** (Fed. R. Evid. 1002)<br><br>**Lack of Relevance** (Fed. R. Evid. 401)<br><br>**Inadmissible Hearsay** (Fed. R. Evid. 801(c), 802)<br><br>**Lack of Personal Knowledge/Foundation** (Fed. R. Evid. 602) | Sustained: _____<br><br>Overruled: _____ |

BUCHALTER<br>A PROFESSIONAL CORPORATION<br>LOS ANGELES

EVIDENTIARY OBJECTIONS TO DECLARATION OF PETER STROJNIK
BN 37586797v1

Case No. 4:19-cv-03983-DMR

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| the individual from performing a major life activity in order to be considered substantially limiting.' *Id.* § 1630.2(j)(1)(i)-(ii). 'The determination of whether an impairment substantially limits a major life activity requires an individualized assessment.' *Id.* § 1630.2(j)(1)(iv). See 28 CFR 35.105, appended as Addendum B, for applicable definitions and rules of construction." | | |
| **20.  Strojnik Decl., ¶ 17:**<br><br>"'[I]n deciding whether the impairment is substantially limiting, courts must consider the nature and severity of the plaintiff's impairment, the duration or expected duration of the impairment, as well as the permanent or long term impact of the impairment.' *Rohr v. Salt River Project Agric. Imp. & Power Dist.*, 555 F.3d 850, 858 (9th Cir. 2009) (internal | **Improper "Expert" Testimony of Non-Expert** (Fed. R. Evid. 701, 702)<br><br>**Improper Opinion as to Legal Conclusion**<br><br>**Assumes Facts Not In Evidence** (Fed. R. Evid. 602)<br><br>**Prejudicial, Confusing, Misleading Evidence** (Fed. R. Evid. 403)<br><br>**Best Evidence Rule** (Fed. R. Evid. 1002)<br><br>**Lack of Relevance** (Fed. R. Evid. 401)<br><br>**Inadmissible Hearsay** (Fed. | Sustained: _____<br><br>Overruled: _____ |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF PETER STROJNIK**
BN 37586797v1

Case No. 4:19-cv-03983-DMR

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| quotations omitted)." | R. Evid. 801(c), 802)<br><br>**Lack of Personal Knowledge/Foundation** (Fed. R. Evid. 602) | |
| **21.     Strojnik Decl., ¶ 18:**<br><br>"Here, Declarant's renal cancer (even if in remission), severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, and degenerative right knee are severe impairments with lifetime duration." | **Improper "Expert" Testimony of Non-Expert** (Fed. R. Evid. 701, 702)<br><br>**Improper Opinion as to Legal Conclusion**<br><br>**Assumes Facts Not In Evidence** (Fed. R. Evid. 602)<br><br>**Prejudicial, Confusing, Misleading Evidence** (Fed. R. Evid. 403)<br><br>**Best Evidence Rule** (Fed. R. Evid. 1002)<br><br>**Lack of Relevance** (Fed. R. Evid. 401)<br><br>**Inadmissible Hearsay** (Fed. R. Evid. 801(c), 802)<br><br>**Lack of Personal Knowledge/Foundation** (Fed. R. Evid. 602) | Sustained: _____<br><br>Overruled: _____ |
| **22.     Strojnik Decl., ¶ 19:** | **Improper "Expert" Testimony of Non-Expert** (Fed. R. Evid. 701, 702) | Sustained: _____ |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

EVIDENTIARY OBJECTIONS TO DECLARATION OF
PETER STROJNIK
BN 37586797v1

Case No. 4:19-cv-03983-DMR

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| **"a. With Respect to Architectural Barriers** 'In *Advocates for Individuals With Disabilities LLC v. WSA Props. LLC*, 210 F.Supp.3d 1213, 1219 (D. Ariz., 2016) the Court offered the following analysis: The ADAAG were promulgated by the United States Access Board and establish a national standard for minimum levels of accessibility in all new facilities or the remodeling of existing facilities. See *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 948 at n. 5 (9th Cir. 2011). (citing *Indep. Living Res. v. Or. Arena Corp.*, 982 F. Supp. 698, 714 (D. Or. 1997)); see also *White v. Divine Investments, Inc.*, No. 04-cv-206 FCD DA, 2005 WL 2491543, at *4 (E.D. Cal. Oct. 7, 2005). 'A disabled person who encounters a 'barrier,' i.e., an architectural feature that fails to comply with an ADAAG standard relating to his disability, suffers unlawful discrimination as defined by the ADA.' *Chapman*, 631 F.3d at 948 n. 5 (citing 42 U.S.C. § 12182(b)(1)(A)(i)). In *Chapman* , the Ninth Circuit described the circumstances under which an ADA plaintiff experiences injury-in-fact: Under the ADA, when a disabled person *encounters an* | **Improper Opinion as to Legal Conclusion** **Assumes Facts Not In Evidence** (Fed. R. Evid. 602) **Prejudicial, Confusing, Misleading Evidence** (Fed. R. Evid. 403) **Best Evidence Rule** (Fed. R. Evid. 1002) **Lack of Relevance** (Fed. R. Evid. 401) **Inadmissible Hearsay** (Fed. R. Evid. 801(c), 802) **Lack of Personal Knowledge/Foundation** (Fed. R. Evid. 602) | Overruled: _____ |

BUCHALTER
A Professional Corporation
Los Angeles

EVIDENTIARY OBJECTIONS TO DECLARATION OF
PETER STROJNIK
BN 37586797v1

Case No. 4:19-cv-03983-DMR

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| *accessibility barrier* violating its provisions, it is not necessary for standing purposes that the barrier completely preclude the plaintiff from entering or from using a facility in any way. Rather, the barrier need only interfere with the plaintiff's 'full and equal enjoyment' of the facility. 42 U.S.C. § 12182(a).<br>***<br>Of course, a 'barrier' will only amount to such interference *if it affects the plaintiff's full and equal enjoyment of the facility* on account of his particular disability. Because the ADAAG establishes the technical standards required for 'full and equal enjoyment,' **if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA. That discrimination satisfies the 'injury-in-fact' element of** *Lujan*. As we have held, once a disabled plaintiff *has encountered a barrier* violating the ADA, 'that plaintiff will have a 'personal stake in the outcome of the controversy' so long as his or her suit is limited to barriers related to that person's particular disability.' *Chapman*, 631 F.3d at 947 (emphasis added, footnote and some citations omitted)." | | |
| **23.    Strojnik Decl., ¶ 20:**<br><br>"The barriers to accessibility documented in Addendum A appended hereto relate to | **Improper "Expert" Testimony of Non-Expert** (Fed. R. Evid. 701, 702)<br><br>**Improper Opinion as to Legal Conclusion**<br><br>**Assumes Facts Not In** | Sustained: _____<br><br>Overruled: _____ |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

EVIDENTIARY OBJECTIONS TO DECLARATION OF
PETER STROJNIK
BN 37586797v1                                                     Case No. 4:19-cv-03983-DMR

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| Declarant's disabilities and interfered with Declarant's 'full and equal enjoyment' of Defendant's place of lodging. 42 U.S.C. § 12182(a)." | **Evidence** (Fed. R. Evid. 602)<br><br>**Prejudicial, Confusing, Misleading Evidence** (Fed. R. Evid. 403)<br><br>**Best Evidence Rule** (Fed. R. Evid. 1002)<br><br>**Lack of Relevance** (Fed. R. Evid. 401)<br><br>**Inadmissible Hearsay** (Fed. R. Evid. 801(c), 802)<br><br>**Lack of Personal Knowledge/Foundation** (Fed. R. Evid. 602) | |
| **24.    Strojnik Decl., ¶ 21:**<br><br>"Declarant personally encountered the barriers to accessibility documented in Addendum A which caused Declarant to experience difficulty and discomfort, thus denying him full and equal access. (California's Civil Rights Act, Cal. Civ. Code §55.56(b) and (c)." | **Improper "Expert" Testimony of Non-Expert** (Fed. R. Evid. 701, 702)<br><br>**Improper Opinion as to Legal Conclusion**<br><br>**Assumes Facts Not In Evidence** (Fed. R. Evid. 602)<br><br>**Prejudicial, Confusing, Misleading Evidence** (Fed. R. Evid. 403)<br><br>**Best Evidence Rule** (Fed. R. Evid. 1002)<br><br>**Lack of Relevance** (Fed. R. Evid. 401) | Sustained: _____<br><br>Overruled: _____ |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**EVIDENTIARY OBJECTIONS TO DECLARATION OF PETER STROJNIK**
BN 37586797v1

Case No. 4:19-cv-03983-DMR

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| | **Inadmissible Hearsay** (Fed. R. Evid. 801(c), 802)<br><br>**Lack of Personal Knowledge/Foundation** (Fed. R. Evid. 602) | |

DATED:  September 26, 2019

                              BUCHALTER
                              A Professional Corporation


                          By:   */s/ Tracy A. Warren*
                                   TRACY A. WARREN
                                   ERIC KENNEDY
                                   ASHLEY MILNES
                                   RICK A. WALTMAN
                     Attorneys for IA Lodging Napa First LLC, dba Andaz Napa

BUCHALTER
A Professional Corporation
Los Angeles

**EVIDENTIARY OBJECTIONS TO DECLARATION OF PETER STROJNIK**
BN 37586797v1

Case No. 4:19-cv-03983-DMR

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on September 26, 2019, I electronically filed the above document

3 with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to

4 all registered counsel.

5                                  By:   _/s/ Tracy a. Warren_
                                         TRACY A. WARREN
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**EVIDENTIARY OBJECTIONS TO DECLARATION OF
PETER STROJNIK**
BN 37586797v1

Case No. 4:19-cv-03983-DMR