Peter Strojnik (Sr.),
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PETER STROJNIK (SR.),<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>IA LODGING NAPA FIRST LLC dba ANDAZ NAPA<br><br>　　　　　　　　　　Defendant. | Case No: 4:19-CV-03983-DMR<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## SUMMARY OF REPLY

The scope of Plaintiff's Motion for Partial Summary Judgment ("MPSJ") is strictly limited to whether the photographs of Defendant's hotel and the screenshots of Defendant's booking websites accurately depict violations of ADA Accessibility Guidelines (ADAAG). MPSJ does *not* delve into any other issue.

Defendant's main argument is that Plaintiff's Declarations is inadmissible. However, they are submitted on personal knowledge under the penalty of perjury and, as such, well within the allowable evidence under FRCP 56.

At this point, Defendant's only potentially relevant controverting facts consist of some type of proof that Plaintiff's screenshots and photographic evidence of ADAAG violations are fake. To elicit this proof, however, Defendant should have filed for Rule 56(d) relief, which it has declined to do. Further, for reasons stated below, even a Rule 56(d) request for relief would be futile.

All relevant evidence to this solitary question lies strictly within the control of Defendant. Defendant can produce its own screenshots and take its own photographs. If Defendant believes that the screenshots and photographs are fake – which they are not – Defendant can controvert Plaintiff's photographic proof with its own photographic proof. At the same time, there is no amount of discovery Defendant can propound on the Plaintiff that can change the architectural elements depicted in the photographs.

As a result of Defendant's exclusive control of all controverting proof, Defendant cannot argue that it requires additional discovery. Defendant cannot argue that it lacks controverting facts. All such facts exist on Defendant's Property. The only potential controverting fact is that Plaintiff's photographically documented proof is fakery. This controverting proof may be easily produced by Defendant takins its own photographs. Therefore, Defendant can produce no set of specific facts entitling it to Rule 56(d) relief.

## MEMORANDUM

Plaintiff "may file a motion for summary judgment at any time until 30 days after the close of all discovery". Fed. R. Civ. P. 56(b). Rule 1 confirms the wisdom of allowing Plaintiff to file his MPSJ early in the litigation, "to secure the just, speedy, and inexpensive determination of …[the] proceeding". When the facts are incontrovertible, such as when they are proven by photographic evidence of Defendant's own property, MPSJ is appropriate because it does, indeed, secure a "just, speedy and inexpensive determination" of the proceeding.

Rule 56(d) allows the Court to defer consideration of a motion where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot represent facts essential to justify its opposition." To obtain relief under Rule 56(d), "[t]he requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

Here, Defendant fails to show by affidavit that what specific facts exist to controvert Plaintiff's photographic evidence. It is positively impossible to controvert

photographic evidence other than by proof of fakery. But this proof is strictly within Defendant's exclusive control. All Defendant needs to do is take its own photographs.

Rule 56(d) permits a court to defer or deny a motion for summary judgment or to allow a party to conduct additional discovery "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(d) . "References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(d)." *Morgan v. Schmidt*, 119 F.3d 6 (9th Cir. 1997) (noting that "[r]eferences in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f)"[1] and finding that "[b]ecause Morgan did not comply with the requirements of Rule 56(f), the district court did not abuse its discretion by granting the CHP Officer's summary judgment motion.") (citing *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986)); *see also Suhovy v. Sara Lee Corp.*, 2014 WL 1400824, at *2 (E.D. Cal. Apr. 10, 2014) (same). The Ninth Circuit has held that "[f]ailure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." *Suhovy*, 2014 WL 1400824 at *2 (finding that counsel's declaration as to the need for further discovery did not satisfy the requirements of 56(d) which requires litigants to submit affidavits setting forth the particular facts expected from further discovery and that the failure "alone serves as sufficient basis for the Court to deny [plaintiff's] request for a continuance.") (quoting *Brae Transp., Inc.,* 790 F.2d at 1443).

Since Defendant failed to show its inability to controvert Plaintiff's photographic evidence without additional discovery, the Court may, and should, proceed to Summary judgment. *See Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir.

---

[1] The provisions of subsection (f) of Rule 56 became current subsection (d) without substantial change during the 2010 Amendments of Rule 56. *See Roosevelt Irrigation Dist. v. Salt River Project Agric. Improvement & Power Dist.*, 2016 WL 3613278, at *1 n.1 (D. Ariz. Feb. 22, 2016) ("Rule 56(d) was, until recently, Rule 56(f). While the number of the rule has been altered, the spirit of the rule remains unchanged") (citing *Michelman v. Lincoln Nat'l Life Ins. Co.,* 685 F.3d 887, 899, n. 7 (9th Cir. 2012) ("[F]ormer Rule 56(f) ... is substantially the same as current Rule 56(d).").

1986). ("Failure to comply with the requirements of Rule [56(d)] is a proper ground for denying discovery and proceeding to summary judgment." )

## CONCLUSION AND PRAYER FOR RELIEF

Plaintiff respectfully notes that the Court's decision on the question presented will "secure the just, speedy, and inexpensive determination of …[the] proceeding". Since Defendant's 56(d) declaration and argument are insufficient on this specific question, Plaintiff again respectfully requests that his MPSJ be granted.

RESPECTFULLY SUBMITTED this 6th day of October, 2019.

**PETER STROJNIK**

_____
Plaintiff

DISTRIBUTED THROUGH PACER

/S/

4