Peter Strojnik (Sr.)
7847 N. Central Ave.
Phoenix, Arizona 85020
Telephone: (602) 524-6602
PS@strojnik.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>Plaintiff,<br><br>vs.<br><br>IA LODGING NAPA FIRST LLC, DBA ANDAZ NAPA,<br><br>Defendant. | Case No: 4:19-cv-03983-DMR<br><br>**OBJECTION TO Doc. 40 ORDER FOR SUPPLEMENTAL INFORMATION**<br><br>with<br><br>**RENEWED MOTION TO PERMIT LIMITED DISCOVERY**<br><br>alternatively<br><br>**MOTION TO MODIFY Doc. 40** |

## INTRODUCTION

Defendant, through Defendant's Counsel, filed a Motion to Declare Plaintiff a "vexatious" litigant, Doc. 8. Plaintiff timely responded, Doc. 22, *Plaintiff's Response To Defendant's Motion To Declare Plaintiff A Vexatious Litigant and Request For Vexatious Litigant Discovery And Evidentiary Hearing*. Plaintiff noted that Defendant's Motion lacked the necessary predicate for the Motion, *see id.* at Summary.

At a hearing on October 24, 2019, the Court declined to consider Plaintiff's request for Vexatious Litigant Limited Discovery. Instead, the Court advised *Plaintiff* that he would be subjected to Court's own independent Order to produce evidence that he is *not* a vexatious litigant. Doc. 40 is the written confirmation of this turnaround.

# MEMORANDUM

## I
## OBJECTION TO COURT ORDER Doc. 40

**1. VEXATIOUS LITIGANT GENERALLY**

Restricting access to the courts is a serious matter. " [T]he right of access to the courts is a fundamental right protected by the Constitution." *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998). The First Amendment " right of the people . . . to petition the Government for a redress of grievances," which secures the right to access the courts, has been termed " one of the most precious of the liberties safeguarded by the Bill of Rights." *BE & K Const. Co. v. NLRB*, 536 U.S. 516, 524-25, 122 S.Ct. 2390, 153 L.Ed.2d 499 (2002) (internal quotation marks omitted, alteration in original); *see also Christopher v. Harbury*, 536 U.S. 403, 415 n.12, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (noting that the Supreme Court has located the court access right in the Privileges and Immunities clause, the First Amendment petition clause, the Fifth Amendment due process clause, and the Fourteenth Amendment equal protection clause).

Profligate use of pre-filing orders could infringe this important right, *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (per curiam) (*Molski*), as the pre-clearance requirement imposes a substantial burden on the free-access guarantee. "Among all other citizens, [the vexatious litigant] is to be restricted in his right of access to the courts. . . . We cannot predict what harm might come to him as a result, and he should not be forced to predict it either. What he does know is that a Sword of Damocles hangs over his hopes for federal access for the foreseeable future." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990).

"[B]efore a district court issues a pre-filing injunction . . . it is incumbent on the court to make 'substantive findings as to the frivolous or harassing nature of the litigant's actions.'" *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990) (*De Long*,) (quoting *In re Powell*, 851 F.2d 427, 431, 271 U.S.App. D.C. 172 (D.C. Cir. 1988) (per curiam)). To determine whether the litigation is frivolous, district courts must " look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." *Id*. (quoting same). While the Court of Appeals has not established a numerical

definition for frivolousness, it confirmed that "even if [a litigant's] petition is frivolous, the court [must] make a finding that the number of complaints was inordinate." *Id*. Litigiousness alone is not enough, either: "'The plaintiff's claims must not only be numerous, but also be patently without merit.'" *Molski*, 500 F.3d at 1059 (quoting *Moy*, 906 F.2d at 470).

As an alternative to frivolousness, the district court may make alternative finding that the litigant's filings "show a pattern of harassment." *De Long*, 912 F.2d at 1148. However, courts must "be careful not to conclude that particular types of actions filed repetitiously are harassing," and must " [i]nstead . . . 'discern whether the filing of several similar types of actions constitutes an *intent* to harass the defendant or the court.'" *Id*. at 1148 n. 3 (quoting *Powell*, 851 F.2d at 431).

Finally, pre-filing orders "must be narrowly tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1061. In *Molski*, the 9th Circuit Court of Appeals approved the scope of an order because it prevented the plaintiff from filing " only the type of claims Molski had been filing vexatiously," and " because it will not deny Molski access to courts on any . . . claim that is not frivolous." *Id*.

## 2. VEXATIOUS LITIGANT QUANTUM OF PROOF

Out of regard for the constitutional underpinnings of the right to court access, "pre-filing orders should rarely be filed," and only if courts comply with certain procedural and substantive requirements. *De Long* 912. F. 2nd at 1147. "[B]efore a district court issues a pre-filing injunction . . . it is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148.

While *De Long* and *Molski* reference the *Safir*[1] factors as a *helpful framework*, the ultimate and final standard for vexatious litigant in the 9th Circuit Court of appeals is, has been, and remains whether Plaintiff engaged in "frivolous or harassing … actions". *De Long*.

The final consideration, whether other remedies " would be adequate to protect the courts and other parties" is particularly important. *See Cromer v. Kraft Foods N. Am.*,

---

[1] *Safir v. U.S. Lines, Inc*., 792 F.2d 19, 24 (2d Cir. 1986)

3

*Inc.*, 390 F.3d 812, 818 (4th Cir. 2004). In light of the seriousness of restricting litigants' access to the courts, pre-filing orders should be a remedy of last resort.

3. **THE BURDEN OF PROOF IS ALWAYS ON THE MOVANT.**

By signing a motion, including a vexatious litigant motion, the movant and movant's counsel represent to the Court that they have conducted a preliminary factual inquiry that forms the basis of the motion and that the "factual contentions have evidentiary support". Fed. R. Civ. P. 11(b)(3). Is evident from Doc. 40[2] that Defendant and Defendant's Counsel have failed to carry their Rule 11(b) burden and, consequently, failed to offer proof sufficient for this Court to make necessary substantive findings regarding the alleged "frivolous or harassing nature of the [Plaintiff's] actions." *De Long*, 912 F.2d at 1148. Nowhere in their papers do Defendant or Defendant's Counsel show that *any* of Plaintiff's filings were of the prohibited "frivolous or harassing nature".

In order to discern the fundamental questions of the alleged frivolity and harassment, Plaintiff requested leave to conduct limited discovery:

**ADDENDUM A**
**(Proposed Discovery)**
\*\*\*

**REQUEST TO ADMIT 1:**

Please admit that you are aware of no court proceeding in which Strojnik was a Plaintiff where the Court found that Plaintiff's claim was without merit or harassing in nature.

ADMIT_____    DENY_____

**INTERROGATORY 1:**

If you denied the preceding Request to Admit, please identify each court proceeding in which Strojnik was a Plaintiff where the Court found that Plaintiff's claim was without merit or harassing in nature.

**REQUEST FOR PRODUCTION 1:**

---

[2] Had Defendant and Defendant's Counsel carried *their* obligation that

4

> With respect to all proceedings in which Strojnik was plaintiff and the court found that his claims were without merit or harassing, please produce such findings.

*Doc. 22* at p. 7. Instead of allowing Plaintiff to discern the predicate factual basis for Defendant's and Defendant's Counsel's naked, baseless assertions, the Court turned the issue from *Defendant's* proof of frivolity or harassment, to *Plaintiff's* proof of *lack* of frivolity or harassment. The Court's requirement that *Plaintiff* prove his innocence is highly evocative of the current social and political climate in which anyone can accuse anyone else of anything, without any basis in fact, and then let the disparaged person prove otherwise.

But this is not a political twitter battle. This is a solemn proceeding in the United States District Court from whom solemnity is demanded and received. Here, the accusing Defendant and Defendant's Counsel, not Plaintiff, have the burden of proof.

**4. THE NEED FOR A FACTUAL PREDICATE FOR COURT'S OWN INVESTIGATION**

Even the initiation of vexatious litigant proceeding subject the accused to the fear of a "Sword of Damocles [that] hangs over his hopes for federal access for the foreseeable future." *Moy*, 906 F. 2nd at 470.

The 9th Circuit Court of Appeals has not yet determined whether a vexatious litigation motion and the Court's *sua sponte* investigation require, at a minimum, a predicate set of facts showing *some* level of likelihood that Plaintiff is a vexatious litigant. Without such predicate, the investigation violates Plaintiff's Privileges and Immunities clause, the First Amendment petition clause, the Fifth Amendment due process clause, and the Fourteenth Amendment equal protection clause. *Christopher v. Harbury*, supra.

Thus far, neither Defendant, Defendant's Counsel, nor the Court have identified any factual predicate for commencing this investigation. While Defendant and Defendant's Counsel point to a number of suits filed by Plaintiff, allegations of litigiousness are not enough. "The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059 (quoting *Moy*, 906 F.2d at 470). The numerosity relates to claims that are "patently without merit", not just *any* claims. *Id.*

On the other hand, Plaintiff supported his position with a Declaration, Doc. 23, which completely and utterly destroyed Defendant's and Defendant's Counsel's contentions[3]. Thus it seems rather obvious that the filing of the current vexatious litigant motion is precisely what *Molski* cautioned against: The profligate use of vexatious litigant proceedings[4].

The attempted use of past litigation to prevent a litigant from pursuing a valid claim in federal court warrants the Court's most careful scrutiny. *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031 (9th Cir. 08/12/2008) (referencing *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988). This is particularly true in the ADA context where "most ADA suits are brought by a small number of private plaintiffs who view themselves as champions for the disabled . . . For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Molski*, 500 F.3d at 1062 (citing Samuel R. Bagnestos, The Perversity of Limited Civil Rights Remedies: The Case of "Abusive" ADA Litigation, 54 U.C.L.A. L. Rev. 1, 5 (2006)).

---

[3] At the hearing, the Court noted inability to consider the Declaration because it was not filed under the penalty of perjury. The very first sentence of the Declaration, however, states:

> Plaintiff makes this Declaration under the Penalty of Perjury.

[4] Plaintiff, not being a native speaker, had to look up the adjective "profligate" and found a rather true description of Defendant's and Defendant's Counsel's actions:

> **profligate** [ prof-li-git, -geyt ] SHOW IPA
> SYNONYMS | EXAMPLES | WORD ORIGIN    SEE MORE SYNONYMS FOR proflig
>
> *adjective*
> 1. utterly and shamelessly immoral or dissipated; thoroughly dissolute.
> 2. recklessly prodigal or extravagant.

Since *D'Lil* and *Molski*, the 9th circuit has affirmatively ADA Tester's legitimacy in *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093 (9th Cir. 2017).

On the basis of Defendant's and Defendant's counsel's factually unfounded, bare accusation, the Court has now joined Defendant and Defendant's Counsel in this investigation. Plaintiff objects to the Court's investigation that lacks the predicate evidence of *some* or *any* facts supporting the contention that Plaintiff has filed *some* or *any* action "patently without merit". A naked accusation is not enough.

## II
## RENEWED MOTION TO PERMIT LIMITED DISCOVERY

Plaintiff renews his request for leave to serve proposed limited discovery on Defendant and order the Defendant to answer.

## III
## [ALTERNATIVE] MOTION TO MODIFY

As stated above, " before a district court issues a pre-filing injunction . . . it is incumbent on the District Court to make 'substantive findings as to the frivolous or harassing nature of the litigant's actions.'" *De Long*, 912 F.2d at 1148. While the *Safir* factors provide a "helpful framework", the fundamental test in the 9th District is whether Plaintiff's actions are "frivolous or harassing". *Id.*

The Court's Order, however, goes well beyond the need to, or relevance of, the scope of frivolity or harassment.

For example, Doc. 40 at ¶1, requires Plaintiff to disclose how many cases he filed in California and to provide details about those cases. At the risk of repletion, Plaintiff yet again points out that the 9th Circuit standards is not how many *cases* Plaintiff filed. The test is how many *patently meritless cases* he filed. (None). Of course, Plaintiff is willing and able to disclose all cases that were "frivolous or harassing". (None)

At ¶¶ 2 and 3, the Court wants to know Plaintiff's total recovery of all California cases. Not only does this not lead to any evidence of frivolity or harassment, Plaintiff finances are private and confidential. Plaintiff respectfully declines to disclose his private

and confidential financial condition that has nothing to do with "frivolous or harassing" nature of *any* proceeding.

With respect to ¶4, the same has been fully documented in Declaration of Peter Strojnik, Doc. 23. Plaintiff does not object to items 4(a)-(d) and responds to them here[5].

## IV
## CONCLUSION AND PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court grant this Motion and

A. Enter an expedited briefing order allowing for sufficient time to render a decision or permit Plaintiff time to appeal.

B. Order Defendant and Defendant's Counsel to answer proposed discovery relative to identification of any meritless cases (none) or harassing cases (none again) they claim Plaintiff filed.

C. If Defendant and Defendant's Counsel cannot identify any meritless case (there are none) or harassing cases (there are none), to dismiss their vexatious litigant motion and enter sanctions.

D. Alternatively, limit its Order to within permissible scope as advanced above.

E. Alternatively, stay the proceeding to permit Plaintiff to appeal Doc. 40 along with the entire Defendant's and Defendant's Counsel's harassing motion, Doc. 8.

DATED this 1st day of November 2019.

**PETER STROJNIK**

_____
Peter Strojnik
Plaintiff

FILED AND SERVED THROUGH PACER

---

[5] a. Does Strojnik tailor each complaint to the specific facts of a case? ANSWER: Yes.
b. Who assists in preparing his complaints? ANSWER: No one.
c. Does he personally review each complaint before it is filed to ensure its accuracy? ANSWER: Yes.
d. Does he personally take the photographs he attaches to his complaint? ANSWER: Yes.