Peter Strojnik (Sr.)
7847 N. Central Ave.
Phoenix, Arizona 85020
Telephone: (602) 524-6602
PS@strojnik.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER STROJNIK,<br><br>Plaintiff,<br><br>vs.<br><br>IA LODGING NAPA FIRST LLC, DBA ANDAZ NAPA,<br><br>Defendant. | Case No: 4:19-cv-03983-DMR<br><br>**NOTICE OF DECISION IN LEGALLY INDISTINGUISHABLE CASE REGARDING DEFENDANT'S MOTION TO DISMISS AND TO DECLARE PLAINTIFF VEXATIOUS LITIGANT** |

Defense Counsel in this case, Ms. Tracy Warren of the lawfirm BUCHALTER, is also defense counsel in *Strojnik v. Hyatt International Corporation*, 19-cv-03006 (NC). As in this case, Defense Counsel Warren filed a motion to dismiss and a vexatious litigant motion in the *Hyatt* case. *See* Docs. 8 and 9 in *Hyatt.* The jurisdictional allegations in *Hyatt* are virtually the same as the jurisdictional allegations here. The substantive allegations are obviously different with respect to (1) identify the Defendant, (2) actual and factual documentation of particular ADA violations, and (3) the dates of Plaintiff's personal encounter with the barriers.

The vexatious litigant motion in the *Hyatt* case is also legally indistinguishable from the same motions filed in this case.

The Court in *Hyatt* did not grant Defendant's Motion to Dismiss but instead noted that the facts in the Declaration of Peter Strojnik in support of the response to Defendant's

Motion to Dismiss state sufficient facts that, if incorporated in the Complaint, would satisfy jurisdictional requirements. The Court stated, Doc. 33 at pp 1-2[1]:

> In response to the motion, at ECF 16 (memorandum) and 19 (declaration of Mr. Strojnik), plaintiff provides evidence that he traveled to Carmel on April 7, 2019, and stayed at the La Playa Carmel By the Sea. He attests that he then visited Hyatt Carmel Highlands to "determine if *it* would be suitable for Declarant's mobility needs upon his return to Carmel." ECF 16 at p. 4. He attests that he documented through photographs ADA violations at Hyatt Carmel Highlands. *Id.* Further, he declares that he intends to lodge at Hyatt Carmel Highlands when it becomes fully compliant with accessibility requirements. *Id.*
>
> Plaintiff's response and declaration include many factual allegations that are not in the complaint. Under Fed. R. Civ. P. 15(a)(2), the Court should freely give leave to amend when justice so requires. Here, justice requires granting plaintiff leave to amend the complaint so that he may include factual details in support of his claimed standing, injury in fact, and deterrence from visiting the property. Accordingly, the Court grants plaintiff leave to file an amended complaint by November 15, 2019.

More importantly, however, the Court in *Hyatt* denied Defendant's vexatious litigant motion because "[t]he Court has not found this case to be frivolous or in bad faith." *Id.* at 2. As a result of lack of proof of this predicate to a vexatious litigant motion, the Court found that the vexatious motion was premature:

> Next, the Court considers Hyatt's motion to declare Mr. Strojnik a vexatious litigant and to require him to obtain Court permission before filing any future ADA cases in this judicial district. ECF 9. This motion is denied, without prejudice, as premature. At this moment, the Court has not found this case to be frivolous or in bad faith. If Hyatt prevails in this case and has a factual and legal basis to have the Court declare Mr. Strojnik a vexatious litigant, it may file a new motion within 14 days of an order dismissing the case. Mr. Strojnik would be entitled to respond in writing and to a hearing.

Plaintiff requests that the Curt consider the decision in *Hyatt* in order to assure consistency of reasoning and decisions in this Circuit.

///

///

---

[1] Exhibit 1.

DATED this 2nd day of November 2019.

**PETER STROJNIK**

Peter Strojnik
Plaintiff

FILED AND SERVED THROUGH PACER