1
2
3
4

Peter Strojnik (Sr.),
7847 N. Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

5

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

6
7

Case No: 4:19-CV-03983-DMR

8

PETER STROJNIK,

**OBJECTION TO DEFENDANT'S**
**SUPPLEMENTAL REQUEST FOR**
**JUDICIAL NOTICE [Dkt. No 44]**

9

Plaintiff,

10

**AND FOR SANCTIONS**

11

vs.

12
13

IA LODGING NAPA FIRST LLC., DBA
ANDAZ NAPA

14

Defendant.

15
16
17
18
19

  Defendants offers 118 pages of scandalous and impertinent[1] documents and demands judicial notice of same. Defendant is aware, of course, that the content of proffered papers is inadmissible as a matter of law. *See* Dkt. at 26 (citing to 9th Circuit cases holding that the Court cannot take judicial notice of the truth of papers filed in different court). Therefore, these papers cannot possibly be offered for their *"truth"*.

20
21
22
23

  Instead, Defendant's engage a furtive reconnaissance mission to determine whether the memorable observation by the Honorable Judge Melinda Harmon apply here. In *Gilkerson v. Chasewood Bank*, 1 F.Supp .3d 570, 596-97 (S.D. Tex., 2014), Judge Harmon displayed the courage to state what civil rights litigants know from experience:

24
25
26

    Testers have been an accepted and successful means of enforcing civil rights statutes under the Fair Housing Act and Title VII of the Civil Rights Act of

27
28

---

[1] Allegation is "impertinent" if it is not responsive or relevant to the issues; it is "scandalous" if it improperly casts a derogatory light on someone. *Wilkerson v. Butler,* 229 F.R.D. 166, 170 (E.D. Cal. 2005)

1964, although **a number of courts addressing Title III cases have been skeptical, and even hostile**. *See* Lee, *Giving Disabled Testers Access to Federal Courts,* 19 Va. J. Soc. Pol'y & L. at 321–23; Johnson, *Testers Standing up for Title III of the ADA,* 59 Case W. Res. L.Rev. at 689–702. "As a result of both the Attorney General's limited resources and the limited remedies available to Title III plaintiffs, 'most suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled.' " *Betancourt v. Federated Dept. Stores,* 732 F.Supp. 2d 693, 701 (W.D.Tex.2010) *quoting Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1062 (9th Cir. 2007). (Emphasis supplied.)

Defendant's strategy is not subtle. Defendant is aware of a significant social undercurrent of hostile skeptics. So she is trying to determine whether her litigation privileged defamation will fall on fertile ground in this Court.

Defendant displayed similar tactic in *Strojnik v. Hyatt International Corporation,* (N.D. Cal. 5:19-cv-03006-NC) There, counsel prodded the Honorable Judge Nathaniel M. Cousins with the same barrage of inadmissible request for judicial notice, filed the same type of motion to dismiss and the same type of vexatious litigant motion[2]. It was not until Judge Cousins denied, correctly, their vexatious litigant motion[3] that Counsel for Defendant sued for peace and settled for a fraction of what the case was worth in terms of court time and client fees.

*See also* Exhibit 3 in which Defense Counsel admits that the very purpose of their Motion to Set Aside the Entry of Default[4], is "to seek judicial orders dismissing the present litigation and declaring Plaintiff to be a vexatious litigant".

Undeterred by Judge Cousin's denial of her vexatious litigant motion, Defendant is desperately looking for that elusive "skeptical or even hostile" judge referenced by Judge Harmon in *Gilkerson*.

---

[2] *See Hyatt* Docket appended as Exhibit 1.
[3] *See* Order Denying Vexatious Litigant Motion, Dkt. at 33, Exhibit 2.
[4] *See* Defendant's Memorandum in Support of Motion to Set Aside Default in *Strojnik v. Host Hotels & Resorts, Inc. dba Andaz Maui* (D.C. Hi. 19-cv-00136). This is a 249 page motion similarly seeking judicial notice of impertinent and scandalous information. *See also Motion to Set Aside the Entry of Default* in *Strojnik v. SCG America* (C.D. Cal. 1:19-CV-00136-JMS-RT)

Defendant believes that she can mentally corrupt the federal judiciary. This is dangerous. It is worthy of most severe sanctions.

Plaintiff requests monetary sanctions against Defendant payable to a 501(c)(3) charitable organization for the disabled in a sufficient amount to deter Defendant from suggesting that the District Courts in the 9th District are susceptible of skepticism or hostility toward civil rights litigants.

RESPECTFULLY DATED this 23rd day of December, 2019,

**PETER STROJNIK**

_____
Plaintiff

FILED AND DISTRIBUTED THROUGH PACER