UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK (SR.),<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HYATT INTERNATIONAL CORPORATION dba HYATT CARMEL HIGHLANDS,<br><br>　　　　Defendant. | Case No. 19-cv-03006 (NC)<br><br>**ORDER GRANTING LEAVE TO AMEND COMPLAINT; DENYING AS PREMATURE DEFENDANT'S MOTION TO DECLARE PLAINTIFF AS VEXATIOUS; AND CONTINUING CMC TO JAN. 15**<br><br>Re: ECF 8, 9 |

　　This is a pro se civil rights case under the Americans with Disabilities Act and California's Unruh Civil Rights Act and Disabled Persons Act. Plaintiff Peter Strojnik asserts that he is a disabled person who was discriminated against by the defendant Hyatt Carmel Highlands hotel located in Carmel, California. ECF 1, Complaint.

　　The first matter presented to the Court is Hyatt's motion to dismiss the case for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). ECF 8. Hyatt's central argument is that Strojnik lacks standing because he never visited the hotel and suffered no injury in fact.

　　In response to the motion, at ECF 16 (memorandum) and 19 (declaration of Mr. Strojnik), plaintiff provides evidence that he traveled to Carmel on April 7, 2019, and stayed at the La Playa Carmel By the Sea. He attests that he then visited Hyatt Carmel Highlands to "determine if *it* would be suitable for Declarant's mobility needs upon his return to Carmel." ECF 16 at p. 4. He attests that he documented through photographs ADA violations at Hyatt Carmel Highlands. *Id.* Further, he declares that he intends to

lodge at Hyatt Carmel Highlands when it becomes fully compliant with accessibility requirements. *Id.*

Plaintiff's response and declaration include many factual allegations that are not in the complaint. Under Fed. R. Civ. P. 15(a)(2), the Court should freely give leave to amend when justice so requires. Here, justice requires granting plaintiff leave to amend the complaint so that he may include factual details in support of his claimed standing, injury in fact, and deterrence from visiting the property. Accordingly, the Court grants plaintiff leave to file an amended complaint by November 15, 2019.

Next, the Court considers Hyatt's motion to declare Mr. Strojnik a vexatious litigant and to require him to obtain Court permission before filing any future ADA cases in this judicial district. ECF 9. This motion is denied, without prejudice, as premature. At this moment, the Court has not found this case to be frivolous or in bad faith. If Hyatt prevails in this case and has a factual and legal basis to have the Court declare Mr. Strojnik a vexatious litigant, it may file a new motion within 14 days of an order dismissing the case. Mr. Strojnik would be entitled to respond in writing and to a hearing.

Finally, the Court CONTINUES the November 6 case management conference to January 15, 2020 at 10:00 a.m., by phone. A joint updated CMC statement is due January 8. This case is referred to the ADR unit for assignment of a mediator, with mediation requested to be completed within 90 days.

IT IS SO ORDERED.

Date: November 1, 2019

Nathanael M. Cousins
United States Magistrate Judge