1  BUCHALTER
   A Professional Corporation
2  DOUGLAS E. WANCE (HI SBN: 10144 | CA SBN:  208170)
   18400 Von Karman Avenue, Suite 800
3  Irvine, CA  92612-0514
   Telephone: 949.760.1121
4  Fax: 949.720.0182
   Email:  dwance@buchalter.com
5

6  BUCHALTER
   A Professional Corporation
7  TRACY A. WARREN (*Pro Hac Vice Application* Pending | CA SBN:  228013)
   J. PATRICK ALLEN (*Pro Hac Vice Application* Pending | CA SBN: 268130)
8  655 West Broadway, Suite 1625
   San Diego, CA  92101
9  Telephone: 619.219.5335
   Email:  twarren@buchalter.com
10

   Attorneys for Defendant
11 HOST HOTELS & RESORTS, INC.

12

13                    **UNITED STATES DISTRICT COURT**

14                         **DISTRICT OF HAWAII**

15

| | |
|---|---|
| 16  PETER STROJNIK, | Case No. CV19 00136 JMS RT |
| 17          Plaintiff, | **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES** |
| 18       vs. | **IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT [ECF** |
| 19  HOST HOTELS & RESORTS, INC. dba ANDAZ MAUI AT WAILEA RESORT, | **#023]** |
| 20          Defendant. | |
| 21 | |

22

23

24

25

26      Defendant HOST HOTELS & RESORTS, INC. ("Defendant") hereby submits

27  the following memorandum of points and authorities in support of its Motion to Set

28  Aside Default ("Motion").

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF
MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT [ECF #023]**

## I. __INTRODUCTION__

The present lawsuit is one of a number of nearly-identical lawsuits filed by Plaintiff Peter Strojnik ("Plaintiff") alleging violation of the Americans with Disabilities Act ("ADA") and similar state laws.  Indeed, Plaintiff is a serial litigant with a demonstrated history of abusive and frivolous ADA litigation, which resulted in the Arizona State Bar's suspension of Plaintiff's license to practice law and Plaintiff's later disbarment.  Rather than preventing Plaintiff's abusive conduct, the disbarment merely led to Plaintiff filing the same type of frivolous actions on his own behalf as a *pro se* plaintiff.

In this instance, Plaintiff filed a standard lawsuit alleging that the defendant violated the ADA and state laws when Plaintiff viewed unidentified third party booking sites and a first party booking site and allegedly could not access whether the property met his accessibility needs.  In the approximately eight-and-a-half months that this action has been pending, Plaintiff has: (1) named three different entities as a defendant with a new entity for each version of the complaint, (2) failed to timely effectuate service on two entities, (3) had an application for entry of default set aside for inadequate service, (4) had a motion for alternate service denied due to his own errors, and (5) moved to amend his complaint a second time after the deadline to effectuate service had run.

Despite this history, Plaintiff was given leave to file a Second Amended Complaint on September 17, 2019.  In that complaint, Plaintiff named Defendant for the first time.  Despite knowing that Defendant was represented by counsel—and simultaneously corresponding with Plaintiff's counsel in another matter—Plaintiff did not inform Defendant's counsel of the amended complaint.  Instead, Plaintiff purportedly served Defendant's agent for service of process, CSC Lawyers Incorporating Service Co.  When the time for Defendant's response expired, Plaintiff never inquired whether Defendant intended to respond and never contacted Defendant's counsel regarding the matter of the service.  Instead, Plaintiff quietly

__MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT [ECF #023]__

and quickly applied for entry of default.

The Court should set aside entry of default against Defendant pursuant to Fed. R. Civ. P. 55(c) because there is good cause for Defendant's delay in appearing in this action.

First, Plaintiff will not be prejudiced if the Court sets aside the default. Plaintiff took nearly seven months and three tries before purportedly naming and effectuating service on a proper defendant. The minimal passage of time between the entry of default and Defendant's Motion precludes any delay or prejudice.

Second, Defendant has meritorious defenses that should be decided on the merits rather than procedural gamesmanship. As set forth below, Plaintiff's ADA claim is facially defective, as it fails to allege facts establishing Plaintiff's standing to bring the claims alleged. Defendant is entitled to litigate this matter on the merits and the Court's disfavor of procedural judgments dictates against allowing the default to stand.

Lastly, Defendant's delay was not the result of nefarious intent. Instead, it was the result of a good faith error in transmitting the summons and complaint from the statutory agent for service of process to the individuals responsible for overseeing Defendant's response to the litigation and corresponding with Defendant's counsel. As the present Motion makes evident, the minimal delay in the litigation is not the basis for Defendant's anticipated defenses to the action. As Defendant does not seek any advantage from the delay, the Court should set aside the entry of default and allow the litigation of the matter on its merits.

Accordingly, the Court should set aside entry of default against Defendant pursuant to Fed. R. Civ. P. 55(c).

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

### a.   Plaintiff is a Serial ADA Filer.

This is not the first time Plaintiff has brought allegations under the Americans with Disabilities Act. Plaintiff has filed over 80 ADA cases in federal courts alone,

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

often identical allegations, to those made here.  (*See e.g.*, Request for Judicial Notice ("RJN"), Exh. 7.)  In each case, Plaintiff represents himself.  (*Id.*)  But, Plaintiff used to be an ADA lawyer in the State of Arizona, where he lives.  (*Id.*)  After filing approximately 1,700 ADA claims in seven months, complaints were brought against Plaintiff and a State Bar investigation ensued.  (*See* RJN, Exh. 1 at *4.)  The Arizona State Bar reported the following outcome:

> The Presiding Disciplinary Judge of the Arizona Supreme Court accepted a consent to disbarment filed by Peter Strojnik and effective May 10, 2019. Mr. Strojnik had been suspended on an interim basis since July 11, 2018, while the Bar conducted its investigation. Strojnik was assessed $1,263.92 in costs and expenses for the disciplinary proceeding.
>
> Beginning in 2016, Strojnik filed thousands of lawsuits against small businesses alleging minor violations of the Americans with Disabilities Act (ADA) and the Arizonans with Disabilities Act (AzDA) in state and federal courts. Typically, he demanded approximately $5,000 in attorney's fees regardless if the business remedied the purported violations. In all cases Strojnik alleged vague violations.
>
> Strojnik's "extortionate" and "ethically suspect" misconduct led the Arizona Attorney General's Office ("AG") to intervene in the suits. The Court granted intervention, consolidated the cases, and eventually dismissed most of them for lack of standing. The AG's office moved to intervene in one federal case to have Strojnik declared a vexatious litigant.
>
> The State Bar alleged that Strojnik engaged in conduct that caused immediate and substantial harm to clients, the public, and the administration of justice, making illusory claims for attorney fees and monetary damages. One District Court said his tactics were extortionate. The State Bar alleged that Strojnik violated Rule 42, Ariz. R. Sup. Ct., ERs 1.2, 1.4, 1.5(a), 1.15(a) 3.1, 3.3(a), 3.4(c), 4.1(a), 4.4(a), 8.1, 8.4(c) and (d), Rules 43 and 54(d), Ariz. R. Sup. Ct. Strojnik did not contest the allegations and consented to his disbarment.

(*See* RJN, Exh. 6.) Following his disbarment in Arizona, Plaintiff began filing his ADA lawsuits as an in *pro per* plaintiff.

/ / /

### b. <u>The Present Case is True to Plaintiff's Form.</u>

Plaintiff filed the present case on or about March 14, 2019. [ECF No. 1.] In that initial complaint, Plaintiff named Wailea Hotel & Beach Resort LLC as the defendant. In May 2019, the undersigned counsel spoke with Plaintiff and informed him that the property had been sold to HHR AMW LLC. Declaration of Tracy A. Warren, filed concurrently herewith ("Warren Decl."), ¶ 2.

Plaintiff thereafter amended his complaint, naming HHR AMW LLC as the sole defendant to the amended claims. [ECF No. 5.] On or about June 20, 2019, Plaintiff applied for entry of default against HHR AMW LLC. [ECF No. 9.] The application was denied based on the Court's finding that Plaintiff failed to properly effectuate service of process on the named entity. [ECF No. 11.] Plaintiff's motion for alternate service was similarly denied, with the Court finding that Plaintiff's inability to effectuate service was based on his own errors in the naming of the defendant. [ECF Nos. 12, 13.]

On September 5, 2019, Plaintiff sought to amend his complaint for a second time. [ECF No. 15, 18.] In granting Plaintiff's motion, the Court noted that it would be within its right to dismiss the action for failure to timely effectuate service, but elected to allow Plaintiff to amend its complaint. [ECF No. 18.] In his Second Amended Complaint, Plaintiff named yet another new entity—this time Defendant Host Hotels & Resorts, Inc. [ECF No. 19.]

This is not the first time Plaintiff has named Defendant as a party to an ADA lawsuit. Indeed, approximately six days before filing his Second Amended Complaint in this action, Plaintiff executed a settlement agreement with Defendant in a different ADA lawsuit relating to a different property operating under the Hyatt brand name. Warren Decl., ¶ 3. Despite the fact that Defendant was represented by the same counsel in both cases, Plaintiff never informed Defendant's counsel that he had named Defendant in this lawsuit. *Id.*, ¶ 3.

/ / /

In the operative Complaint, Plaintiff alleges that at some unidentified date he intended to visit Hawaii and began looking for accommodations on various third party booking websites. (Compl., ¶¶ 20-21.) Plaintiff alleges that he found the property at issue on those sites, but that the sites did not provide sufficient information for Plaintiff to determine if the property had the mobility related access features required for his disabilities. (*Id.*, ¶ 22.) Plaintiff also alleges the third party booking sites failed to make reservations for accessible guest rooms in the same manner as non-accessible guest rooms. (*Id.*, ¶ 23.) Plaintiff claims this lack of information made it impossible for him to assess whether the property met his accessibility needs. (*Id.*, ¶ 22.)

Plaintiff claims that thereafter he discovered that Defendant's own booking site also failed to identify and describe mobility related accessibility features and guest rooms in enough detail to permit him to assess whether Defendant's Property met his accessibility needs. (*Id.*, ¶ 24-25.) Plaintiff then claims that as he continued browsing Defendant's site, he realized that it disclosed certain barriers to access. (*Id.*) Plaintiff further claims that Defendant's booking site failed to make reservations for accessible guest rooms in the same manner as non-accessible guest rooms. (*Id.*) Having never actually visited the property, Plaintiff alleges that Defendant violated the Americans with Disabilities Act (ADA) and Hawaii's Discrimination in Public Accommodations Act. Plaintiff also alleges that Defendant is guilty of "nondisclosure," consumer fraud and negligence per se. (*See* Compl. generally.)

## III.   <u>ARGUMENT</u>

"Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *U.S. V. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010) (internal formatting omitted); *quoting Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). "[D]efault judgments are generally disfavored, and 'whenever it is reasonably possible, cases should be decided upon their merits." *In re Hammer*, 940

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

F.2d 524, 525-526 (9th Cir. 1991) (internal formatting omitted) (*quoting Gregorian v. Izvestia*, 871 F.2d 1515, 1523 (9th Cir. 1989).  Accordingly, a district court should set aside entry of default on a showing of good cause.  *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

The good cause analysis requires the Court to consider three factors: (1) whether the plaintiff would be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant let to the default.  *Falk*, 739 F.2d at 463;  *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-926 (9th Cir. 2004).  The Court has discretion to set aside entry of default even in situations where one factor weighs against the decision.  *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111-1112 (9th Cir. 2011). Here, all the factors weigh in favor of setting aside the default and allowing the case to proceed on the merits.

### a. Plaintiff Will Not Suffer Prejudice If Entry of Default is Set Aside.

First, the entry of default should be set aside because Mr. Strojnik would not be prejudiced in any way.  Prejudice is determined by whether a party will be hindered in pursuing its claim. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001)(questioned on other grounds).  The fact that a party may be denied a quick victory is insufficient to deny relief from default judgment. *Bateman v. United States Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000). "The delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.*

Here, Plaintiff will not be able to articulate any prejudice that he would suffer should entry of default be set aside.  Plaintiff filed the present matter on March 14, 2019 and only effectuated service of process on October 1, 2019.  [ECF Nos. 1, 21.] Entry of default was only entered 19 days ago.  [ECF No. 24.]  Given the minimal delays in the advancement of the case, Plaintiff cannot claim any loss of evidence, difficulties of discovery or other basis for denying Defendant its right to defend the

matter on the merits.

### b. Defendant Has Meritorious Defenses to the Lawsuit.

The next factor weighing in favor of Defendant's Motion is that Defendant has a meritorious defense to the lawsuit. A defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). All that is required is an assertion of "a factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true is resolved at a later stage." *Audio Toys, Inc. v. Smart AV Pty Ltd.*, 2007 U.S. Dist. LEXIS 44078, *8 (N.D. Cal. June 6, 2007).

Here, Defendant has multiple defenses that create the possibility of Defendant prevailing at trial. This litigation is frivolous and Plaintiff should be declared a vexatious litigant.

First, Plaintiff's ADA claim—the sole claim on which his federal subject matter jurisdiction is based—failed to establish the facts necessary to prove Plaintiff's standing. Notably, Plaintiff's Complaint alleges neither an injury-in-fact nor an intent to return to the noncompliant facility. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011). Plaintiff never alleges he ever visited the property, much less that he personally encountered any barriers to his access there. *Brooke v. H.P. Hospitality*, LLC, 2017 U.S. Dist. LEXIS 214372, at *811 (C.D. Cal. July 11, 2017); *Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170, at *11 (E.D. Cal. Mar. 27, 2012) (holding that merely alleging that barriers exist is insufficient to show standing). Plaintiff similarly fails to show a "real and immediate threat of repeated injury," given that he: (a) resides far distant from the subject property, (b) has never patronized the property before, (c) has not alleged any definite plan to visit/return, and (d) has not alleged frequent travel near the property. *Johnson v. Overlook At Blue Racine, LLC*, 2012 U.S. Dist. LEXIS 42170 at *5 (E.D. Cal. Jul. 20, 2012). Accordingly, Defendant has a meritorious defense based on Plaintiff's

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT [ECF #023]**

lack of standing.

Moreover, Plaintiff's history as an ADA litigant is well-documented, both in judicial records and in proceedings before the Arizona State Bar. Given this litigation history, Defendant contends that the present litigation is a frivolous case and represents a flagrant abuse of the judicial process, which the Court should remedy through its inherent power. *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990); *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007). Accordingly, Defendant intends to seek judicial orders dismissing the present litigation and declaring Plaintiff to be a vexatious litigant.

As Plaintiff's Complaint fails to establish standing, fails to allege the specific barriers purportedly faced, and fails to show any basis for a finding in his favor, the second factor weighs in favor of setting aside the entry of default.

### c. Defendant's Delay in Responding to the Lawsuit is Excusable.

In the Ninth Circuit, analysis of "culpability" for the purposes of demonstrating "good cause" under Rule 55(c) overlaps with the standard for "excusable neglect" under Rule 60(b)(1). *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)(questioned on other grounds). The Ninth Circuit finds a negligent failure to respond excusable if the defaulting party offers a credible, good-faith explanation for the delay that negates "any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Knoebber*, 244 F.3d at 697-98.

While Defendant did not file a response with the Court in time, Defendant's conduct was excusable. While Plaintiff filed a proof of service showing delivery of the summons to CSC Lawyers Incorporating Service Co., Defendant's agents in charge of the litigation did not become aware of the service until after default had already been entered. Warren Decl., ¶ 4. Defendant promptly drafted and filed the present Motion seeking to set aside the default and enter a responsive pleading.

/ / /

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

Defendant has not intended to take advantage of Plaintiff, interfere with judicial decision making or otherwise manipulate the legal process in failing to timely file its responsive pleading.   Defendant's challenges to Plaintiff's operative complaint and its anticipated defenses in the litigation are not based on any action that occurred between the October 1, 2019 service and the present Motion.   As Defendant's failure to timely respond was not designed to capitalize on any unknown event that occurred during the minimal delay, any neglect to timely file a responsive pleading should be excused.

**IV.   <u>CONCLUSION</u>**

For the foregoing reasons, Defendant respectfully requests that the Court grant the Motion and set aside entry of default.

DATED:  December 2, 2019           BUCHALTER
                                    A Professional Corporation


                                    By:   */s/ Douglas E. Wance*
                                          ------------------------------
                                          DOUGLAS E. WANCE
                                          TRACY A. WARREN
                                          (*Pro Hac Vice Application* Pending)
                                          J. PATRICK ALLEN
                                          (*Pro Hac Vice Application* Pending)
                                          Attorneys for Defendant
                                          HOST HOTELS & RESORTS, INC.

BN 38413692v1

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT [ECF #023]**