UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br>  Plaintiff,<br>  v.<br>IA LODGING NAPA FIRST LLC,<br>  Defendant. | Case No. 19-cv-03983-DMR<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS**<br>Re: Dkt. No. 7 |

On July 10, pro se plaintiff Peter Strojnik filed this case against IA Lodging Napa First LLC ("Andaz Napa"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and related state law claims. [Docket No. 1 ("Compl.").] Andaz Napa moves to dismiss Strojnik's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). [Docket Nos. 7 ("Mot."), 24 ("Reply").] Strojnik timely opposed. [Docket No. 20 ("Opp.").] The court held a hearing on October 24, 2019.

After considering the parties' briefing and oral argument, the court grants Andaz Napa's motion to dismiss.

**I.  BACKGROUND**

**A.  Strojnik's ADA Litigation**

Strojnik resides in Maricopa County, Arizona. Compl. ¶ 1. He filed the complaint in this case on July 10, 2019, alleging that Andaz Napa violated various provisions of the ADA and related state laws. He alleges that he is "legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, degenerative right knee [*sic*]." *Id*. ¶ 3. He states that he "walks with difficulty and pain" and "requires compliant mobility accessible features at places of public accommodation." *Id*. ¶ 4.

According to Strojnik, he "intended to visit California Wine Country" and reviewed hotel

booking websites in advance of his trip. Compl. ¶ 15. He identified Andaz Napa's property (the "Hotel") through these sites. *Id.* ¶ 16. Strojnik alleges that both third-party websites and Andaz Napa's website "failed to identify and describe mobility related accessibility features and guest rooms offered through its reservation service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs." *Id.* ¶ 17. He avers that Andaz Napa's booking website "failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms." *Id.* ¶ 20. Strojnik determined from reviewing Andaz Napa's website that there were architectural barriers to accessibility. *Id.* ¶ 22.

Strojnik alleges that Andaz Napa violated the ADA by denying him "equal access to its public accommodation" and that the ADA violations "relate to [his] disability and interfere with [his] full and complete enjoyment of the Hotel." Compl. ¶ 24. He states that he declined to book a room at the Hotel because Andaz Napa's "failure to remove accessibility barriers prevented [him] from equal access to [the Hotel]." *Id.* ¶¶ 25, 27. Strojnik attaches several photographs and what appear to be screenshots of websites to his complaint. Compl. at 11-25. Each of these has a caption that purports to identify inaccessible features.

Strojnik brings claims based on the ADA, the California Unruh Act, the California Disabled Persons Act, and a claim for negligence. Andaz Napa moves to dismiss the complaint for lack of standing and also moves for an order declaring Strojnik a vexatious litigant.

## II. LEGAL STANDARD FOR RULE 12(B)(1) MOTIONS

The question of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III [of the U.S. Constitution]." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Because standing is a jurisdictional issue, it is properly addressed under a Rule 12(b)(1) motion. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1). In order to satisfy

Article III's standing requirements, a plaintiff must show "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

### III. MOTION TO DISMISS

Andaz Napa moves to dismiss Strojnik's ADA claim on the basis that he failed to adequately plead that he has standing to sue under Article III of the U.S. Constitution. Because injunctive relief is the only relief available to private ADA plaintiffs, a plaintiff alleging ADA violations must establish standing to pursue injunctive relief. Standing for injunctive relief requires a plaintiff to establish a "real and immediate threat of repeated injury." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004). Ninth Circuit caselaw establishes that an ADA plaintiff may establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011). Andaz Napa asserts that Strojnik has failed to establish either an injury-in-fact coupled with an intent to return or, alternatively, that he was deterred from visiting the Hotel because of the allegedly noncompliant features.

#### A. Actual Encounters

An ADA plaintiff may establish standing if he encountered a noncompliant barrier related to his disability and that there is "a sufficient likelihood that he will again be wronged in a similar way." *See Chapman*, 631 F.3d at 948 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

##### 1. Injury-in-Fact

As an initial matter, Strojnik's bare-bones complaint lacks specific details about the injuries Andaz Napa allegedly caused him. Although he alleges that he "intended to visit California Wine Country," he does not state the dates he intended to travel or the purpose of the trip. *See* Comp. ¶ 15. He also does not give the date he accessed Andaz Napa's website, or from what location, or any other details corroborating his allegations. He does not describe what "mobility related

3

accessibility" features he tried and failed to identify on Andaz Napa's website. *See* Compl. ¶ 19. He

Additionally, in order to suffer an injury-in-fact arising from an actual encounter with a barrier, an ADA plaintiff must establish that the barrier relates to his disability. *Chapman*, 631 F.3d at 947 n. 4 ("[A] plaintiff's standing to claim an ADA violation is necessarily linked to the nature of his disability."). Strojnik's allegations relate mainly to the lack of information regarding accessibility features on Andaz Napa's website, but he does not explain which accessibility features are required to accommodate his disability or allege that those specific features were not described on the website. Further, although Strojnik attaches pictures to his complaint that purport to be architectural features within Andaz Napa, he does not allege that he personally took those pictures. His sparse complaint does not allege that he visited the Hotel, that he encountered any barriers at the Hotel, or that any alleged barriers at the Hotel relate to his disability. He also does not identify how any of the architectural features violate the ADA, and only inserts generic captions such as "[i]naccessible check in counter." *See* Compl. at 15. Although Strojnik alleges that he "walks with difficulty" and "requires compliant mobility accessible features at places of public accommodation," he does not specify which features of the Hotel are a barrier to him. Notably, Strojnik appears to concede that the allegations in his complaint are inadequate, as he provides a declaration that provides "specific facts clarifying jurisdictional allegations in the complaint." Opp. at 3-4, *see* Strojnik Decl. ¶¶ 25-34. In his declaration, he asserts that he "visited Andaz" and "noted that Andaz was not suitable for his needs and documented notable ADA violations through photography." Strojnik Decl. ¶¶ 30-31. Strojnik does not explain why he did not plead these "specific facts" in his complaint. Nor did he offer to amend the complaint to add such facts.

Finally, although Strojnik is a frequent ADA litigant, his complaint does not cite any statutes, regulations, or caselaw that support his theories of injury. For example, he alleges that third-party booking websites failed to identify accessibility features within Andaz Napa, but it is not clear whether he is alleging claims against Andaz Napa based on the information on the third party sites, and if so, on what basis.

In sum, the generic descriptions in the complaint are too vague to assess whether and how

Strojnik was injured by Andaz Napa.

### 2. Intent to Return

Even if Strojnik adequately alleged that encountered barriers at the Hotel, he would also have to establish "a sufficient likelihood that he will again be wronged in a similar way." *Lyons*, 461 U.S. at 111; *see also Chapman*, 631 F.3d at 949 ("Article III . . . requires a sufficient showing of likely injury in the future related to the plaintiff's disability to ensure that injunctive relief will vindicate the rights of the particular plaintiff rather than the rights of third parties."). "'[S]ome day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan*, 504 U.S. at 564.

Andaz Napa argues that Strojnik's single statement that he "intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant" is insufficient to confer standing. It points out that Strojnik's residence in Arizona is over 700 miles from the Hotel; that Strojnik does not allege that he had ever visited the Hotel in the past; that he has not alleged a concrete plan to visit the Hotel in the future; and that he did not proffer any reason as to why he would patronage the Hotel in the future, such as frequent travel in the area or "specific ties" to the property. *Cf. Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008) (holding that a plaintiff adequately established an intent to return when he "alleged that he had visited the [defendant] store on ten to twenty prior occasions, that he is currently deterred from visiting the store because of its accessibility barriers, that the store is conveniently located near his favorite fast food restaurant in Anaheim, and that he plans to visit Anaheim at least once a year on his annual trips to Disneyland"); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135-38 (9th Cir. 2002) (plaintiff established an "actual or imminent injury for the purposes of standing" where he had visited the defendant's store in the past, stated that he prefers to shop there, noted that the store is close to where his grandmother lives, and alleged that he would like to visit the store when he visits her).

In his declaration, Strojnik asserts that he and Mrs. Strojnik "travel to Napa . . . between once and twice per year to stock up on California wines and spirits" and that he "visited Andaz to

determine if it would be suitable for [his] mobility needs upon his return to Napa." Strojnik Decl. ¶¶ 25-30. However, the complaint itself does not allege any specific facts relating to Strojnik's intent to return to the Hotel.

Accordingly, Strojnik has not pleaded that he encountered barriers at the Hotel and is likely to be injured by the same barriers in the future.

### B. Deterrence

As an alternative to establishing an actual encounter with a barrier, an ADA plaintiff may establish standing by pleading that he was deterred from visiting the facility in the first place. "[W]hen a plaintiff who is disabled within the meaning of the ADA has actual knowledge of illegal barriers at a public accommodation to which he or she desires access, that plaintiff need not engage in the 'futile gesture' of attempting to gain access in order to show actual injury." *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002) (quoting 42 U.S.C. § 12188(a)(1)). However, even under a deterrence theory, a plaintiff must allege "actual knowledge of a barrier" and an intent to visit a facility once it is ADA compliant. *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017) ("*CREEC*").

For the reasons examined above, Strojnik has not pleaded that he was deterred from visiting the Hotel. First, he has not alleged actual knowledge of barriers related to his disability that deterred him from patronizing the Hotel. The photographs attached to his complaint have generic and vague descriptions that do not explain either why the identified features are not ADA compliant or why they are related to his disability. Second, as described above, Strojnik has not adequately alleged that he intends to visit the Hotel once it remedies the purported violations. In his declaration, he provides additional details regarding his connection to Napa and his reasons for returning to the area; however, none of these facts appear in his complaint.

In sum, Strojnik has failed to plead facts sufficient to establish Article III standing.

## IV. LEAVE TO AMEND

Under Federal Rule of Civil Procedure 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. Fed. R. Civ. P. 15(a)(1). After that point, Rule 15(a) provides generally that leave to amend the pleadings before trial should be

given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In the absence of an "apparent" reason, such as undue delay, bad faith or dilatory motive, prejudice to the opposing party, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Sols., Inc*., 194 F.3d 980, 986 (9th Cir. 1999). These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "Granting leave to amend does not necessarily mean that the underlying allegations ultimately have merit." *FlatWorld Interactives LLC v. Apple Inc*., 12-CV-01956-WHO, 2013 WL 6406437, at *3 (N.D. Cal. Dec. 6, 2013). "Rather, '[a]bsent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.'" *Id*. (quoting *Eminence Capital*, 316 F.3d at 1052).

It is within the discretion of the court to deny leave to amend because of "bad faith or dilatory motive." *Foman*, 371 U.S. at 182. In this case, Strojnik's complaint and opposition raise several concerns. First, in his opposition, Strojnik cites *Castillo-Antonio v. Hernandez*, No. 19-cv-672-JSC (N.D. Cal. 2019) but he does not explain how the reasoning of that case bears on any of the issues presented here. He merely states that "[t]he legal reasoning in *Castillo-Antonio* is incorporated in its entirety." Opp. at 6. Second, he argues that the Ninth Circuit's opinion in *CREEC* supports that he has adequately pleaded Article III standing; however, he quotes an entire page of that opinion without attempting to apply that analysis to his case. *Id.* at 6-7. Third, Strojnik appears to concede that the allegations in his complaint are inadequate, as he provides a declaration that provides "specific facts clarifying jurisdictional allegations in the complaint." He does not explain why he did not plead these "specific facts" in his complaint, nor did he offer to amend the complaint to add such facts. Finally, a cursory review of other cases Strojnik has filed in this district reveals that he has filed essentially identical complaints against other entities that merely replace the defendant's name and other minor details. *See, e.g.*, *Strojnik v. Joie de Vivre Hospitality LLC*, No. 18-cv-6587-

JSC; *Strojnik v. Marriott Int'l Inc.*, No. 18-cv-6586-EDL; *Strojnik v. 574 Escuela, LLC*, No. 18-cv-6777-JD; *Strojnik v. Benchmark Conference Resorts of California, LLC*, No. 18-7704-VKD. Much like the complaint in this case, those complaints do not allege specific dates or details regarding the defendants' alleged ADA violations.

Strojnik's form complaint and generic opposition brief raise the question of whether his pleadings are made in good faith or whether he is merely relying on the federal court's liberal policy of granting leave to amend. The number of other, essentially identical, complaints he has filed in this district raise a concern that Strojnik files bare-bones complaints that do not meet pleading standards in order to pressure ADA defendants into settlements before the court can reach the merits of his claims. However, the court will grant Strojnik leave to amend his complaint, with the warning that continued failure to file complaints without case-specific information may subject him to sanctions or a pre-filing order. The latter will be addressed in more detail in the court's forthcoming order on Andaz Napa's motion to declare Strojnik a vexatious litigant.

Strojnik shall file an amended complaint by no later than March 4, 2020.

**IT IS SO ORDERED.**

Dated: February 25, 2020



Donna M. Ryu
United States Magistrate Judge

8