BUCHALTER
A Professional Corporation
TRACY A. WARREN (SBN: 228013)
ERIC KENNEDY (SBN:  228393)
ASHLEY L. MILNES (SBN: 300697)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email: twarren@buchalter.com
         ekennedy@buchalter.com

Attorneys for Defendant IA LODGING NAPA FIRST LLC, dba ANDAZ NAPA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

PETER STROJNIK (SR.),

Plaintiff,

vs.

IA LODGING NAPA FIRST LLC, DBA ANDAZ NAPA,

Defendant.

Case No. 4:19-cv-03983-DMR

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND (6)**

Hearing Date:   April 23, 2020
Time:              1:00 p.m.
Judge:            Hon. Donna M. Ryu

### TO THE COURT AND TO ALL PARTIES OF RECORD:

**PLEASE TAKE NOTICE** that on April 23, 2020 at 1:00 p.m., or as soon thereafter as the motion may be heard by the Honorable Donna M. Ryu in Courtroom 4 of the United States District Court for the Northern District of California at 1301 Clay Street, Oakland, California 94612, Defendant IA LODGING NAPA FIRST LLC, DBA ANDAZ NAPA will move to dismiss Plaintiff PETER STROJNIK SR.'S First Amended Complaint.

1

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

DEFENDANT'S NOTICE OF MOTION AND        Case No. 4:19-cv-03983-DMR
MOTION TO DISMISS FIRST AMENDED
COMPLAINT

1    This Motion is brought under Federal Rule of Civil Procedure 12(b)(1) and

2  12(b)(6) on the grounds that the allegations in the First Amended Complaint fail to

3  state a claim or establish subject matter jurisdiction under Article III. This Motion is

4  based upon the following Memorandum of Points and Authorities, and the

5  pleadings as well as the requests for judicial notice on file with this Court. A

6  Proposed Order has also been lodged with the Court.

7   DATED:  March 10, 2020          BUCHALTER
                                    A Professional Corporation

8

9                                   By: */s/ Eric Kennedy*
10                                      TRACY A. WARREN
                                        ERIC KENNEDY
11                                      ASHLEY L. MILNES
                                        Attorneys for Defendant
12                                   IA LODGING NAPA FIRST LLC, dba
                                        ANDAZ NAPA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES
2
DEFENDANT'S NOTICE OF MOTION AND        Case No. 4:19-cv-03983-DMR
MOTION TO DISMISS FIRST AMENDED
COMPLAINT

# TABLE OF CONTENTS

Page

I.   INTRODUCTION .................................................................1

II.  BACKGROUND & FACTUAL ALLEGATIONS ...................................4

III. LEGAL STANDARDS ...........................................................5

   A.   12(b)(1)......................................................................5

   B.   12(b)(6)......................................................................6

IV.  PLAINTIFF STILL LACKS STANDING OR FAILS TO STATE A
     CLAIM UNDER THE ADA...................................................7

   A.   Strojnik Cannot Show An Injury In Fact. ...........................8

   B.   Plaintiff Does Not Identify How Any Barriers Relate To His
        Particular Disability. .....................................................9

        1.   *Strojnik encountered No Cognizable Barriers Viewing
             Websites* .............................................................9

        2.   *Strojnik Does Not Identify Barriers He Actually
             Encountered During His Alleged Visit* ......................12

   C.   Plaintiff Has Not Shown That He Has A Disability That Relates To
        the Alleged Barriers. ...................................................14

   D.   Plaintiff Fails to Allege Facts Showing He Is Deterred From
        Returning to Defendant's Hotel. ....................................16

V.   PLAINTIFF'S STATE LAW CLAIMS MUST ALSO BE DISMISSED....18

VI.  PLAINTIFF'S NEGLIGENCE CLAIM SHOULD ALSO BE
     DISMISSED ..................................................................20

VII. CONCLUSION ...............................................................20

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

i

DEFENDANT'S NOTICE OF MOTION AND          Case No. 4:19-cv-03983-DMR
MOTION TO DISMISS FIRST AMENDED
COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Angelucci v. Century Supper Club*
41 Cal.4th 160 (2007) ................................................................................................ 18

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ......................................................................................... 6, 7, 9

*Barnes v. Marriott Hotel Servs., Inc.*
No. 15-cv-014090-HRL, 2017 U.S. Dist. LEXIS 22588 (N.D. Cal. Feb. 16, 2017) ..... 11

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) .................................................................................................... 6

*Chapman v. Pier 1 Imports (U.S.) Inc.*
631 F.3d 939 (9th Cir. 2011) .............................................................................. passim

*Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.* (*CREEC*)
867 F.3d 1093 (9th Cir. 2017) ................................................................................... 16

*D'Lil v. Best W. Encina Lodge & Suites*
538 F.3d 1031 (9th Cir. 2008) ................................................................................... 17

*Doran v. 7-Eleven, Inc.*
524 F.3d 1034 (9th Cir. 2008) ............................................................................. 8, 12

*Erickson v. Pardus*
551 U.S. 89 (2007) ...................................................................................................... 6

*Gastelum v. Canyon Hospitality LLC*
2018 U.S. Dist. LEXIS 87850 (D. Ariz. May 25, 2018) .............................................. 17

*Harris v. Stonecrest Care Auto Center*
472 F. Supp. 2d 1208 (S.D. Cal. 2007) ....................................................................... 8

*Johnson v. Torres Enters. LP*
2019 U.S. Dist. LEXIS 11124 (N.D. Cal. Jan. 22, 2019) ............................................ 20

*Lujan v. Defenders of Wildlife*
504 U.S. 555 (1992) ......................................................................................... 7, 8, 17

*Pickern v. Holiday Quality Foods Inc.*
293 F.3d 1133 (9th Cir. 2002) ................................................................................... 17

*Reycraft v. Lee*
177 Cal. App.4th 1211 (2009) ................................................................................... 18

*Rodriguez v. Barrita, Inc.*
10 F. Supp. 3d 1062 (N.D. Cal. 2014) ....................................................................... 19

*Rutherford v. Cesar's Mexican Rest., LLC*
2019 U.S. Dist. LEXIS 150782 (S.D. Cal. Sept. 3, 2019) ........................................... 14

*Rutherford v. Los Charros*
2019 U.S. Dist. LEXIS 60156 (S.D. Cal. Apr. 5, 2019) .............................................. 16

*Safe Air for Everyone v. Meyer*
373 F.3d 1035 (9th Cir. 2004) ..................................................................................... 6

*Sanford v. MemberWorks, Inc.*
625 F.3d 550 (9th Cir. 2010) ..................................................................................... 18

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Case No. 4:19-cv-03983-DMR

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*
  806 F.2d 1393 (9th Cir. 1986) ...................................................................... 7

*Sierra Club v. Morton*
  405 U.S. 727 (1972) ...................................................................................... 8

*Starr v. Baca*
  652 F.3d 1202 (9th Cir. 2011) ...................................................................... 6

*Strojnik v. 1315 Orange LLC*
  No. 19-cv-1991-LAB (JLB), 2019 U.S. Dist. LEXIS 185481 (S.D. Cal. Oct. 25, 2019)
  ................................................................................................................. 11, 12

*Strojnik v. Bakersfield Convention Hotel I, LLC*
  No. 19-cv-01098 LJO JLT, 2020 U.S. Dist. LEXIS 16339 (E.D. Cal. Jan. 31, 2020).. 13, 14, 18

*Strojnik v. Four Sisters Inns, Inc.*
  No. 2:19-cv-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094 (C.D. Cal. Dec. 9, 2019) .......................................................................................... 9, 13, 14, 16

*Strojnik v. Hotel Circle GL Holdings, LLC*
  No. 19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591 (E.D. Cal. Nov. 21, 2019)
  ............................................................................................................. 12, 14, 18

*Strojnik v. Kapalua Land*
  2019 U.S. Dist. LEXIS 165525 (D. Haw. Aug. 26, 2019)......................... 11

*Strojnik v. Orangewood LLC*
  No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743 (C.D. Cal. Jan. 22, 2020)9, 10, 11, 16

*Strojnik v. Pasadena Robles Acquisition, LLC*
  Case No. 2:19-cv-02067-AB (PJWx), 2019 U.S. Dist. LEXIS 213070 (C.D. Cal. Aug. 14, 2019)............................................................................................. 13, 18

*Surrey v. TrueBeginnings, LLC*
  168 Cal.App.4th 414 (2008) ...................................................................... 19

*Urhausen v. Long Drug Stores Cal., Inc.*
  155 Cal. App. 4th 254 (2007) ................................................................... 19

*Vogel v. Sym Props., LLC*
  No. CV 15-098550AB (ASx), 2017 U.S. Dist. LEXIS 214360 (C.D. Cal. Aug. 4, 2017)
  ..................................................................................................................... 8

*White v. Lee*
  227 F.3d 1214 (9th Cir. 2000) ...................................................................... 6

*Zimmerman v. GJS Grp.*
  2018 U.S. Dist. LEXIS 148816 (D. Nev. Aug. 30, 2018)............................. 8

**Statutes**

28 U.S.C. § 1367(c)(3) ................................................................................. 18

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

iii

**DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FIRST AMENDED
COMPLAINT**

Case No. 4:19-cv-03983-DMR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................ 5, 20

Fed. R. Civ. P.
   12(b)(6) ............................................................................................................ 6, 20

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

iv

**DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FIRST AMENDED
COMPLAINT**

Case No. 4:19-cv-03983-DMR

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant IA Lodging Napa First LLC, dba Andaz Napa ("Defendant") moves to dismiss Plaintiff Peter Strojnik's First Amended Complaint in its entirety for lack of standing again. Strojnik is a former lawyer of significant notoriety in Arizona who was disbarred by the Arizona State Bar as a result of his serial—and fraudulent—ADA lawsuits; similar to the one at issue here. This is now Mr. Strojnik's *second* attempt at establishing subject matter jurisdiction after the Court granted Defendant's Motion to Dismiss based on the deficiencies highlighted therein. Despite having the opportunity to amend, Strojnik's First Amended Complaint still fails to remedy his lack of standing under the ADA. Instead, Plaintiff's FAC simply adds more implausible allegations. As one Court noted,

> In its two prior Orders dismissing Plaintiff's complaints, the Court has made clear that Plaintiff must plead how each alleged barrier affected him because of his disability. Although purporting to "strictly, absolutely and unquestionably correct[] the imperfections in [the] FAC," Plaintiff again parrots conclusions, rather than providing facts. Allegations that "the barriers at [a public accommodation] 'denied [plaintiff] full and equal enjoyment' is precisely the 'formulaic recitation' of the elements of a claim that the Supreme Court has deemed insufficient under Rule 8. . . . [A plaintiff] must do more than offer 'labels and conclusions' that parrot the language of the ADA." Plaintiff has failed to do so.

*Strojnik v. Orangewood LLC*, No. CV 19-00946 DSF (JCx), 2020 U.S. Dist. LEXIS 11743, at *10-11 (C.D. Cal. Jan. 22, 2020) (internal citations omitted). Strojnik's First Amended Complaint shows that his disbarment has not tempered his willingness to say anything to try and prevent this action from being dismissed. *Strojnik v. VY Verasa Commercial Company LLC, et al.*, No. 19-cv-02556-WHO, Dkt. 31 at 4:6-9 (N.D. Cal. Nov. 12, 2019) ("Strojnik's behavior has been questionable since this case's inception. I am taking note of Strojnik's behavior. I will not award sanctions at this time, but I will consider this conduct in any future motion if his litigation

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

1

**DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FIRST AMENDED
COMPLAINT**    Case No. 4:19-cv-03983-DMR

performance does not substantially improve. I expect better."); *Strojnik v. Swantown Inn & Spa LLC*, No. 2:18-cv-01831-RBL, Dkt. 12 at 3 (W.D. Wash. Mar. 12, 2019) ("Strojnik's history of predatory, unethical filings and hard-to-believe assertions does not help him," dismissing case with prejudice but declining to impose Rule 11 sanctions for his first offense in the case).

Indeed, Strojnik's serial litigation has also seen no decline. Since April 2018, Strojnik has filed at least ***148*** new ADA cases in California and various other federal courts; ***33*** of which have been filed in the Northern District of California.[1]

However, Strojnik's notoriety is catching up with him in other districts. Three courts in the Central District have dismissed his nearly identical complaints on the same grounds that Defendant is asserting here. On August 14, 2019, in *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 2:19-cv-02067-AB (PJWx), 2019 U.S. Dist. LEXIS 213070 (C.D. Cal. Aug. 14, 2019), the Court dismissed Strojnik's claims without leave to amend against the Pasadena Hilton for lack of standing based on his failure to allege how any of the barriers he may have experienced related to his alleged disabilities. Similarly, on December 9, 2019, in *Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-cv-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094 (C.D. Cal. Dec. 9, 2019), the Court dismissed Strojnik's claims against the defendant's hotel without leave to amend for lack of standing. And, most recently on January 22, 2020, in *Strojnik v. Orangewood LLC*, No. CV 19-00946 DSF (JCx), 2020 U.S. Dist. LEXIS 11743 (C.D. Cal. Jan. 22, 2020), the Court dismissed Strojnik's virtually identical claims against the DoubleTree Hotel in Anaheim without leave to amend based on his lack of standing. The same is true of other districts. *See Strojnik v. Bakersfield Convention Hotel I, LLC*, No. 19-cv-01098 LJO JLT, 2020 U.S. Dist. LEXIS 16339 (E.D. Cal. Jan. 31, 2020) (same); *Strojnik v. Hotel Circle GL Holdings, LLC*, No. 19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591 (E.D. Cal. Nov.

---

[1] A copy of the PACER search results for Plaintiff Peter Strojnik Sr. are attached as <u>Exhibit 1</u> to the Declaration of Eric Kennedy.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

21, 2019) (same). The rationales of those rulings are equally applicable here, and there's no reason the Court should rule any differently here.

This Court has already determined that Plaintiff lacked standing to sue under the ADA as his complaint was devoid of anything but cursory legal conclusions that failed to establish (1) the scope of Plaintiff's alleged disability; (2) how any of the alleged barriers that Plaintiff supposedly found at the Hotel are barriers to him; and (3) that Plaintiff has any *bona fide* intent to return the Hotel in the future.

In his FAC, Strojnik adds a laundry list of his alleged medical problems with references to the ADAAG, claiming that such substantially limit his ability to walk, stand, sit, bend, reach, sleep, and work, while at the same time alleging that he spends his days and thousands of miles traveling throughout the state of California for ADA testing. *See* FAC, ¶¶ 13, 21(c). This Court cautioned Strojnik about bad faith pleading in its Order Granting Defendant's Motion to Dismiss with Leave to Amend. Dkt. 49. That warning has apparently not carried any weight with Strojnik. Nor has this Court's Order requiring Strojnik to submit a verified declaration to assist the Court in ruling on Defendant's pending vexatious litigant motion. *See* Declaration of Eric Kennedy ("Kennedy Decl."), ¶ 2. Strojnik was ordered to submit his declaration on or before November 30, 2019, and he has failed to do so to date. Id.

Nevertheless, despite his best efforts, Strojnik's FAC still fails to allege anything more than bare legal conclusions that have already been deemed insufficient to support standing by this Court. The most that Strojnik adds to his FAC is an alleged intent to visit the Hotel either the weekend of April 4 or another weekend in May, 2020, *if* the Hotel is ADA compliant. Thus, once again, he has pled no *bona fide* intent to visit the Hotel. Plaintiff's Unruh Act and DPA claims fare no better, since any alleged barriers that Plaintiff supposedly identified during his visit to the Hotel have to be barriers to him as a result of his disability. The evidence shows that Plaintiff is not in a wheelchair, and while he might indeed suffer from various physical ailments, none of those ailments are relevant to the alleged barriers that

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

3

**DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FIRST AMENDED
COMPLAINT**

Case No. 4:19-cv-03983-DMR

Plaintiff claims to have discovered at the Hotel. Plaintiff's negligence claim is likewise deficient. As have numerous courts, this Court should at the very least decline to exercise supplemental jurisdiction over Strojnik's state law claims. *See Strojnik v. Urban Commons Cordova, LLC*, No. 19-cv-2078 PA (Ssx) (C.D. Cal. Aug. 20, 2019) (declining to exercise supplemental jurisdiction).

## II.     BACKGROUND & FACTUAL ALLEGATIONS

Plaintiff Peter Strojnik filed a Complaint in this action on July 10, 2019. Dkt. 1. On October 24, 2019, the Court held a hearing on Defendant's Motion to Dismiss and Motion for Order declaring Plaintiff a vexatious litigant, during which it dismissed the Complaint with leave to amend. Dkt. 39. The Court also ordered Plaintiff to submit a declaration with supplemental information regarding his serial ADA litigation practice on or before November 30, 2019. Dkt. 40. Plaintiff has not submitted a declaration or any such supplemental information to date. On February 25, 2020, the Court issued its Order dismissing the Complaint for lack of standing. Dkt. 49. An hour or so later, the same day (Feb. 25), Plaintiff filed a First Amended Complaint ("FAC") proposing to allege "Enhanced Standing Allegations" which conformed to the Court's dismissal Order. Dkt. 50 at 3.

Strojnik, a resident of Maricopa County, Arizona, alleges that he has "severe right-sided neural foraminal stenosis with symptoms of foemoral neuropathy, prostate cancer and renal cancer, [and a] degenerative right knee." FAC ¶ 3. According to Strojnik, he "walks with difficulty and requires compliant mobility accessible features at places of public accommodation." Id. ¶ 4. Strojnik's alleged disabilities purportedly limit his ability to sleep, walk, stand, sit, reach, lift, and bend. Id. ¶ 13.

Defendant owns, operates or leases a lodging business located at 1450 First Street, Napa, CA 84559 ("Hotel"). FAC ¶ 5. Strojnik claims that he "intended to visit California Wine Country" on an unspecified date, and reviewed third-party booking websites (www.hotels.com) and Defendant's first-party website to find lodging. Id.

¶¶ 15, 25. Strojnik alleges that both of the websites "failed to identify and describe accessible features in the hotel and guest rooms offered through its reservation service in enough detail to reasonably permit Plaintiff to assess independently whether a given hotel or guest room meets his accessibility needs." Id. ¶ 15, 27, 29. Plaintiff also alleges that the websites "failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms." Id. ¶ 28, 30.

Strojnik now alleges that he visited Defendant's Hotel property on or about April 18, 2019, during which he encountered architectural barriers to accessibility. FAC ¶¶ 14, 15. Plaintiff claims he is deterred from visiting the Hotel based on his knowledge of these barriers. Id. ¶ 21. It bears mentioning that as in the Complaint, the FAC references an "Addendum A," (FAC at 3 n.1, ¶¶ 25-34, 40-44), however none is attached. Id. Instead, the "Addendum A" that accompanied the Complaint (Dkt. 1, Addendum A), appears to have merely been incorporated into the allegations of the FAC for purposes of Strojnik's "enhanced standing allegations." *See* FAC at 4-19.

Plaintiff alleges that he "travels to the wine country approximately every 6 months to stock up on wine and spirits," and "intends to travel to Napa in May of 2020" for this purpose. FAC ¶ 21(d) & (f). Plaintiff also alleges that he "intends to visit Napa the weekend of April 4, 2020 to conduct an inspection of another hotel in a different case." Id. ¶ 21(e). Plaintiff claims that, "[i]f Plaintiff is unequivocally assured that the hotel is compliant with 28 C.F.R. 36 and the 2010 Standards for Accessibility Design, he will lodge at the Hotel." Id. ¶ 21(e) & (f).

## III.   LEGAL STANDARDS

### A.   12(b)(1)

Rule 12(b)(1) empowers the court to dismiss claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A defendant may bring a Rule 12(b)(1) motion to dismiss based on lack of standing. *White v. Lee*, 227 F.3d 1214, 1242 (9th

**DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FIRST AMENDED
COMPLAINT**                                Case No. 4:19-cv-03983-DMR

Cir. 2000). A Rule 12(b)(1) jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the moving party asserts that the allegations in the complaint are "insufficient on their face" to establish federal jurisdiction. *Id*. A factual jurisdictional challenge occurs when the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke jurisdiction." *Safe Air*, 373 F.3d at 1039. In resolving a factual dispute, "the court need not presume the truthfulness of the plaintiff's allegations" and may review evidence beyond the complaint. *Id*.

**B.     12(b)(6)**

Under Rule 12(b)(6), a complaint or any portion thereof may be dismissed when it is apparent from the face of the pleadings that the plaintiff has failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). A complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. There must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively…and factual allegations that are taken as true must plausibly suggest entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**          Case No. 4:19-cv-03983-DMR

Ruling on a motion to dismiss is "context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679.

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.    PLAINTIFF STILL LACKS STANDING OR FAILS TO STATE A CLAIM UNDER THE ADA.

A disabled person claiming access discrimination in violation of the ADA must establish Article III standing in order to maintain their lawsuit. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). Article III standing requires that Plaintiff sufficiently plead an (1) injury-in-fact, (2) that is causally connected to the Defendant's challenged conduct, and (3) likely to be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). An injury-in-fact must be (a) actual or imminent, not conjectural or hypothetical, and (b) concrete and particularized. *Id.* at 560. Because injunctive relief is the only remedy available to individuals under Title III of the ADA, Plaintiff must also show that he faces a "real and immediate threat of repeated injury" to establish an injury-in-fact for purposes of standing. *Chapman*, 631 F.3d at 946. The Ninth Circuit has held that there are two ways in which an ADA plaintiff may establish standing to sue for injunctive relief: the plaintiff can either demonstrate "deterrence" or "injury-in-fact coupled with an intent to return to a noncompliant facility." *Id.* at 944.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Chapman*, 631 F.3d at 954. Courts have found this is

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**                    Case No. 4:19-cv-03983-DMR

especially true in ADA cases. *Vogel v. Sym Props., LLC*, No. CV 15-098550AB (ASx), 2017 U.S. Dist. LEXIS 214360, at *4 (C.D. Cal. Aug. 4, 2017). "Given the 'trend of abusive ADA litigation, special diligence and vigilant examination of the standing requirement are necessary and appropriate to ensure the litigation serves the purpose for which the ADA was enacted. *Id*. (quoting *Harris v. Stonecrest Care Auto Center*, 472 F. Supp. 2d 1208, 1215 (S.D. Cal. 2007) (internal citations and quotes omitted)).

### A.    <u>Strojnik Cannot Show An Injury In Fact.</u>

An injury in fact must be "concrete and particularized and "actual or imminent," not conjectural or hypothetical. *Lujan*, 504 U.S. at 560. This includes a "requirement that a party seeking review must allege facts showing that he is himself adversely affected." *Sierra Club v. Morton*, 405 U.S. 727, 740 (1972). The "injury in fact" element is met when a disabled plaintiff has *personally* encountered a barrier violating the ADA, based on his specific disability. *Chapman*, 631 F.3d at 947 (citing *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008)); *see also, Zimmerman v. GJS Grp.*, 2018 U.S. Dist. LEXIS 148816, at *15-16 (D. Nev. Aug. 30, 2018) (Plaintiff failed to satisfy the injury in fact requirement because Plaintiff does not relate the alleged ADA barriers to his particular disability, and cannot establish a concrete and particularized injury or a real and immediate threat of future injury). But, "a 'barrier' will only amount to such interference if it affects the plaintiff's full and equal enjoyment of the facility *on account of his particular disability. Chapman*, 631 F.3d at 947.

For example, in *Chapman,* the plaintiff alleged "that he is 'physically disabled,' and that he 'visited the Store' and 'encountered architectural barriers that denied him full and equal access.'" *Chapman*, 631 F.3d at 954. The plaintiff, however, "simply identifie[d] alleged ADA . . . violations without connecting the alleged violations to [his] disability, or indicating whether or not he encountered any one of them in such a way as to impair his full and equal enjoyment of the Store." *Id*.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**                    Case No. 4:19-cv-03983-DMR

As a result, the Ninth Circuit found these allegations insufficient to establish a concrete and particularized harm. *Id.*

Here, as in *Chapman*, Strojnik fails to connect any of the alleged ADA violations in the FAC to his specific disability. Rather, like the Complaint, the FAC "again parrots conclusions rather than providing facts." *Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743, at *10 (C.D. Cal. Jan. 22, 2020). Allegations that 'the barriers at [a public accommodation] 'denied [plaintiff] full and equal enjoyment' is precisely the 'formulaic recitation' of the elements of a claim that the Supreme Court has deemed insufficient under Rule 8…[A plaintiff'] must do more than offer 'labels and conclusions' that parrot the language of the ADA." *Chapman*, 631 F.3d at 955 n. 9 (citing *Iqbal*, 556 U.S. at 678). Plaintiff has failed to do so here.

### B.   Plaintiff Does Not Identify How Any Barriers Relate To His Particular Disability.

#### 1.   *Strojnik encountered No Cognizable Barriers Viewing Websites*

In his FAC, Plaintiff alleges that based on his review of third-party websites and the hotel website, he could not determine whether Defendant's Hotel met his accessibility needs. FAC ¶¶ 27, 29. "However, there are still no allegations containing 'further factual enhancement' to support these naked assertions." *Strojnik v. Orangewood LLC*, No. 8:19-cv-00496-DSF-(JCx), Dkt. 34 at 7 (C.D. Cal. Oct. 21, 2019) (quoting Iqbal, 556 U.S. at 678). While Plaintiff claims that such information is "more fully documented in Addendum A," no addendum is attached, and the FAC is otherwise devoid of any facts alleging what those barriers actually are. The FAC incorporates screenshots of the websites with captions identifying alleged barriers, but the captions are "bare legal conclusions cast in the form of factual allegations." *Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-cv-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094, at *7 (C.D. Cal. Dec. 9, 2019) ("[T]hese captions in the Addendum are bare legal conclusions cast in the form of factual allegations."). As a court in the

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

Central District noted, "[i]t is not enough for Plaintiff to claim in conclusory fashion that the Websites do not have 'enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs.' He must allege what information is missing from the website." *Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743, at \*19-20 (C.D. Cal. Jan. 22, 2020). Here, "[b]eyond repetition of the statutory text, [Strojnik] has not alleged any specific information that was missing on the website[s] that would prevent him from being able to stay at the Hotel." *Id.* at \*20.

Moreover, the screenshots of the websites show that at least some disclosures were made with regard to accessibility. For example, Hyatt.com provides an overview of "Hotel Accessibility Features," and under "Accessibility for Guest Rooms and Meetings," lists "accessible guest rooms with mobility features have doorways with 32in (0.81m) of clear width." FAC at p. 6. To the extent any accessibility information was missing from the websites, the court in *Orangewood* made clear that "a website need not list its compliance or non-compliance with every ADAAG provision to satisfy 28 C.F.R. § 36.302(e)(ii)." *Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743, \*20 (C.D. Cal. Jan. 22, 2020). The Court in *Orangewood* explained:

> The 2010 DOJ ADAAG Guidance on this provision 'recognizes that a reservations system is not intended to be an accessibility survey,' and '[b]ecause of the wide variations in the level of accessibility that travelers will encounter . . . it may be sufficient to specify that the hotel is accessible" and to provide basic facts about each accessible room. 28 C.F.R. § Pt. 36, App. A. Further, the DOJ acknowledges that "individuals with disabilities may wish to contact the hotel or reservations service for more detailed information." Id. This provides further support that websites need not include all potentially relevant accessibility information; if a website was required to have all relevant information, individuals would not need to call the hotel to get further information.

*Strojnik v. Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743, at \*20-21. Other district courts have also reached the same conclusion. *See Strojnik v. 1315 Orange LLC*, No.

10

19-cv-1991-LAB (JLB), 2019 U.S. Dist. LEXIS 185481, at *2 (S.D. Cal. Oct. 25, 2019) (Plaintiff "does not cite any authority suggesting a hotel has an obligation to describe to the public the physical layout of its rooms in exhaustive detail without being asked"); *Strojnik v. Kapalua Land*, 2019 U.S. Dist. LEXIS 165525, at *9 (D. Haw. Aug. 26, 2019) (recommending dismissal of complaint with prejudice and noting that "Plaintiff fails to cite any legal authority providing that failure to detail all accessible and inaccessible elements of a public accommodation results in an ADA violation."); *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-cv-014090-HRL, 2017 U.S. Dist. LEXIS 22588, at *10 (N.D. Cal. Feb. 16, 2017) (granting summary judgment where the website "provides descriptions of accessible features…that include the level of detail proposed by the ADA Guidance document").

Here, Strojnik was perfectly free to call the Hotel, email the Hotel, speak to a reservations operator, or simply ask a Hotel representative when he purportedly visited in person. But he chose not to do so. That the websites did not provide *all* relevant information regarding the Hotel's accessibility features is not an impediment to Strojnik's use of the Hotel.

Further, although Strojnik also alleges that the websites failed to make accessible guest rooms available in the same manner as non-accessible rooms, he "does not allege facts plausibly showing that he requires an accessible guest room, beyond the conclusory statement that he needs one." *Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743, *22-23 (C.D. Cal. Jan. 22, 2020). Nor does he allege in what way booking an accessible room is different from booking a non-accessible room on the websites, or how any such difference relates to his particular disability. Merely listing procedural violations without connecting them to any particular harm is insufficient to plead standing. *Spokeo*, 136 S. Ct. at 1550.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**          Case No. 4:19-cv-03983-DMR

2.    *Strojnik Does Not Identify Barriers He Actually Encountered During His Alleged Visit*

Strojnik now claims in his FAC that he visited Defendant's Hotel and personally encountered barriers. FAC ¶ 14. Not only does he fail to identify what those barriers actually are, however, he fails to allege any facts explaining how the purported barriers "relate" to his own disability. *Chapman*, 631 F.3d at 947. The Ninth Circuit has held that a plaintiff "does not have standing to challenge those barriers that would burden or restrict access for a person" with a disability different than the plaintiff's disability. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 n. 7 (9th Cir. 2008) (holding that, plaintiff, a wheelchair user, "cannot challenge all of the ADA violations in the 7-Eleven store…Doran may challenge only those barriers that might reasonably affect a wheelchair user's full enjoyment of the store.").

Here, the FAC includes the same set of photographs that were previously included in the Addendum A that accompanied the Complaint.[2] FAC at 7-19; *see* Dkt. 1, Addendum A. Each photograph is accompanied by the same generic caption, such as "[i]naccessible check in counter," "[i]naccessible bar seating," "[i]naccessible coffee bar," "[i]naccessible service counter," "[i]mproperly configured hardware in lobby bathroom," "[i]naccessible hardware;" "[i]naccessible concierge." FAC at 7-19. None of the allegations in the FAC "identify any barrier that would affect Strojnik, deny him equal access, or deter him staying at the hotel." *Strojnik v. 1315 Orange LLC*, No. 19-cv-1991-LAB (JLB), 2019 U.S. Dist. LEXIS 185481, at *2 (S.D. Cal. Oct. 25, 2019). The captions under each photo are "bare legal conclusions cast in the form of factual allegations, with no specification as to how any alleged barrier violates any aspect of the ADA or any related accessibility guidelines." *Strojnik v. Hotel Circle GL Holdings, LLC*, No. 19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591, *8 (E.D. Cal. Nov. 21, 2019). Although

---

[2] Although Strojnik now claims to have personally taken the photographs, rather than obtain them online from his home in Arizona. FAC ¶ 16.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

Strojnik references the ADAAG in his FAC, he does not allege what provisions of the ADAAG any of the alleged barriers depicted in the photographs purportedly violated. "It is therefore altogether unclear from the allegations of the [FAC]…whether what [Strojnik] alleges are in fact ADA violations at all." *Strojnik v. Hotel Circle GL Holdings, LLC*, No. 19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591, at *8-9 (E.D. Cal. Nov. 21, 2019); *see also Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-cv-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094, at *7 (C.D. Cal. Dec. 9, 2019) ("[T]hese captions in the Addendum are bare legal conclusions cast in the form of factual allegations."); *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 2:19-cv-02067-AB (PJWx), 2019 U.S. Dist. LEXIS 213070, at *4 n. 1 (C.D. Cal. Aug. 14, 2019) (same).

But even if the FAC plausibly alleged barriers to accessibility at Defendant's Hotel, the FAC still fails to allege how any of the purported barriers relate to Strojnik's specific disability. Strojnik simply asserts in a conclusory manner that the alleged barriers were "relat[ed] to [his] disability and interfere[d] with [his] full and complete enjoyment of the Hotel" without any further explanation. FAC ¶ 34. Strojnik must allege "more than labels and conclusions." *Strojnik v. Bakersfield Convention Hotel I, LLC*, No. 19-cv-01098 LJO JLT, 2020 U.S. Dist. LEXIS 16339, *10 (E.D. Cal. Jan. 31, 2020) (plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation…The allegation Plaintiff has made is no more than bare legal conclusion). Although Strojnik points to a laundry list of his alleged medical conditions with references to the ADAAG, he does not explain how the purported barriers violate the ADA, relate to his particular disability, or interfere with his use or enjoyment of the Hotel. Instead, as in *Chapman*, Strojnik "leaves the federal court to guess which, if any, of the alleged violations" apply to his disability. *See Chapman*, 631 F.3d at 955. Plaintiff must do more than merely identify barriers that he encountered—he must plead how each barrier affected him because of his disability. *Chapman*, 631 F.3d at 954 ("The Accessibility Survey simply identifies

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**                    Case No. 4:19-cv-03983-DMR

alleged ADA and CBC violations without connecting the alleged violations to [Plaintiff] Chapman's disability, or indicating whether or not he encountered any one of them in such a way as to impair his full and equal enjoyment of the Store."); *Four Sisters*, 2019 U.S. Dist. LEXIS 212094, at *3 (holding that the facts alleged by Strojnik fail to "explain how the purported barriers violate the ADA, relate to his particular disability, or interfere with his use or enjoyment of the Hotel"); *Hotel Circle*, 2019 U.S. Dist. LEXIS 202591, 2019 WL 6212084, at *3 (same); *Bakersfield Convention Hotel I,* 2020 U.S. Dist. LEXIS 16339, at *10-11 (same). Because the FAC fails to allege facts showing an ADA violation that relates to Strojnik's specific disability, it fails to allege an injury-in-fact for purposes of Article III standing.

## C.   **Plaintiff Has Not Shown That He Has A Disability That Relates To the Alleged Barriers.**

In addition to lacking any allegation that explains how the alleged barriers affected Strojnik's specific disability, the extent of his alleged disability is also equally unclear from the allegations in the FAC. For example, while many of the alleged barriers in the photographs seem to relate to accessibility for an individual in a wheelchair, Strojnik never actually alleges that he uses a wheelchair. Rather, Strojnik merely alleges that he "requires…both ambulatory and wheelchair assist[ance]." (FAC ¶ 24).[3] He does not allege how often he requires ambulatory versus wheelchair assistance, nor that he required ambulatory or wheelchair assistance when he visited Defendant's Hotel. *See Rutherford v. Cesar's Mexican Rest., LLC*, 2019 U.S. Dist. LEXIS 150782, at *1 (S.D. Cal. Sept. 3, 2019) (finding that the plaintiff failed to establish Article III standing where he did not allege if he used a wheelchair at the defendant's facility despite pointing out barriers to accessibility that related to wheelchair users). Nor does he allege any facts that would

---

[3] *See Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743, *15 n. 12 (C.D. Cal. Jan. 22, 2020) (noting "[i]t is perplexing to the Court why Plaintiff does not make any allegations related to wheelchair use in support of his claims regarding the other barriers for wheelchair users.")

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**    Case No. 4:19-cv-03983-DMR

1    tend to show he requires the use of a wheelchair.

2    In fact, in a video clip from a March 7, 2018 news report that aired on the ABC

3    Phoenix affiliate, Channel 15, Strojnik is clearly shown strolling without any type of

4    assistance whatsoever. *See* https://www.abc15.com/news/local-news/investigations

5    /state-bar-movers-to-suspend-serial-suing-  attorney-exposed-by-abc15).[4]   Strojnik

6    claims to suffer from "a degenerative right knee" and "severe right-sided neural

7    foraminal stenosis," which refers to the narrowing of the small openings between

8    each vertebra in the spine. FAC ¶ 3. Yet, in another video clip from ABC 15 that

9    aired on June 25, 2018, Strojnik is shown walking into court with a large litigation

10   briefcase slung over his shoulder—certainly not consistent with his claim that his

11   foraminal stenosis "substantially limit[s] his major life activities." *See*

12   https://www.abc15.com/news/local-news/investigations/az-attorney-general-

13   attempts-second-intervention-to-shut-down-serial-suing-attorney).   Perhaps   most

14   damming is a surveillance video of Strojnik from June 5, 2019, which shows him

15   checking into one of the other hotels he sued—Bakersfield Marriott. In that video

16   clip—just two months after his purported visit to Defendant's property—Strojnik can

17   clearly be seen pulling a large suitcase to the front desk and carrying large "over the

18   shoulder" luggage—again directly contradicting his alleged disabilities. A copy of

19   this video can be viewed at: https://youtu.be/pnZ214yQ3ss.

20   Therefore, the extent of Strojnik's alleged disability is entirely unclear from

21   the FAC. Ignoring the fact that the videos of Strojnik show him "ambulating" just

22   fine, the FAC fails to allege any facts showing Strojnik requires the use of a

23

---

24   [4] Federal Rule of Evidence 201 empowers a court to take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *DuckHole Inc. v. NBC Universal Media*

25   *LLC*, 2013 U.S. Dist. LEXIS 157305, at *7 (C.D. Cal. Sep. 6, 2013) (taking judicial notice of DVDs in support of Rule 12(b)(6) motion). This Court can thus take judicial notice of

26   the videos of Strojnik aired by the news station and published online. *See City of Inglewood v. Teixeira*, 2015 U.S. Dist. LEXIS 114539, at *5 (C.D. Cal. Aug. 20, 2015) (judicial notice

27   of YouTube videos in connection with Rule 12(b)(6) motion). Judicial notice is appropriate as the videos are from a source whose authenticity cannot be questioned and published on

28   the news channel's own website.

**DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FIRST AMENDED
COMPLAINT**                                    Case No. 4:19-cv-03983-DMR

wheelchair, that he used a wheelchair when he visited the Hotel, nor explain why it is any more likely that he will need a wheelchair if and when he might return to the Hotel. "[I]t is not enough merely to allege that [Plaintiff] 'at times' uses a wheelchair, and to point out technical ADA violations…that might affect someone who uses a wheelchair." *Rutherford v. Los Charros*, 2019 U.S. Dist. LEXIS 60156, at *2 (S.D. Cal. Apr. 5, 2019). "To show the kind of concrete injury necessary to establish jurisdiction at the pleading stage, he must plead facts showing the likelihood that he would visit Los Charros again *while using a wheelchair*, and that the violations he alleges would be likely interfere with his full and equal use of the facilities." *Id.* (Emphasis added). Thus, there is no alleged disability that Strojnik can connect to any purported barrier at the Hotel.

### D. Plaintiff Fails to Allege Facts Showing He Is Deterred From Returning to Defendant's Hotel.

To demonstrate deterrence, a plaintiff must allege "actual knowledge of illegal barriers at a public accommodation to which he or she desires access" and that a defendant's failure to comply with the ADA deters him or her from making use of the defendant's facility." *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.* (*CREEC*), 867 F.3d 1093, 1098 (9th Cir. 2017). Strojnik alleges that he is deterred from visiting the Hotel because it is not ADA compliant "as such compliance relates to Plaintiff's disability." "However, because Plaintiff has failed to allege that the Hotel's purported non-compliance with the ADA is related to his disability, he has failed to allege why that non-compliance deters him from staying at the hotel." *Strojnik v. Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743, at *10-11; *see Chapman*, 631 F.3d at 955 (Plaintiff must identify how each of the alleged barriers "deter him from visiting the Store due to his disability."); *see also Strojnik v. Four Sisters Inns, Inc.*, 2019 U.S. Dist. LEXIS 212094, *7 ("Plaintiff does not allege how any feature at the Hotel is non-compliant with the ADA or how it relates to his disability so as to deter him from staying at the Hotel.").

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**                          Case No. 4:19-cv-03983-DMR

Further, in determining whether a plaintiff has alleged an intent to return to the geographic area, the Ninth Circuit has considered "the regularity with which [the plaintiff] visited the city." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008) (plaintiff had visited the area "approximately 1-3 times per year" for more than a decade including "before, during, and after her stay" at the defendant's property); *see also Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002) (plaintiff visits his grandmother who lives in the area almost weekly). Here, Strojnik alleges generally that he has "traveled and lodged in California over 200 times," (FAC ¶ 21(b)), but does not allege the regularity with which he has visited the Napa area. In addition, the Court should view Plaintiff's allegation regarding his intent to visit Defendant's Property with skepticism considering his tester status and extensive litigation history. Indeed, one of his professed reasons for returning to the Napa area is merely "to conduct an inspection of another hotel in a different case." FAC ¶ 21(e).

Strojnik has not alleged a concrete plan to visit Defendant's Property. Instead, Strojnik merely indicates that he "intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant" FAC ¶ 22. Plaintiff's "some day" intention, is insufficient to show a definite plan to return. *Lujan*, 504 U.S. at 564 ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require.").

Moreover, Plaintiff's professed intent to return is also simply implausible given the number of ADA actions (*148*) he has filed throughout the state of California since April 2018; 33 of which have been filed in this District alone. All of Strojnik's newly filed lawsuits contain the same or substantially similar allegations against other hotels. *See Gastelum v. Canyon Hospitality LLC*, 2018 U.S. Dist. LEXIS 87850, at *7 (D. Ariz. May 25, 2018) ("While the need to look at the specificity with which the Plaintiff has pleaded the likelihood of future visits might be less stringent

17

had he only sued one hotel in the Phoenix area, …the inquiry must be more exacting where he has expressed only a rote intent to 'book rooms' in 133 other lodgings in the same geographic area.").

For these reasons, Plaintiff cannot show deterrence and therefore does not have standing to sue under the ADA.

## V.    PLAINTIFF'S STATE LAW CLAIMS MUST ALSO BE DISMISSED.

Besides his claim for violation of the ADA, Plaintiff also sues under California state laws that prohibit disparate treatment of disabled persons, including the California Unruh Civil Rights Act and the California Disabled Persons Act ("DPA"). Plaintiff's state law claims fail for several reasons.

First, because this court has only supplemental jurisdiction regarding these claims, if Plaintiff lacks standing to bring his ADA claim, there is no reason for the Court to retain jurisdiction over Plaintiff's state law claims. "A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.,* 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). Since the Court has no subject-matter jurisdiction over the first claim under the ADA, the Court should decline to exercise supplemental jurisdiction over any of the remaining three state claims at this time. *See, e.g., Strojnik v. Hotel Circle*, 2019 U.S. Dist. LEXIS 202591, at *6 (declining to exercise supplemental jurisdiction over Strojnik's remaining state claims since his ADA claim has failed for lack of standing); *Strojnik v. Pasadena Robles*, 2019 U.S. Dist. LEXIS 213070, at *11 (same); *Strojnik v. Bakersfield Convention Hotel I, LLC,* 2020 U.S. Dist. LEXIS 16339, at *17 (same).

Second, standing to pursue monetary relief under the DPA and the Unruh Act differs from standing to seek injunctive relief under the ADA. *See Reycraft v. Lee*, 177 Cal. App.4th 1211 (2009); *see also Angelucci v. Century Supper Club*, 41 Cal.4th 160, 175 (2007). These statutes restrict damages recovery to situations where "the plaintiff personally encountered the violation on a particular occasion, or the plaintiff

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**                    Case No. 4:19-cv-03983-DMR

was deterred from accessing a place of public accommodation on a particular occasion. *Rodriguez v. Barrita, Inc.*, 10 F. Supp. 3d 1062, 1076 (N.D. Cal. 2014). Unlike the ADA, these statutes require "something more than mere awareness of or a reasonable belief about the existence of discriminatory condition." *Id.*

For example, a plaintiff cannot recover damages under the Unruh Act unless the violation actually denied him or her equal access to some public facility. *Urhausen v. Long Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 265-66 (2007). In *Urhausen*, the court rejected the plaintiff's attempt to equate a "denial of equal access" with the presence of a violation of federal or state regulations. *Ibid.* As the court held, under that theory,

> Any disabled person could sue for statutory damages whenever he or she encountered noncompliant facilities, regardless of whether that lack of compliance actually impaired the plaintiff's access to those facilities. Plaintiff's argument would thereby eliminate any distinction between a cause of action for equitable relief under section 55 and a cause of action for damages under section 54.3…

*Ibid.*

In Strojnik's state law causes of action, he cannot allege that he was actually denied access to the Hotel. Although he alleges that he experienced barriers, he fails to explain how those alleged barriers impaired his ability to access the Hotel or its services—especially when it is apparent that, while he may experience pain, he is not in a wheelchair and does not use a wheelchair. "[T]he cases interpreting the Act have consistently held that an individual plaintiff has standing to bring claims thereunder only if he or she has been the victim of defendant's discriminatory act." *Surrey v. TrueBeginnings, LLC*, 168 Cal.App.4th 414, 419 (2008). Thus, if he is able to "ambulate," it is irrelevant whether there are inaccessible counters or improper hardware, as alleged in the FAC.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

19

DEFENDANT'S NOTICE OF MOTION AND          Case No. 4:19-cv-03983-DMR
MOTION TO DISMISS FIRST AMENDED
COMPLAINT

## VI. PLAINTIFF'S NEGLIGENCE CLAIM SHOULD ALSO BE DISMISSED

As with the DPA and Unruh claims, this Court has only supplemental jurisdiction over Plaintiff's negligence cause of action. If Plaintiff lacks standing to bring his ADA claim, there is no reason the Court retain jurisdiction over Plaintiff's negligence claim. Concern for judicial economy supports declining jurisdiction. *See Johnson v. Torres Enters. LP*, 2019 U.S. Dist. LEXIS 11124, at *11 (N.D. Cal. Jan. 22, 2019).

## VII. CONCLUSION

For the foregoing reasons, Defendant requests that this Court grant its Motion to Dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

DATED:  March 10, 2020

BUCHALTER
A Professional Corporation


By:  */s/ Eric Kennedy*
TRACY A. WARREN
ERIC KENNEDY
ASHLEY L. MILNES
Attorneys for Defendant
IA LODGING NAPA FIRST LLC, dba
ANDAZ NAPA

**DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FIRST AMENDED
COMPLAINT**                                          Case No. 4:19-cv-03983-DMR

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on March 10, 2020, I electronically filed the above

3  document with the Clerk of the Court using CM/ECF which will send electronic

4  notification of such filing to all registered counsel.

5

6                         By:  */s/ Tracy Warren*

                                   Tracy A. Warren

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FIRST AMENDED
COMPLAINT**        Case No. 4:19-cv-03983-DMR