UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IA LODGING NAPA FIRST LLC,<br><br>　　　　　Defendant. | Case No. 19-cv-03983-DMR<br><br>**ORDER TO COMPLY**<br><br>Re: Dkt. No. 8 |

On July 10, 2020, pro se plaintiff Peter Strojnik filed this case against IA Lodging Napa First LLC ("Andaz Napa"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and related state law claims. [Docket No. 1 ("Compl.").] Defendant IA Lodging Napa First LLC ("Andaz Napa") filed a motion to dismiss the complaint for lack of subject matter jurisdiction and a motion to declare Strojnik a vexatious litigant. [Docket Nos. 7, 8.] The court held a hearing on both motions. In conjunction with the vexatious litigant motion, the court ordered Strojnik to submit further information regarding his ADA litigation in this district. [Docket No. 40.] Strojnik filed objections to the court's order and refused to respond to the majority of the court's requests. [Docket No. 41]

On February 25, 2020, the court granted Andaz Napa's motion to dismiss for lack of standing.[1] [Docket No. 49 ("Order on MTD").] The court noted several deficiencies in Strojnik's pleadings, including that Strojnik failed to "explain which accessibility features are required to accommodate his disability" and how Andaz Napa failed to provide those features. Order on MTD at 4. The court also noted that Strojnik has filed other cases in this district with "essentially identical complaints against other entities that merely replace the defendant's name and other minor details."

---

[1] Strojnik has since filed an amended complaint, and Andaz Napa's motion to dismiss that complaint is set for hearing on May 14, 2020.

*Id.* at 7 (citing cases). The court observed:

> Strojnik's form complaint and generic opposition brief raise the question of whether his pleadings are made in good faith or whether he is merely relying on the federal court's liberal policy of granting leave to amend. The number of other, essentially identical, complaints he has filed in this district raise a concern that Strojnik files bare-bones complaints that do not meet pleading standards in order to pressure ADA defendants into settlements before the court can reach the merits of his claims.

*Id.* at 8.

The concern raised by the court addresses exactly the kind of conduct that pre-filing orders are intended to prevent. *See De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990) ("Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."). A litigant who mills out generic complaints that do not meet pleading standards, knowing that either the case will settle without reaching the merits or that the court will grant leave to amend, is abusing the judicial process. Such a litigation strategy wastes the resources of the court, which must repeatedly rule on the same pleading issues. It also imposes unjustified costs on parties who are forced to defend loosely pleaded complaints that do not allege specific facts about their misconduct. Most concerning, the mere fact of filing a lawsuit (regardless of its pleading sufficiency) may pressure defendants into settling what might be meritless claims rather than incur the considerable time and resources required to retain counsel and mount a defense.

There are significant indicia that warrant further investigation into Strojnik's litigation tactics. First, Andaz Napa submitted an extensive record of Strojnik's ADA litigation in Arizona, where Strojnik was formerly licensed as an attorney. On July 11, 2018, Strojnik was suspended from the Arizona State Bar for his conduct in litigating disability access cases. [Docket No. 8-1 ("RJN"), Ex. 3 ("Order of Interim Suspension").] The ASB cited numerous reasons in support of its suspension order, including that Strojnik filed almost 2,000 state and federal cases that allege "vague and non-specific violations"; erroneously sued properties that are not subject to disability access laws, such as dirt lots; and hired "people from Craigslist to go take pictures of businesses that might be non-compliant." *Id.* at 4-6. The ASB concluding the Strojnik was "partaking in a scheme that will cause imminent and substantial harm to the public and administration of justice."

*Id.* at 16.

Second, as noted above, Strojnik has filed numerous and substantially identical complaints in this district, substituting only the name of the defendant and other minor details. At least two other judges in the Northern District have determined that Strojnik's form complaints fail to allege standing. *See Strojnik v. Hyatt Int'l Corp.*, Case No. 19-cv-3006-NC, Docket No. 33; *Strojnik v. Resort at Indian Springs, LLC*, Case No. 19-cv-4616-SVK, Docket No. 23. In a different context, Judge William Orrick admonished Strojnik for filing an early motion for summary judgment in violation of General Order 56. *Strojnik v. VY Verasa Commercial Company LLC, et al.*, Case No. 19-cv-2556-WHO, Docket No. 31. Judge Orrick noted that "Strojnik's behavior has been questionable since this case's inception" and that he would "consider this conduct in any future motion if his litigation performance does not substantially improve." *Id.*

Finally, numerous other district courts have taken issue with Strojnik's litigation practice. *See Strojnik v. Orangewood LLC*, Case No. 19-cv-00946 (C.D. Cal.), Docket No. 18 (dismissing complaint because Strojnik did not "identify what features or information [he] requires for his accessibility needs"); *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 19-cv-02067 (C.D. Cal), Docket No. 23 (granting motion to dismiss for lack of standing with prejudice); *Strojnik v. Landry's Inc.*, Case No. 19-cv-01170 (S.D. Tex.), Docket No. 18 (dismissing ADA complaint with prejudice for failure to state a claim); *Strojnik v. Swantown Inn & Spa LLC*, Case No. 18-cv-1831 (W.D. Wash.), Docket No. 12 (dismissing complaint with prejudice and noting "Strojnik's history of predatory, unethical filings and hard-to-believe assertions"); *Strojnik v. Hotel Circle GL Holdings, LLC*, 19-cv-01194 (granting motion to dismiss for lack of standing); *Strojnik v. Four Sisters Innds, Inc.*, 19-cv-02991 (C.D. Cal.) (dismissing complaint with prejudice for lack of standing). Of particular note, the District of Nevada noted Strojnik's practice of filing "[t]emplate complaints filled with non-specific allegations." *Advocates for Individuals With Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 893 (D. Ariz. 2017). That court characterized Strojnik's litigation as "extortionate" and "ethically suspect." *Id.* at 893, 897. The running theme in these cases does nothing to assuage the court's concerns that Strojnik's copy-and-paste complaints are intended to intimidate ADA defendants into prompt settlements rather than to vindicate the rights

3

of people with disabilities.

Based on these concerns, the court ordered Strojnik to provide information about his ADA litigation in this district. [Docket No. 40.] Strojnik's objections to that order are not well taken. The court is not, as Strojnik claims, shifting the burden on him to prove that he is not a vexatious litigant. Rather, the court is complying with its obligation to review the vexatious litigant motion with a full understanding of the pertinent facts. *See De Long*, 912 F.2d at 1147. The information the court ordered from Strojnik is not within Andaz Napa's ability to provide, such as Strojnik's process for preparing and reviewing his complaints. Strojnik's objection based on the confidentiality of his settlement agreements is also meritless. The court did not ask Strojnik to give specific settlement amounts for specific cases; rather, the court ordered Strojnik to provide the total amount of money he has recovered in settlement, as well as the average across his cases. This information is not tied to any specific case or settlement agreement. Finally, Strojnik responded to some of the court's requests in a footnote. These responses are inadequate; the court ordered Strojnik to "*explain* [his] process for drafting his complaints." Strojnik's single-word responses do not comply with the clear intent of the order to elicit a narrative response.

For all of the reasons stated above, Strojnik is ordered to fully comply with the court's order of October 29, 2019. He must provide specific, separate, detailed responses to each of the court's questions, including a detailed narrative explaining his process for drafting and reviewing complaints. Strojnik must provide all of the requested information by no later than April 6, 2020.

Failure to comply with this order will result in sanctions.

**IT IS SO ORDERED.**

Dated: March 19, 2020

_____
Donna M. Ryu
United States Magistrate Judge

4