Peter Strojnik (Sr.)
7847 N. Central Ave.
Phoenix, Arizona 85020
Telephone: (602) 524-6602
PS@strojnik.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

PETER STROJNIK,

    Plaintiff,

vs.

IA LODGING NAPA FIRST LLC, DBA ANDAZ NAPA,

    Defendant.

Case No: 4:19-cv-03983-DMR

**PLAINTIFF'S RESPONSE TO COURT'S QUESTIONS 1-4 [40]**

Plaintiff responds to Court's Questions [40] as follows:

**QUESTION 1:**

How many ADA cases has Strojnik filed in the Northern District of California? How many ADA cases has he filed in California? For each case, provide the following information:

    a. A detailed description of the alleged barriers, including the date(s) that Strojnik encountered the barriers;

    b. Details regarding any investigation Strojnik performed regarding the alleged barriers, such as visiting a site and/or personally taking photographs, as well as the dates of the investigations;

    c. Whether Strojnik dismissed the case voluntarily before any court action, and if so, the reason for dismissal (e.g., settlement);

d. Whether the complaint(s) was challenged on a motion to dismiss, and if so, whether any portion of the motion was granted and on what basis;

   e. Whether any of the cases have been tried on the merits.

**ANSWER:**

Please see attached spreadsheet.

   a. The barriers are described in detail s indicated in the attached Exhibits.

   b. Strojnik conducts all accessibility investigations personally. See Exhibits.

   c. Please refer to Exhibit 1.

   d. Please see Exhibit 1. There are particularly 2 defense counsel (Warren, Stillman) who file Motions to Dismiss as a matter of course. While Strojnik does not believe that any of the complaints are subject to dismissal, he nonetheless either (1) files an amended complaint to resolve Defense's concerns, or (2) responds to the Motion.

   California District Courts have issued conflicting decisions on the sufficiency of *CREEC* based Complaints *See, e.g., Johnson v. Alhambra & O Associates* (2019 E.D. Cal. 2:19-cv-00103 at Dkt. 15), *Strojnik v. The Victus Group* (E.D. Cal. 1:18-cv-01620 at Dkt. 15), and ***Strojnik v. GF Carneros Tenant, LLC (N.D. Cal. 3:19-cv-03583 at Dkt. 28)***[1]. Where the Court disagrees, Strojnik appeals:

| Case | Dist. Ct. No. | Appeal No. |
|---|---|---|
| *Strojnik v. Singpoli Group, LLC* | Central 2:19-cv-00066 | 19-55310 |
| *Strojnik v. Four Sisters Inns* | Central 2:19-cv-02991 | 19-56523 |
| *Strojnik v. Orangewood, LLC* | Central 8:19-cv-00946 | 20-55162 |
| *Strojnik v. Pasadena Robles Acquisition, LLC* | Central 2:19-cv-02067 | 19-56037 |

   e. No cases have been tried on the merits.

**QUESTION 2:**

What is the total amount of money Strojnik has recovered in settlements of his ADA cases filed in this district? What is the average recovery in those cases?

---
[1] This is a ND District Case.

2

**ANSWER:**

Please see attached spreadsheet, Exhibit 1.

**QUESTION 3:**

What is the total amount of money Strojnik has recovered in settlements of his ADA cases filed in California? What is the average recovery in those cases?

**ANSWER:**

Please see attached spreadsheet, Exhibit 1:

| Total Settlement /Judgment Recovery for 117 cases | $249,079 |
|---|---|
| (Filing and Service Fees) | (55,960) |
| ($58,000 investigative fees) | (58,000) |
| (Equipment, paper, mailing, printing costs at $465 per case) | (5,800) |
| (Travel Costs Averaged at $450 per hotel) | (52,000) |
| **NET FROM SETTLEMENTS FOR 117 CASES** | **$77,119** |
| **NET PER CASE** | **$664.81** |

Also of note is that in the past several years Strojnik has donated $1.2M± of his ADA fees to a 501(c)(3) organization for the disabled.

**QUESTION 4:**

Explain Strojnik's process for drafting his complaints, including the following information:

    a. Does Strojnik tailor each complaint to the specific facts of a case?

    b. Who assists in preparing his complaints?

    c. Does he personally review each complaint before it is filed to ensure its accuracy?

    d. Does he personally take the photographs he attaches to his complaint? If not, who does?

**ANSWER:**

Strojnik has carefully studied the 9th Circuit Court of Appeals decision *Civil Rights Educ. & Enforce. Ctr. V. Hosp. Properties Trust*, 867 F.3d 1093, 1098 (9th Cir. 2017) and the cases cited therein, particularly regarding the jurisdictional and standing requirements. Plaintiff then reviews the facts applicable to the jurisdictional standing in ADA cases and incorporates them into a Complaint. Strojnik further reviews the pre-filing due diligence report and incorporates the factual matters documented in the pre-filing DD Report into the Complaint.

a. Yes.

b. No one.

c. Yes. Each Complaint is personally prepared and reviewed by Strojnik who strives that any complaint is factually indisputable through photographic evidence.

d. Yes or as otherwise indicated in the Pre-Filing Due Diligence Report, e.g., when the Complaint alleges violations of 28 C.F.R. 36.302(e). If the photographs come from a different source, such as a website, the source of the photographs is indicated in the Complaint. Strojnik's current practice is, and continues to be, to personally visit the public accommodation and personally experience barriers to accessibility and documents the same with personally taken photographs.

DATED this 21st day of March, 2020.

**PETER STROJNIK**

Peter Strojnik
Plaintiff

FILED AND SERVED THROUGH PACER