BUCHALTER
A Professional Corporation
TRACY A. WARREN (SBN: 228013)
ERIC KENNEDY (SBN: 228393)
RICK A. WALTMAN (SBN: 306463)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Tel.: 213.891.0700
Fax: 213.896.0400
Email: twarren@buchalter.com
ekennedy@buchalter.com

Attorneys for Defendant IA Lodging Napa First LLC, dba Andaz Napa

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK (SR.),<br><br>Plaintiff,<br><br>VS.<br><br>IA LODGING NAPA FIRST LLC DBA ANDAZ NAPA,<br><br>Defendant. | Case No. 4:19-cv-03983-DMR<br><br>**DEFENDANT IA LODGING NAPA FIRST LLC, DBA ANDAZ NAPA'S NOTICE OF MOTION AND MOTION FOR AN ORDER HOLDING PLAINTIFF IN CONTEMPT AND FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Pursuant to Fed. R. Civ. P. 11, 18 U.S. Code §401, 28 U.S.C. §1651,** *inter alia*<br><br>Hearing Date: June 25, 2020<br>Time: 1:00 p.m.<br>Judge: Hon. Donna M. Ryu |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that, on June 25, 2020 at 1:00 p.m., or as soon thereafter as the motion may be heard by the Honorable Donna M. Ryu in Courtroom 4 of the United States District Court for the Northern District of California at 1301 Clay Street, Oakland, California 94612, Defendant IA Lodging Napa First LLC, dba Andaz Napa ("Defendant") will move for an order holding Plaintiff Peter Strojnik ("Strojnik" or "Plaintiff") in contempt and issuing sanctions against him.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

DEFENDANT'S NOTICE OF MOTION
AND MOTION FOR CONTEMPT AND SANCTIONS

Case No. 4:19-cv-03983-DMR

1  This Motion is brought pursuant to the Court's inherent powers, 18 U.S. Code Section 401,
2  Federal Rule of Civil Procedure 11, and 28 U.S.C. §1651.  Defendant moves on the grounds that
3  Plaintiff Strojnik intentionally violated the court's order to submit a declaration by November 30,
4  2019 Dkt. 40, and instead filed another frivolous complaint to harass Defendants, abuse the judicial
5  process, and delay the Court's decision on the pending vexatious litigant motion against Strojnik.
6  This Motion is based upon the following Memorandum of Points and Authorities, the pleadings on
7  file, and any oral arguments held by the Court.  A Proposed Order has also been lodged with the
8  Court.

9  DATED:  March 23, 2020                    BUCHALTER
                                              A Professional Corporation
10

11
                                          By:   s/ Tracy A. Warren
12                                               TRACY A. WARREN
                                                 ERIC KENNEDY
13                                               RICK A. WALTMAN
                                          Attorneys for Defendant IA Lodging Napa First
14                                                    LLC, dba Andaz Napa

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On October 29, 2019, after a hearing on Defendant's motion to declare Plaintiff Peter Strojnik a vexatious litigant, this Court issued an Order requiring Strojnik to file a verified declaration with supplemental information concerning his serial ADA practice, no later than November 30, 2019. Dkt. 40. To date, Strojnik has failed to file any such declaration. Instead, since the Court's October 29 Order, Strojnik proceeded to file an additional **33** new frivolous, extortionate ADA lawsuits; **9** of which were filed in the Northern District of California and look a lot like this one.[1] Request for Judicial Notice ("RJN") Exh. 1; *see e.g., Strojnik v. Portola Hotel, LLC*, No. 19-cv-07579 (N.D. Cal. Nov. 18, 2019). In this action, Strojnik filed a First Amended Complaint ("FAC") rather than the declaration he was ordered to file. He did so because he sought to avoid the Court's determination of Defendant's pending vexatious litigant motion, and to force Defendant and the Court to address his FAC without the benefit of the Court-ordered information.

Strojnik's flagrant disregard of the Court's orders is harmful to this proceeding, Defendant, and the judicial system generally. It also illustrates Strojnik's motives and lacking credibility with respect to every pleading he files in federal court. This Court should not tolerate Strojnik's intentional non-compliance with its orders, clear disdain for the Court's authority, or his continued vexatious litigation tactics. Defendant asks this Court to hold Strojnik in contempt, declare him a vexatious litigant, dismiss his lawsuit, and require him to pay Defendant's attorney's fees.

## II. FACTUAL BACKGROUND

On August 6, 2019, Defendant filed a Motion to Dismiss and a Motion for an Order Declaring Strojnik a Vexatious Litigant. Dkts. 7 & 8. The Court held a hearing on October 24, 2019, during which it ordered Strojnik to file a declaration with supplemental information to assist the Court in ruling on Defendant's vexatious litigant motion. *See* Dkt. 39. The Court then issued a written order to this effect on October 29, 2019, stating that Strojnik was required to file a verified declaration that addressed all of his ADA cases filed in California, no later than November 30,

---

[1] This amounts to **_117_** ADA cases that Strojnik has filed in California federal courts since April 2018, which does not include the 31 ADA cases he has filed in other states. *See* Declaration of Tracy Warren ("Warren Decl."), ¶ ___.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

3

DEFENDANT'S NOTICE OF MOTION
AND MOTION FOR CONTEMPT AND SANCTIONS

Case No. 4:19-cv-03983-DMR

2019. Dkt. 40. While Strojnik has subsequently filed other documents in the case, including his FAC on February 25, 2020, and over 30 other lawsuits in other courts, he has failed to file any such declaration, or made any other effort to comply with the Court's Order to date. RJN Ex. 1.

### III. STROJNIK SHOULD BE HELD IN CONTEMPT FOR HIS FAILURE TO COMPLY WITH THE COURT'S ORDER

Strojnik intentionally and shamelessly continues to defy this Court's October 29, 2019 order Dkt. 40, and should be held in contempt. A Court may hold a party in civil contempt when the party has displayed "disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993); *see* 18 U.S.C. §401. A district court "has wide latitude in determining whether there has been a contemptuous def[ianc]e of its order." *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992) (internal quotation marks omitted). A party's behavior "need not be willful" to justify a finding of civil contempt. *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987). The Ninth Circuit has made clear that "there is no good faith exception to the requirement of obedience to a court order." *Dual-Deck*, 10 F.3d at 695; *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) ("it matters not with what intent the [contemnor] did the prohibited act"). "Substantial compliance" is a defense to civil contempt that exists where there are a few minor violations despite the fact that "every reasonable effort has been made to comply." *Id.* (citing *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1378- 79 (9th Cir. 1986).

To establish civil contempt, the moving party must establish by clear and convincing evidence that the commanded party violated a specific order of the court. *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting *Stone*, 968 F.2d at 856 n.9). The burden then shifts to the commanded party to demonstrate why he was unable to comply. *Id.* Good faith – or the absence thereof – "may help to determine an appropriate sanction." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1802 (2019) (discussing *McComb*, where "persistent contumacy" justified sanctioning the contemnor).

Here, it is undisputed that Strojnik has failed to comply with the Court's order Dkt. 40 to

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

4

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 4:19-cv-03983-DMR

file a verified declaration regarding his serial ADA filings in California no later than November 30, 2019.  Nearly five months has passed, and Strojnik has yet to file any such declaration or make any other effort to comply with the Court's Order for supplemental information.  Instead, a search of pacer.gov reveals that Strojnik has filed an additional 33 new ADA cases since the Court's Order on October 29, 2019 – 9 specifically in this District – all of which contain almost identical copy-past allegations as compared to this case.

Strojnik's blatant disregard for Court orders is nothing new.  He was a former lawyer of significant notoriety in Arizona who was suspended and subsequently disbarred from the practice of law in Arizona as a result of his serial, unethical ADA filings.  Not deterred, Strojnik began filing ADA lawsuits as an in pro per plaintiff in various other states, including California.  As one Court in the Central District recently noted: "Rather than being a befuddled pro se litigant . . . [Strojnik] is an experienced litigator who appears to have altered his business model to work around the loss of his license."  *Strojnik v. Singpoli Grp.*, LLC, 2019 U.S. Dist. LEXIS 24494, at *3-4 (C.D. Cal. Feb. 14, 2019).  His notoriety has also been catching up with him in other districts as well.  In fact, a Court in the Eastern District of California recently dismissed one of his ADA lawsuits based on his repeated failure to comply with court orders:

> [Strojnik] has failed to serve the action or take any action to prosecut[e] this case, **despite being ordered by the Court to do so** . . . This Court cannot, and will not hold, this case in abeyance based upon the **plaintiff's failure to comply with the Court's orders** and failure to take action to continue prosecution in a timely manner . . . **Given the plaintiff's** failure to prosecute the action and **failure to comply with the Court's orders**, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

*Strojnik v. Integrated Capital, LLC, et al.*, No. 19-cv-01099-DAD-JLT, Dkt. 10 at 2 (E.D. Cal. Dec. 9, 2019); *see also Strojnik v. Best Western Bakersfield North,* No. 19-cv-01096-DAD-JLT, Dkt. 12 (E.D. Cal. Dec. 6, 2019) ("This action was filed in August 2019 . . . and **despite the passage of four months and the explicit order of the Court** that [Strojnik] timely serve the defendant . . . **he has filed to do so**.") (internal citations omitted).

A court in this District also recently warned of Strojnik's "questionable behavior," noting: "**Strojnik's behavior has been questionable since this case's inception**.  I am taking note of [his]

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

5

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 4:19-cv-03983-DMR

behavior. I will not award sanctions at this time, but I will consider this conduct in any future motion if his litigation performance does not substantially improve. I expect better." *Strojnik v. VY Verasa Commercial Company LLC, et al.*, No. 19-cv-02556-WHO, Dkt. 31 at 4 (N.D. Cal. Nov. 12, 2019).

Based on the foregoing, Strojnik's failure to comply here with the Court's Order for supplemental information cannot be tolerated. There is no excuse for his lack of compliance. He had no trouble filing several other documents in this case and many others when he saw fit, including his FAC, which suffers from the same pleading deficiencies as the original frivolous Complaint. It is clear that Strojnik's pattern and practice of filing frivolous ADA lawsuits and not complying with court orders will only continue absent intervention by this Court. The Court should hold Strojnik in contempt, and issue sanctions against him, including declaring him a vexatious litigant and ordering him to pay Defendant's attorney's fees.

## IV.   SANCTIONS WARRANTED FOR STROJNIK'S LACK OF COMPLIANCE

### A.   The Court Should Sanction Plaintiff Under Federal Rule 11

The Court should sanction Strojnik for filing another frivolous complaint in this case after intentionally ignoring the Court's order to submit a declaration supporting his right to file such a complaint in the first place. A Court can issue sanctions under Federal Rule of Civil Procedure 11(b) where an attorney has submitted motions or other papers that are submitted for any improper purpose, such as to harass or cause unnecessary delay.[2] "The central purpose of Rule 11 is to deter baseless filings." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 254 (9th Cir. 1992) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)).

Rule 11 sanctions can include nonmonetary directives, an order to pay a penalty into the Court, attorneys' fees, striking of the offending pleadings, requiring participation in educational programs, referring to disciplinary authorities, and any other sanction within the court's power that would serve the purpose of deterring further harassing, frivolous, or otherwise improper filings.

---

[2] The Court can issue such sanctions based on a party's motion or on its own initiative. Whichever route the Court takes here, Defendant emphasizes that Strojnik has been on notice and is well aware of his non-compliance with the Court's order to submit a declaration by November 30, 2019.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

6

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 4:19-cv-03983-DMR

1  Fed. R. Civ. P. 11(c)(4) (see 1993 Advisory Committee Notes for further discussion of the wide range of that might deter violations of Rule 11); *Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548 (9th Cir. 1986) (affirming an award of non-monetary sanctions and attorney's fees under Rule 11); *Ace Am. Ins. Co. v. Bennett & Co.*, Civil Action 00-D-782-N, 2000 U.S. Dist. LEXIS 15858, at *5 (M.D. Ala. Oct. 26, 2000) (striking answer under Rule 11 where it denied all allegations, including those of venue and jurisdiction); *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, No. 99 Civ. 10175 (JSM), 2002 U.S. Dist. LEXIS 491, at *27-28 (S.D.N.Y. Jan. 16, 2002) (requiring dissemination of the district court's opinion to each lawyer in the represented firm, accompanied by a memorandum regarding ethics); *Mendez v. Correctional Officer Draham*, 182 F. Supp. 2d 430, 431 (D. N.J. 2002) (admonishing often-sanctioned attorney and stating that if sanctionable complaint was not brought into compliance the matter would be referred to disciplinary authorities); *Williams v. Balcor Pension Investors*, No. 90 C 0726, 1995 WL 23061, at *2 (N.D. Ill. Jan. 17, 1995) (imposing monetary sanctions and lamenting that "reprimand and admonition have lost force even when uttered by judges").

Federal Courts evaluate whether a filing has been made with an improper purpose by looking at the facts of the case, the reasonableness of the pleadings, and the circumstances in which the pleading was filed. *Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1142 (9th Cir. 1990) (applying objective standard based on circumstances of filing); *Murphy v. Business Cards Tomorrow, Inc.*, 854 F.2d 1202, 1205 (9th Cir. 1988). Courts have found that a pleading or motion is interposed to harass the opposing party when it merely repeats previously unsuccessful claims against the same defendant. *See G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1110 (9th Cir. 2003); *Coats v. Pierre*, 890 F.2d 728, 734 (5th Cir. 1989); *Brenda R. v. Aurora E. Sch. Dist. 131*, No. 03 C 3423, 2003 U.S. Dist. LEXIS 20276, at *6 (N.D. Ill. Nov. 4, 2003) ("[Plaintiff's] continuous filing of frivolous litigation against the District is done for no purpose other than harassment."). Courts also often consider the history of the litigation, and find a filing to have been filed for an improper purpose where it follows an established pattern of groundless claims. *See Tarkowski v. County of Lake*, 775 F.2d 173, 176 (7th Cir. 1985) (history of unfounded litigation establishes prima facie entitlement to attorneys' fees). *See also Liptak v. Former State Judge Paul*

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

7

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 4:19-cv-03983-DMR

*Banner*, No. 3:01-CV-0953-M, 2002 U.S. Dist. LEXIS 940 (N.D. Tex. Jan. 18, 2002) (injunction against further suits on same facts appropriate because of pattern of prior suits); *Pelletier v. Zweifel*, 921 F.2d 1465, 1520 (11th Cir. 1991) (affirming sanctions award where suit was brought for purposes of harassing and ***forcing a quick settlement***). Rule 11 also prohibits the improper purpose of causing delay. *Kapco Mfg. Co. v. C & O Enters*., Inc., 886 F.2d 1485, 1492 (7th Cir. 1989) (even without express intent to delay, finding an improper purpose when party benefits from delay caused by their deliberate choice to ignore court-established procedures).

Here, Strojnik intentionally ignored the Court's order to submit a declaration by November 30, 2019 to help the court's determination of whether Strojnik should be declared a vexatious litigant. He ignored this order because an order declaring him a vexatious litigant would require him to seek court approval before filing such complaints. Rather than comply with the order, he filed his FAC, along with 33 almost identical cases to extract quick settlements out of defendants across the state. As discussed at length in Defendant's pending Motion to Dismiss Dkt. 51, Strojnik's FAC does not resolve the problems of his first frivolous Complaint.

Strojnik's tactic of ignoring the Court's order and instead filing his FAC is harassing, and intended only to delay adjudication of the pending vexatious litigant motion. This delay benefits Strojnik because it allows him to continue filing other frivolous lawsuits, and to have a second bite at the apple here without restriction. As a result, Defendant was forced to respond to another one of Strojnik's frivolous complaints in this lawsuit (and numerous others in this district and others) without the benefit of the court-ordered information that weigh on the key issues of Strojnik's credibility and proffered intentions. At the very least, Defendant should be reimbursed for fees and costs incurred since November 30.

Strojnik's decision to reject the Court's order and instead file another frivolous complaint in this matter constitutes harassment, intentional delay, and an abuse of the judicial process. These intentional, bad-faith, obstructionist acts are improper, and warrant sanctions under Rule 11.

**B.    The Court Should Use Its Inherent Power to Curb Plaintiff's Litigation Abuses**

Regardless of whether the Court holds Strojnik in contempt or issues sanctions pursuant to Rule 11, the Court should use its inherent power to appropriately sanction Strojnik as a result of his

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

8

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 4:19-cv-03983-DMR

continued abuses of, and disdain for, the judicial system. District courts have the inherent power to impose sanctions for a "full range of litigation abuses." *Chambers v. NASCO, Inc*., 501 U.S. 32, 55 (1991) (citations omitted). "[A] district court may levy sanctions pursuant to its inherent power for 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) (quoting *Fink v. Gomez*, 239 F.3d 989, 989 (9th Cir. 2001)). However, "a 'willful' violation of a court order does not require proof of mental intent such as bad faith or an improper motive, but rather, it is enough that a party acted deliberately." *Id*. The Court's inherent power to sanction includes orders declaring a party a vexatious litigant, ordering attorney's fees, dismissal, or any other reasonable sanction catered to the conduct at issue.[3] *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir. 2004) (per curiam) (courts can award attorney's fees and assess fines); *Lyell Theatre Corp. v. Loews Corp*., 91 F.R.D. 97, 104-106 (W.D.N.Y. 1981) (dismissing lawsuit with prejudice due to intentional delay); *Molski v. Evergreen Dynasty, Corp*., 500 F.3d 1047, 1056-57 (9th Cir. 2007) (inherent powers include sanction of declaring a party a vexatious litigant).

The Supreme Court has broadly defined "inherent power," stating that it consists of "certain implied powers [necessarily given to the] Courts of justice from the nature of their institution . . . which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citations omitted). "[F]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Molski*, 500 F.3d at 1057 (*quoting De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir.1990)).

As this Court noted in its most recent order in this matter:

> A litigant who mills out generic complaints that do not meet pleading standards, knowing that either the case will settle without reaching the merits or that

---

[3] As with the above sanctions, the Court may award such sanctions against Strojnik even though he is a pro se litigant. *See Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990); Yan v. Lei, No. 11-cv-01814-RS (JSC), 2018 U.S. Dist. LEXIS 44823, at *1-3 (N.D. Cal. Mar. 19, 2018) (finding sanctions warranted where pro se plaintiff "unreasonably and vexatiously" multiplied the proceedings, including "when he blatantly violated the Court's Order that he produce his tax returns and the other documents reviewed in camera.").

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

9

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 4:19-cv-03983-DMR

the court will grant leave to amend, is abusing the judicial process. Such a litigation strategy wastes the resources of the court, which must repeatedly rule on the same pleading issues. It also imposes unjustified costs on parties who are forced to defend loosely pleaded complaints that do not allege specific facts about their misconduct. Most concerning, the mere fact of filing a lawsuit (regardless of its pleading sufficiency) may pressure defendants into settling what might be meritless claims rather than incur the considerable time and resources required to retain counsel and mount a defense.

Dkt. 55. Strojnik's decision to reject the Court's order and instead file another frivolous complaint in this matter constitutes harassment, intentional delay, and an abuse of the judicial process. Moreover, Strojnik has abused this Court's good will. His improper actions and FAC warrant substantial sanctions to deter further abuse and obstruction. Defendant asks this Court to declare Strojnik a vexatious litigant,[4] dismiss his offending FAC, refer him to disciplinary authorities including the state Attorney General's office, and order him to pay Defendant's costs and fees in defending this frivolous action. These sanctions would deter Strojnik from filing similarly frivolous complaints in the future, and would encourage him to start respecting court orders. Short of these sanctions, Strojnik will be undeterred.

## V.  CONCLUSION

For the above reasons, Defendant requests this Court hold Plaintiff Strojnik in contempt, and issue appropriate sanctions against him.

DATED: March 23, 2020

BUCHALTER
A Professional Corporation

By: *s/ Tracy A. Warren*
TRACY A. WARREN
ERIC KENNEDY
RICK A. WALTMAN
Attorneys for Defendant IA Lodging Napa First LLC, dba Andaz Napa

---

[4] If the Court does not declare Strojnik a vexatious litigant based on this Motion, it should consider Strojnik's flagrant disregard for the Court's orders when deciding the appropriateness of ordering Plaintiff a vexatious litigant pursuant to Defendant's pending vexatious litigant motion.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

10

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 4:19-cv-03983-DMR

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2020, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

By: *s/ Tracy A. Warren*
Tracy A. Warren

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

11

**DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT**

Case No. 4:19-cv-03983-DMR