BUCHALTER
A Professional Corporation
TRACY A. WARREN (SBN: 228013)
ERIC KENNEDY (SBN: 228393)
RICK A. WALTMAN (SBN: 306463)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Tel.: 213.891.0700
Fax: 213.896.0400
Email: twarren@buchalter.com
        ekennedy@buchalter.com

Attorneys for Defendant IA Lodging Napa First LLC, dba Andaz Napa

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK (SR.),<br><br>Plaintiff,<br><br>VS.<br><br>IA LODGING NAPA FIRST LLC DBA ANDAZ NAPA,<br><br>Defendant. | Case No. 4:19-cv-03983-DMR<br><br>**DEFENDANT IA LODGING NAPA FIRST LLC, DBA ANDAZ NAPA'S REPLY IN SUPPORT OF MOTION FOR AN ORDER HOLDING PLAINTIFF IN CONTEMPT AND FOR SANCTIONS**<br><br>**Pursuant to Fed. R. Civ. P. 11, 18 U.S. Code §401, 28 U.S.C. §1651,** *inter alia*<br><br>Hearing Date: June 25, 2020<br>Time:          1:00 p.m.<br>Judge:         Hon. Donna M. Ryu |

1. Plaintiff Strojnik's Response to Defendant's Motion for Contempt and for Sanctions ("Motion") offers no argument for why he should not be sanctioned. He provides no explanation for why he ignored this Court's order [Dkt. 40] for four months, or why his actions demonstrate anything other than manifest disregard for the Court's authority. He does not, for example, claim that he forgot to file the declaration ordered by the Court, that he mis-calendared the declaration date, or that he had any good faith basis to disobey the court's order and instead revive his frivolous action. He should be sanctioned accordingly.

Instead of offering any explanation for his non-compliance, Strojnik admits that he did not even attempt to collect the information the Court required until after he received the Court's second order. Strojnik then simply points to a Magistrate order in *Strojnik v. GF Carneros Tenant, LLC* (N.D. Cal 3:19-cc-03583 at Dkt. 28) (*GF Carneros*) denying what Strojnik refers to as a "legally indistinguishable motion to dismiss." (Dkt. 60 at p. 2). Strojnik offers no analysis or argument. And it is easy to see why— the *GF Carneros* decision directly contradicts this Court's previous order denying Strojnik's initial identical complaint [Dkt. 1] and the orders of many other District Courts that Strojnik has not even attempted to address in this litigation. Defendant previously brought most of these other District Court decisions to this Court's attention. (*See* Dkt. 51, pp. 7-8; Dkt. 59, pp. 2, 4-5.)

In addition, a recent March 27, 2020 order from the Eastern District of California rejected a Magistrate recommendation akin to the *GF Carneros* order, and opted to dismiss Strojnik's case ***sua sponte*** based on his failure to establish standing and subject matter jurisdiction. *See Strojnik v. Victus Grp., Inc.*, 2020 U.S. Dist. LEXIS 54117 (E.D. Cal. March 27, 2020) (*Victus*). The *Victus* court dismissed Strojnik's complaint because he, like here, failed to "plausibly demonstrate discriminatory barriers" with his vaguely captioned photographs, failed to specify how his "specific disability was affected by any of the alleged barriers," and failed to credibly allege a genuine intent to return. *Id.* at *7-10. The *Victus* Court also

declined to exercise supplemental jurisdiction over Strojnik's complaint because the state law claims "substantially predominate over the single ADA claim given the "amount and nature of the total relief requested." *Id.* at *9.[1]

Critically, the District Court declined to adopt the Magistrate's recommendations, issued in September 2019, because the "body of case law had not developed by the time the F&R was issued, and thus, was not available to the Magistrate Judge."[2] *Id.* at n. 1. That same argument applies to the November 2019 magistrate decision from *GF Carneros*, which is clearly an outlier. And, even if it were not, *GF Carneros's* existence does not somehow justify Strojnik's blatant refusal to comply with this Court's October 2019 order until the Court was required to recently reiterate the order.

Even assuming the *Strojnik v. GF Carneros Tenant, LLC* magistrate decision was not outweighed by **many** District Court decisions dismissing identical cases to this one, Strojnik's reference to the single *GF Carneros* decision does not have any bearing on whether he complied with the court's order or improperly filed his FAC

---

[1] Although the *Victus* Court gave Strojnik leave to amend his ADA claims, it held that Strojnik cannot include the state law claims in his amended complaint. Defendant anticipates that Strojnik will not file an amended complaint in *Victus* because he now has no monetary damages with which to extract a quick cash settlement.

[2] The Victus Court noted that "Strojnik has filed many similar complaints alleging accessibility problems with various hotels, including architectural barriers and websites problems. E.g. *Strojnik v. San Diego Farah Partners, L.P.*, 2020 U.S. Dist. LEXIS 36536 (S.D. Cal. Mar. 2, 2020); *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 32075 (N.D. Cal. Feb. 25, 2020); *Strojnik v. Bakersfield Convention Center Hotel I, LLC*, 2020 U.S. Dist. LEXIS 16339 (E.D. Cal. Jan. 30, 2020); *Strojnik v. Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743 (C.D. Cal. Jan. 22, 2020); Strojnik v. Resort at Indian Springs, Inc., 2019 U.S. Dist. LEXIS 218559 (N.D. Cal. Dec. 19, 2019); *Strojnik v. Four Sisters Inns, Inc.*, 2019 U.S. Dist. LEXIS 212094 (C.D. Cal. Dec. 9, 2019); *Strojnik v. Hotel Circle GL Holdings*, 2019 U.S. Dist. LEXIS 202591 (E.D. Cal. Nov. 21, 2019); *Strojnik v. 1315 Orange LLC*, 2019 U.S. Dist. LEXIS 185481 (S.D. Cal. Oct. 25, 2019); *Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070 (C.D. Cal. Aug. 14, 2019). These cases involve an alleged lack of details about the accessibility features of the hotel, as well as pictures of online photos of various aspects of the hotels/rooms that allegedly constitute ADA barriers. In each of the above cases, it was concluded that Strojnik had failed to allege standing under the ADA. The Court agrees with the analyses of the above courts."

as discussed in Defendant's Motion. Strojnik completely fails to respond to Defendant's Motion and the arguments for why he should be sanctioned.

      This Court should not tolerate Strojnik's intentional non-compliance with its orders, clear disdain for the Court's authority, or his continued vexatious litigation tactics. Defendant asks this Court to hold Strojnik in contempt, declare him a vexatious litigant, dismiss his lawsuit, and/or require him to pay Defendant's attorney's fees.

DATED: March 31, 2020        BUCHALTER
                                        A Professional Corporation

By: *s/ Tracy A. Warren*
      TRACY A. WARREN
      ERIC KENNEDY
      RICK A. WALTMAN
      Attorneys for Defendant IA Lodging
      Napa First LLC, dba Andaz Napa

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2020, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

By: *s/ Tracy A. Warren*
Tracy A. Warren

**REPLY IN SUPPORT OF MOTION FOR CONTEMPT AND SANCTIONS**   Case No. 4:19-cv-03983-DMR

BN 40101812v1

Buchalter
A Professional Corporation
Los Angeles